## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ADLIFE MARKETING                :
COMMUNICATIONS COMPANY, INC.,  :
          Plaintiff,            :
                                :
vs.                              :
                                :
KARNS PRIME AND FANCY FOOD,    :
LTD. AND AD POST GRAPHICS     :   Civil Action No.:
MEDIA MARKETING, INC.        :   1:19-CV-01638-YK
          Defendants,      :
vs.                              :
                                :
FRY COMMUNICATIONS, INC.,     :
       Third-Party Defendant.    :

## BRIEF IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

### I.    MATTER BEFORE THE COURT

Defendant's Motion for Partial Summary Judgment.

### II.    QUESTION PRESENTED

1.    Should the Court grant summary judgment where Plaintiff had a full and fair opportunity to take discovery, the discovery deadline is passed, and Plaintiff lacks the evidence necessary to carry its burden of proof on actual damages or profits under 17 U.S.C. §§ 504(a)(1) and (b)?

    **Suggested Answer:**    **Yes.**

{W1119461.1}

## II.   CONCISE SUMMARY

This is an alleged Copyright Infringement action purporting to arise under the Copyright Act, 17 U.S.C. §§ 101 et seq. Plaintiff's Counsel has filed approximately 2,500 copyright infringement cases since 2015 and according to the PACER case locater, since March 13, 2020, he has filed 303 copyright infringement lawsuits. Plaintiff itself has initiated or been involved in approximately 80 copyright-related cases since 2013, with 19 filed in 2020 alone.  It is alleged in Plaintiff's complaint that it owned a copyright on certain photos, and that these photos were used in Defendant Karns' advertisements, in violation of the Copyright Act. However, Plaintiff did not attach to the Complaint, filed September 23, 2019, copies of the relevant copyright registrations. During the discovery period of this lawsuit, Karns make specific requests for proof that the Plaintiff actually owned the Copyrights alleged in the Complaint and for proof of Plaintiff's damages. For the duration of the discovery period, however, Plaintiff did not produce a single document, and asserted boilerplate objections in response to Karns' Interrogatories, with the result being that Plaintiff did not obtain or produce any evidence of its claims during the fact discovery period.

Nevertheless, a minute after the close of the discovery deadline, at 12:01 AM on August 5, 2020, Plaintiff's counsel produced several hundred pages of documents. See **Exhibit "G"** to Karns' Motion for Partial Summary Judgment.

Noticeably absent from the Plaintiff's document production, however, was any evidence sufficient to sustain Plaintiff's claim for actual damages or profits under §§ 504(a)(1) and (b) of the Copyright Act. Therefore, because Plaintiff has had a full and complete opportunity to engage in discovery, and indeed, refused to produce evidence specifically requested by Karns, Plaintiff's claims for actual damages and profits under §§ 504(a)(1) and (b) should be dismissed.

Plaintiff's failure to produce the evidence necessary to sustain its claims for damages is inexcusable, and indeed, any excuse Plaintiff may give should be taken with great circumspection. This Court may take judicial notice of ECF no. 29, and its Appendix, which details a litany of cases (at least 40), in which the same counsel who represents Plaintiff in the instant matter, attorney Richard Liebowitz, has been found to engage in dilatory and more inappropriate copyright litigation misconduct. In some of those cases, Plaintiff's counsel, who has not undertaken any steps to become admitted as a member of this Court's bar, was found to have misrepresented the truth to the court by stating that a certain photo was included in a certain copyright registration, when this was not true, and then attempted to cover up this misrepresentation by lying to the court, sometimes while under oath in the court's presence. See ECF no. 29 at internal pages 38 – 41; see also Rock v. Enfants Riches Deprimes, LLC, No. 17-cv-2618 (ALC), 2019 U.S. Dist. LEXIS 47127, at *6

(S.D.N.Y. Mar. 21, 2019) (noting that Attorney Liebowitz initiated a copyright infringement suit even though the photo at issue was never registered).

Moreover, Plaintiff knew exactly what evidence was required to sustain its burden of proof on a claim for actual damages and profits under the Copyright Act. See Chevrestt v. Barstool Sports, Inc., No. 20-CV-1949 (VEC), 2020 U.S. Dist. LEXIS 81548, at *6 n.4 (S.D.N.Y. May 8, 2020) (sanctioning Attorney Liebowitz for failing to produce proof of its actual damages). Moreover, it has been noted by Southern District of New York that Attorney Liebowitz has employed a "broader strategy to use the burdens of litigation to extract settlements, even in frivolous or unmeritorious suits." See ECF no. 29 at internal page 44 citing Otto v Hearst (internal citations omitted).

Therefore, the Plaintiff's failure to produce the evidence necessary to sustain its claim for damages under §§ 504(a)(1) and (b) is totally inexcusable, and Plaintiff should be held accountable for failing to obtain or produce any evidence to support its burden of proof.

## III.   STATEMENT OF FACTS AND PROCEDURAL HISTORY

Plaintiff initiated this matter by Complaint ("the Complaint") filed on September 23, 2019. See ECF no. 1. Plaintiff claimed that it owned a copyright on certain photos, and that these photos were used in Karns' advertisements in violation of the Copyright Act, 17 U.S.C. §§ 101 et seq. Plaintiff did not attach to the

complaint copies of the relevant copyright registrations. By Order Dated February 3, 2020 ("the CMO"), the Court established the case management deadlines for this matter. See ECF no. 16. Pursuant to the CMO, all fact discovery was ordered to be complete by August 4. 2020.

The only documents plaintiff has produced in discovery were produced at 12:01 AM on August 5, 2020, one minute after the discovery deadline passed. Summary judgment should now be granted to Karns on Plaintiff's claims for actual damages and profits under 17 U.S.C. § 504(a)(1) and (b) because Plaintiff has failed to obtain or produce any evidence supporting this claim, and therefore, Plaintiff will be unable to prove an element of its case, on which it bears the burden of proof at trial.

On December 23, 2019, Karns propounded Interrogatories and Requests for Production of Documents ("Karns' Discovery") on Plaintiff. See **Exhibit "A"** to Karns' Motion for Partial Summary Judgment. Karns specifically requested copies of the copyright applications and Registration Certificates for the copyrights Plaintiff claimed to own. Id. at Interrogatories, ¶¶ 3-4. On February 26, 2020, Plaintiff filed its answers and objections to Karns' Discovery. See **Exhibit "B"** to Karns' Motion for Partial Summary Judgment. Plaintiff failed to produce any copyright applications and/or Registration Certificates for the copyrights Plaintiff alleged in its Complaint that it owned. See id. Indeed, Plaintiff failed to produce any copyright applications

and/or Registration Certificates for the copyrights Plaintiff alleged in its Complaint that it owned, even after this Court entered a protective order. See id.

On March 13, 2020, Karns served supplemental interrogatories and requests for production of documents on Plaintiff ("Karns' Supplemental Discovery"). See Exhibit "C" to Karns' Motion for Partial Summary Judgment. On April 14, 2020, Plaintiff provided answers and objections to Karns' Supplemental Discovery. See Exhibit "D" to Karns' Motion for Partial Summary Judgment. Again, Plaintiff failed to supply any information to support the claims alleged in its Complaint against Defendant Karns.

Likewise, Plaintiff has been utterly indifferent to pursuing its own discovery. On December 24, 2019, Plaintiff served Interrogatories and Requests for Production of Documents (collectively, "Plaintiff's Discovery") on Karns. Since December 2019, Plaintiff never followed up on Plaintiff's Discovery, never asked about the status of Karns' answers, never sent a deficiency letter, and indeed, never did so much as send an email to the undersigned mentioning Plaintiff's Discovery. On July 31, 2020, Karns served its responses to Plaintiff's Discovery. See Exhibit "E" to Karns' Motion for Partial Summary Judgment. Karns objected to Plaintiff's Discovery on the basis of, inter alia, Plaintiff's complete failure to pursue this matter or to meaningfully engage in the discovery process, as evidenced by its meaningless and boilerplate objections to both sets of Karns' discovery.

Per the CMO, all fact discovery was to be complete by August 4, 2020. Even though the Plaintiff cannot maintain an action for copyright infringement without proving that the copyrights at issue were registered before the litigation began, Plaintiff refrained from producing documents that purport to be the Registration Certificates until after the discovery deadline expired, on August 5, 2020, at 12:01 AM, despite the fact that the Registration Certificates would have been in Plaintiff's possession at all times material hereto. A true copy of the referenced transmission email from Plaintiff's counsel, the Liebowitz Law firm, transmitting Plaintiff's document production, including the referenced Registration Certificates after the expiration of the discovery deadline, is attached to Plaintiff's Motion for Partial Summary Judgment as **Exhibit "G."**

There is no legitimate justification for Plaintiff's failure to produce the Registration Certificates before the expiration of the discovery deadline. Plaintiff agreed to the discovery deadline in the Court's Case Management Order and produced no substantive factual evidence before the discovery deadline passed, despite having an adequate opportunity to do so.  Nevertheless, even considering Plaintiff's untimely document production, Plaintiff has still failed to produce or obtain the evidence necessary to create a question of fact as to Plaintiff's entitlement to actual damages and profits under §§ 504(a)(1) and (b), and thus, Plaintiff's claim

for these damages on which it will bear the burden of proof at trial must fail and be

dismissed with prejudice.

Consequently, pursuant to applicable law, summary judgment should be

entered in Karns' favor, and Plaintiff's claims for actual damages and profits under

17 U.S.C. §S 504(a)(1) and (b) should be dismissed with prejudice. <u>Celotex Corp.</u>

<u>v. Catrett</u>, 477 U.S. 317, 322-23 (1986) (internal citations omitted).

## IV.   LEGAL ARGUMENT

### A.   Standard of Review

Federal Rule of Civil Procedure 56 allows a District Court to enter summary

judgment upon motion is "there is no genuine dispute as to any material fact and the

movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a).  "A factual

dispute is material if it might affect the outcome of the suit under the applicable law.

A factual dispute is genuine only if there is a sufficient evidentiary basis that would

allow a reasonable fact finder to return a verdict for the non-moving party." <u>DeWees</u>

<u>v. Haste</u>, 620 F. Supp. 2d 625, 629 (M.D. Pa. 2009) (internal quotations, quotation

marks, and citations omitted), *aff'd*, 386 F. App'x 133 (3d Cir. 2010).

Indeed, the Supreme Court has held:

> The plain language of Rule 56(c) mandates the entry of
> summary judgment, after adequate time for discovery and
> upon motion, against a party who fails to make a showing
> sufficient to establish the existence of an element essential
> to that party's case, and on which that party will bear the
> burden of proof at trial. In such a situation, there can be

> "no genuine issue as to any material fact," since a complete
> failure of proof concerning an essential element of the
> nonmoving party's case necessarily renders all other facts
> immaterial. The moving party is "entitled to a judgment as
> a matter of law" because the nonmoving party has failed
> to make a sufficient showing on an essential element of
> her case with respect to which she has the burden of proof.

Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986) (internal citations omitted).

See also Lauren W. v. DeFlaminis, 480 F.3d 259, 266 (3d Cir. 2007).

## B.    Applicable Law

The Copyright Act provides two possible remedies to a plaintiff who proves a copyright infringement claim: (1) the copyright owner's actual damages, in addition to any profits derived from the infringement, or (2) statutory damages. 17 U.S.C. § 504(a). In either case, however, the Plaintiff must make an initial showing to prove entitlement to damages. A plaintiff's claim for actual damages and the infringer's profits, although referenced in conjunction with each other under § 504(b), are distinct elements of a copyright plaintiff's claims for damages. Grant Heilman Photography, Inc. v. McGraw-Hill Cos., 115 F. Supp. 3d 518, 529 (E.D. Pa. 2015).

A claim for actual damages corresponds "the amount of money adequate to compensate the copyright owner for the fair market value of defendant's infringing use." Id.; Davis v. Gap, Inc., 246 F.3d 152, 166 (2d Cir. 2001). This determination is made from the perspective of the copyright owner prior to the

alleged infringement. <u>Grant Heilman</u>, 115 F. Supp. 3d at 529; <u>see also</u> <u>Davis v. Gap,</u> <u>Inc.</u>, 246 F.3d 152, 166 (2d Cir. 2001). The copyright plaintiff has the burden of proving the plaintiff's actual damages. <u>Joe Hand Promotions, Inc. v. Yakubets</u>, 3 F. Supp. 3d 261, 277 (E.D. Pa. 2014); <u>Multitherm Corp. v. Fuhr</u>, Civil Action No. 89-6151, 1991 U.S. Dist. LEXIS 10475, at *38 (E.D. Pa. July 24, 1991); <u>see also</u>  <u>Video</u> <u>Views, Inc. v. Studio 21, Ltd.</u>, 925 F.2d 1010, 1014 (7th Cir. 1991).

In order to recover the infringer's  profits, the copyright plaintiff must first show a causal nexus between the alleged infringement and the revenue generated as a result. <u>William A. Graham Co. v. Haughey</u>, 568 F.3d 425, 443 (3d Cir. 2009) (stating that the copyright plaintiff had the "initial burden to demonstrate that the infringement contributed to [the defendant's] profits"). In order to carry this burden, the plaintiff must prove that the defendant's profits, which it seeks to recover, are "reasonably related to the infringement." <u>Id.</u> at 443. A plaintiff does not carry its burden by showing that there is a conceivable connection between the infringement and the profits at issue. <u>Leonard v. Stemtech Int'l, Inc.</u>, 834 F.3d 376, 395 (3d Cir. 2016). A plaintiff's evidence must do more than speculate on the possibility of a causal connection between the infringement and profits. <u>Id.</u> at 396 (affirming dismissal of a claim for actual damages and profits where the plaintiff's evidence and expert testimony "amounted to mere speculation regarding the causal connection.").

**C.    Plaintiff's claim for actual damages fails because Plaintiff has failed to produce any facts to support the essential elements of this claim, on which Plaintiff bears the burden of proof.**

Here, Plaintiff had the burden of establishing its actual damages, which requires proof of the fair market value of the photos prior to the infringement. <u>Grant</u>, 115 F. Supp. 3d at 529. Although adequate time for discovery has been afforded to Plaintiff, it has failed to produce any evidence at all to suggest what would have been the fair market value of the photographs at issue. Indeed, there is no evidence to suggest that, at the time of the alleged infringement, the photos at issue here had any fair market value at all.

Plaintiff's failure to obtain or produce evidence of actual damages is inexcusable because Karns actively sought production of such evidence, and Plaintiff refused to provide it. In fact, Karns propounded discovery on Plaintiff requesting that Plaintiff identify, for the period Plaintiff alleged was relevant to its claims, the amount of revenue generated by the photos on which Plaintiff allegedly owned a copyright.  <u>See</u> **Exhibit "C"** at Interrogatories, ¶ 3.

The evidence sought by Karns would have shown what participants in the market, were willing to pay for a license on the photos on which Plaintiff allegedly owns a copyright. Plaintiff, rather than producing evidence to carry its burden of

proof on this issue, provided the non-responsive answer of "Plaintiff charges a flat subscription rate of $999.00 per month for use of the photographs; however, it charges $8,000 per work for unauthorized use." See **Exhibit "D"** at Answers to Interrogatories, ¶ 3. Plaintiff's assertion is completely non responsive to Defendant's discovery and not in any way an indication of what the market will pay, but is rather a statement indicating what Plaintiff purportedly "charges" and it does not indicate if any market participants actually pay that amount.

Furthermore, Karns requested that Plaintiff produce documentation to show what its licensing fees were, but Plaintiff objected to this request, and did not produce any such documentation. Compare **Exhibit "A"** at Interrogatories, ¶ 9 with **Exhibit "B,"** at Answers to Interrogatories, ¶ 9. Consequently, despite being invited by Defendants to produce evidence of its actual damages, and despite having a full and fair opportunity to conduct discovery on this issue, the Plaintiff has failed to provide any evidence or data from which the fair market value of the photographs can be determined. Accordingly, the Plaintiff cannot carry its burden of proving actual damages.

Therefore, Plaintiff's claims for actual damages should be dismissed.

**D.    Plaintiff's claim for Karns' profits fails because Plaintiff has failed to produce any evidence of the essential elements of this claim, on which Plaintiff bears the burden of proof.**

Despite having adequate time for discovery Plaintiff has failed to produce necessary facts to establish entitlement to an award of infringer's profits under §§ 504(a)(1) and (b), and therefore, this claim should be dismissed with prejudice. In order to be entitled to an award of the infringer's profits, Plaintiff must prove a causal nexus between the alleged infringement and the revenue Karns is alleged to have generated as a result. Graham, 568 F.3d at 442.

As an initial matter, Plaintiff has no evidence to show what is Karns' revenue, much less any evidence to show what part of Karns' revenue resulted from any alleged infringement. Even considering the documents Plaintiff produced after the discovery deadline passed, the only indication of Karns' revenue which Plaintiff produced are four pages attached to Karns' Partial Motion for Summary Judgment as **Exhibit "F."**

Karns is unsure what Plaintiff believes Exhibit "F" shows, except that it appears to be an unsubstantiated printout, prepared on August 4, 2020, purporting to show that Karns' revenue is somewhere between $100 - $500 million, over an unspecified period of time. Exhibit "F" does not purport to provide an estimate of Karns' revenue, but baldly provides an unsubstantiated boilerplate range of between $100 - $500 million, which is statistically meaningless because the delta between the high and low numbers is 500%.

Furthermore, even if Exhibit "F" was "evidence" of Karns' revenue, which it is not, it would still fail as a matter of law to carry Plaintiff's burden of proof because more is required than merely a statement of a corporation's gross revenue. See Polar Bear Prods. v. Timex Corp., 384 F.3d 700, 711 (9th Cir. 2004) ("to conclude that a copyright plaintiff need only provide the company's overall gross revenue" as opposed to the revenue causally linked to the infringement "would make little practical or legal sense"); see also Taylor v. Meirick, 712 F.2d 1112, 1122 (7th Cir. 1983) (plaintiff's claim for infringer's profits failed because "It was not enough to show [the infringer's] gross revenues from the sale of everything he sold" and reasoning that "If General Motors were to steal your copyright and put it in a sales brochure, you could not just put a copy of General Motors' corporate income tax return in the record and rest your case for an award of infringer's profits."). Rather, Plaintiff was required to prove a causal connection between the alleged infringement and the resulting revenue. Graham, 568 F.3d at 442.

Here, the Plaintiff has utterly failed to produce any evidence to substantiate a causal connection between the alleged infringement and Karns' profits. There is no evidence to show when or how often Karns allegedly infringed Plaintiff's copyrights. Indeed, Plaintiff objected to Karns' discovery requests requesting that Plaintiff provide the dates on which it alleges its photographs were infringed. Compare **Exhibit "A,"** at interrogatories, ¶ 6 with **Exhibit "B,"** at answers to

interrogatories, ¶ 6. Further, Plaintiff has failed to provide any evidence to show that Karns sold any of the items depicted in Exhibit "A" to the Complaint, much less the number of any such sales. Without any evidence to show the frequency of the alleged infringement, or the quantity of sales that followed the alleged infringement, it is impossible to establish a causal connection between the alleged infringement and any part of Karns' revenue.

Consequently, because the record lacks any evidence showing damages or Plaintiff's entitlement to same, summary judgment should be entered against Plaintiff.

> ### E.    Plaintiff Should Not Be Given An Opportunity to Supplement the Record in Response to this Motion for Summary Judgment.

No extensions or opportunity to supplement the record should be afforded to Plaintiff under the circumstances.  Plaintiff has utterly neglected discovery in this matter, has failed to show any interest in resolving this matter on the merits, and Plaintiff's attorney has not even bothered to seek admission to this Court's bar *pro hac vice*. Such conduct and failure to exercise reasonable diligence should not be rewarded with further discovery to escape the summary judgment that results from Plaintiff's volitional inaction.

Despite Karns' attempt to develop discovery early in this case —by serving two sets each of interrogatories and requests for production—Plaintiff refused to

produce even a single document until *after* the discovery deadline passed, failed to provide any meaningful answers to interrogatories, and hid behind boilerplate discovery objections. At that point it appeared that Plaintiff was employing a tactic that was "part of a broader strategy to use the burdens of litigation to extract settlements, even in frivolous or unmeritorious suits." See ECF no. 29 at internal page 44 citing <u>Otto v Hearst Comm'ns, Inc.</u>, 2020 WL 377479, at *3 & n.1 (S.D.N.Y. Jan. 23, 2020) (noting that "Ottto and [Mr. Liebowitz, his counsel] consistently and undeniably asserted inflated values for Otto's copyright' using figures [that] were wholly unsupported by the evidentiary record").

> And by filing the lawsuit without conducting any investigation into the truth or falsity of paragraph 9 of the Complaint, and by maintaining the lawsuit and failing to conduct any investigation even after being put on notice about a potential registration problem, Mr. Liebowitz and his firm 'multiplie[d] the proceedings… unreasonably and vexatiously.'"

<u>Id</u>. Sure enough, Plaintiff in this matter attempted to leverage the burdens of litigation against Defendant Karns, made no effort to develop the factual record until after the discovery deadline, continued to stonewall discovery, and has refused to provide discovery on damages.   This, despite the fact that Plaintiff and its counsel are very experienced copyright litigators (Mr. Liebowitz has filed 2,500 copyright infringement cases since 2015 and according to the PACER case locater, Plaintiff itself has initiated or been involved in approximately 80 copyright-related cases

since 2013, with 19 filed in 2020 alone). <u>See</u> PACER case locator; <u>see also</u> ECF no. 29 at internal page 39. Therefore, it is undeniable that that Plaintiff and its counsel were necessarily aware of their burden and the proof needed to make a prima facie showing of entitlement to actual damages and profits.  Despite this knowledge, Plaintiff failed to provide any evidence in its pleadings or discovery to support its claims for actual damages and profits, and instead chose to stonewall discovery and seek to use the burdens of litigation to extract a settlement from Defendant. For these reasons, it is respectfully submitted that the court should not, in ruling upon Defendant's motion, entertain any lately produced information by Plaintiffs or grant any request from Plaintiff for an extension of the deadline to produce information it should have provided long ago.

Further, any suggestion that COVID-19 has negatively impacted Plaintiff's ability to litigate matters is also disingenuous. Recently, in <u>Chevrestt v. Barstool Sports, Inc.</u>, No. 20-CV-1949 (VEC), 2020 U.S. Dist. LEXIS 81548, at *6 n.4 (S.D.N.Y. May 8, 2020), the Court rejected as "disingenuous, distasteful, unpersuasive, and likely perjurious" Attorney Liebowitz's assertion that the COVID-19 pandemic had interrupted his office's normal work flow. The <u>Chevrestt</u> court noted that, during the period from March 15 – 31, 2020, when the COVID-19 lockdown was in place in New York, Attorney Liebowitz still managed to file 25 separate lawsuits in the Southern District of New York alone. Indeed, as of the date

of this Motion, the PACER case locater reveals that, since March 13, 2020, Attorney Liebowitz has filed 303 copyright infringement lawsuits across the United States.

Given the foregoing and the fact that ample time to complete discovery was afforded by the CMO; and, because the discovery deadline has passed with plaintiff failing to provide literally any information necessary to make out a claim for copyright infringement, under the circumstances, Summary Judgment is properly and fairly entered in Defendant Karns' favor

### E.   The Discovery Deadline Should be Extended for 90 Days to Permit Meaningful Discovery in Response to Plaintiff's Untimely Document Production

In addition to dismissing Plaintiff's claims for actual damages and profits under §§ 504(a)(1) and (b), it is respectfully requested that the Court permit an additional 90 days for Defendant and the Third Party Defendant to conduct discovery on the fact and information contained in Plaintiff's document production produced after expiration of the discovery deadline. The discovery deadline established by this Court for the end of fact discovery was August 4, 2020. At 12:01 AM on August 5, 2020, Plaintiff's counsel served the undersigned with the only documents produced by Plaintiff since this lawsuit was filed. See Exhibit "H," attached to Karns' Motion for Partial Summary Judgment.

## V.    RELIEF REQUESTED

Defendant, Karns Prime and Fancy Food, Ltd. respectfully requests that this Honorable Court enter partial summary judgment in its favor, and against Plaintiff, on Plaintiff's claims for actual damages and profits under §§ 504(a)(1) and (b), with prejudice.

**FOWLER HIRTZEL McNULTY & SPAULDING, LLP**

Dated:   August 19, 2020          By: _____

Gregory S. Hirtzel, Esquire
Attorney No.:  56027
ghirtzel@fhmslaw.com
Benjamin P. Novak, Esquire
Attorney No.: 326182
bnovak@fhmslaw.com

{W1119461.1}

## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ADLIFE MARKETING & | : | |
| COMMUNICATIONS COMPANY, INC., | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| KARNS PRIME AND FANCY FOOD, | : | |
| LTD. AND AD POST GRAPHICS | : | Civil Action No.: |
| MEDIA MARKETING, INC. | : | 1:19-CV-01638-YK |
| Defendants, | : | |
| vs. | : | |
| | : | |
| FRY COMMUNICATIONS, INC., | : | |
| Third-Party Defendant. | : | |

## COUNSEL'S WORD COUNT CERTIFICATION PURSUANT TO L.R. 7.8(b)(2)

Pursuant to Local Rule 7.8(b)(2), the undersigned counsel certifies to the Court that the foregoing *"Brief In Support Of Defendant's Motion For Summary Judgment"* is less than 5,000 words. Counsel certifies that the foregoing brief contains 4,205 words, exclusive of this certification.

FOWLER HIRTZEL McNULTY & SPAULDING, LLP

Dated:   August 19, 2020        By: _____

Gregory S. Hirtzel, Esquire
Attorney No.:  56027
ghirtzel@fhmslaw.com

## <u>CERTIFICATE OF SERVICE</u>

I, Patricia L. Glasz, Pa.C.P., an employee of the law office of Fowler Hirtzel

McNulty & Spaulding, LLP do hereby certify that I caused a true and correct copy

of the foregoing document was served upon the following person(s) at the following

address(es) by sending same via e-filing on the date set forth below:

> Richard P. Liebowitz, Esquire
> Liebowitz Law Firm, PLLC
> 11 Sunrise Plaza, Suite 305
> Valley Stream, NY  11580
> *Attorney for Plaintiff*

> Kevin M. Gold, Esquire
> Pillar Aught, LLC
> 4201 East Park Circle
> Harrisburg, PA  17111
> *Personal Counsel for Defendant Karns Prime and Fancy Food, Ltd.*

> Lindsey E. Snavely, Esquire
> Pillar Aught, LLC
> 4201 East Park Circle
> Harrisburg, PA  17111
> *Personal Counsel for Defendant Karns Prime and Fancy Food, Ltd.*

**FOWLER HIRTZEL McNULTY &
SPAULDING, LLP**

Dated:   August 19, 2020        By: _____
                                         Patricia L. Glasz, Pa.C.P.
                                         1860 Charter Lane, Suite 201
                                         Lancaster, PA 17601-5865
                                         (717) 553-2604