# EXHIBIT A

**FOWLER HIRTZEL MCNULTY & SPAULDING, LLP**
BY: GREGORY S. HIRTZEL, ESQUIRE
E-MAIL: ghirtzel@fhmslaw.com
I.D. # 56027
BY: BENJAMIN P. NOVAK, ESQUIRE
E-MAIL: bnovak@fhmslaw.com
I.D. #326182
1860 CHARTER LANE, SUITE 201
LANCASTER, PA 17601
P:717-553-2604
F:717-229-1239

ATTORNEYS FOR DEFENDANT
KARNS PRIME AND FANCY FOOD, LTD.

| | |
|---|---|
| ADLIFE MARKETING & COMMUNICATIONS COMPANY, INC.,<br><br>     Plaintiff,<br><br>  v.<br><br>KARNS PRIME AND FANCY FOOD, LTD. AND AD POST GRAPHICS MEDIA MARKETING, INC.,<br>     Defendants. | UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF PENNSYLVANIA HARRISBURG DIVISION<br><br>CIVIL ACTION - LAW<br><br>USCD M.D. Pa. 1:19-CV-01638-YK |

## DEFENDANT KARNS PRIME AND FANCY FOOD, LTD'S INTERROGATORIES DIRECTED TO PLAINTIFF (SET 1)

  Defendant hereby makes demand that the Plaintiff answer the following Interrogatories pursuant to the Federal Rules of Civil Procedure. These Interrogatories must be answered as provided and the Answers must be served on all other parties within thirty (30) days after the Interrogatories are deemed served.

  These Interrogatories are deemed to be continuing as to require the filing of Supplemental Answers promptly in the event Defendant or its representatives (including counsel) learns additional facts not set forth in his/her original Answers or discover that information provided in the Answers is erroneous. Such Supplemental Answers may be filed from time to time, but not later than 30 days after such further information is received, pursuant Federal Rules of Civil Procedure.

## **DEFINITIONS**

As used herein, unless otherwise specified, the following terms and phrases have the meaning indicated:

A.    As used in each Interrogatory herein, the term "Documents" shall mean all data, whether written, electronically stored, electronically communicated (e.g., emails, texts, social media posts, electronic advertising and any other form of electronic communications), and graphic matter of every kind or description, produced or reproduced, whether draft or final, original, duplicate or reproduction, signed or unsigned, and regardless of whether approved, sent, received, redrafted, or executed.   The term "Documents" shall also include but not be limited to: written communications, letters, correspondence, facsimiles, e-mail, memoranda, minutes, notes, photographs however the image was taken, films, video, recordings of any type, advertisements, transcripts, contracts, agreements, licenses, copyrights, purchase or sales orders, memoranda of telephone conversations or personal conversations, diaries, desk calendars, interoffice communications, reports, studies, bills, receipts, checks, checkbooks, invoices or material similar to any of the foregoing however denominated, by whomever prepared, and to whomever addressed, which are accessible to or are in the possession, custody or control of Plaintiff, Plaintiff's attorneys,  Plaintiff's representatives, agents, servants, workmen or employees, acting within the course and scope of their employment, agency or representation of/with Plaintiff. "Documents" refers to the following material, whether or not within the possession, custody or control of the Defendant.

B.    "Person" refers to any individual, associations, partnership, firms, corporation, trust, governmental agency, or other entity.

C.    "Employee" or "employees" refers to any present or former employee or employees.

D.    "He or "his" shall be read to refer, where applicable, to the feminine "she" or "her".

E.    "You" shall be construed to mean not only the Plaintiff but also his or her agents, servants, workman, employees, counsel and their respective agents, servants, employees, workman or person acting for or on behalf in any capacity.

F.    "Accident/Incident" referred to hereinafter as the one which is the subject matter of this suit.

G.    "Identify" when used with respect to an *individual,* means to state (1) their name; (2) business affiliation and official title and/or position; and (3) their last known residential and business address.

"Identify" when used with respect to a *document,* means to state (1) the type of document (e.g. letter, memorandum, hand-written note, facsimile, e-mail); (2) its date of origin or creation; (3) its author and addressee; (4) its last known custodian or locations; (5) a brief description of its subject matter and size; and (6) to attach to your Answer a copy of the document identified.

"Identify" when used with respect to a company or other business entity, means to state, (1) the company's legal name, any former names, and the name under which it trades or does business (2) the address of its principal place of business; and (3) the identity of its chief executive officer.

H.      "You" or "your" refers to Plaintiff(s) herein and to all other persons acting or purporting to act on behalf of Plaintiff(s), including Plaintiff's attorneys,  Plaintiff's representatives, agents, servants, workmen and/or employees, acting within the course and scope of their employment, agency or representation of/with Plaintiff.

## **INSTRUCTIONS**

A.      Where asked to identify an individual person, state the person's:

1.      full name;

2.      present or last known residence address; and

3.      present or last known business address and position.

B.      Where asked to identify an entity other than an individual person, state its:

1.      full name; and

2.      present or last known address.

C.      Where asked to identify a document, include the following information, where applicable:

1.      the type of document, i.e., letter, memorandum, note, etc.

2.      the date that the document was prepared;

3.      the document's author(s) or the person(s) who prepared or compiled it;

4.      the person(s) to whom the document was addressed and sent;

5.      the document's present location and custodian;

6.      the disposition made of the document, if it was in your possession or control but is no longer; and

7.      the date that the document was destroyed, and the reasons therefore.

D.      Where asked to identify a communication, include the following information:

1.      the manner of such communication, i.e., oral, written, telephone calls, etc.

2.      the person or persons making each such communication;

3.      the person or persons to whom each such communication was made;

4.      all persons present at the time of each such communication;

5.      the date and time of such communications;

6.      the place where such communication was made or held; and

7.      the substance of each such communication.

E.      Where asked to identify a meeting, include the following information:

1.      the date and place of the meeting; and

2.      all persons present.

F.      Where asked to identify and describe tests, studies, investigations and reports, include the following information:

1.      the date (or time period) and place of each test, study, investigation or report;

2.      the name or title of each test, study, investigation or report;

3.      the person(s) who commissioned each test, study, investigation or report;

4.      the person(s) who conducted prepared or participated in each test, study, investigation or report;

5.      the purpose of each test, study, investigation or report;

6.      a summary of the substance, subjects, topics and findings of each test, study, investigation or report; and

7.      all documents which relate refer or pertain to each test, study, or investigation or report.

G.      To the extent that the information or communication sought in an interrogatory is incorporated or contained in a document, identify the document and attach a copy to your answers.

H.      If you object to an interrogatory on the basis of privilege, state in detail the facts on which you base your objection.

I.      The instructions and definitions which precede these interrogatories are an integral part hereof, and information requested in each interrogatory includes all information called for by reference to the instructions and definitions.

J.      Whenever the word "identify" is used with reference to a person or document identified in a previous answer, it shall be sufficient to state his, her or its name or title and refer to the answer in which he, she or it was previously identified.

K.      Where applicable, information sought by an interrogatory may be furnished by reference to another answer, but separate answers should be given in all cases, and interrogatories should not be joined together and accorded a common answer.

L.      Where exact information cannot be furnished, estimated information should be applied to the best extent possible.  Where estimated information is used, it should be so indicated as an explanation given as to the source and basis of the estimate.


## <u>INTERROGATORIES</u>

1.      Identify each of the specific photographs depicted on Exhibit A to your Complaint which you maintain is protected by a legally enforceable copyright which Defendant violated.

    a.      With respect to each such photograph, identify:

        i.      The specific date upon which you claim each image was unlawfully used;

        ii.      For each alleged the copyrights unlawful use, where and how each use occurred;

        iii.      The specific date on which each such image was registered by or on your behalf with the U.S. copyright office.


2.      With respect to each and every photograph you have identified in reply to 1 above, identify and produce all information and evidence supporting your claim that Adlife owned the copyright to said photograph(s) at the time of Defendant's alleged infringing activity.


3.      With respect to each and every photograph you have identified in reply to 1 above attach hereto the Copyright Registration Certificate.


4.      For each Copyright Registration Certificate identified in reply to 3 above, provide a copy of all corresponding deposit material included in each underlying copyright application submitted to the U.S. Copyright Office.

5.     To the extent not included on Exhibit A to your Complaint, provide a complete list of images Plaintiff believes Defendant has infringed or is currently infringing.

a.     With respect to each such photograph, identify:

i.     The specific dates upon which you claim the image was unlawfully used;

ii.     Where and how it was unlawfully used; and,

iii.     The specific date on which each such image was registered by or on your behalf with the U.S. copyright office.

6.     For each of the images you have identified in answer to Interrogatories 1 & 5 above, identify each and every date you maintain same was used by Defendant without license or permission.

7.     For each of the images you have identified in answer to Interrogatories 1 & 5 above, identify the sum Plaintiff would charge for authorized use of the image every date you maintain same was used by Defendant without license or permission.

8.     For each of the images you have identified in answer to Interrogatories 1 & 5 above, identify the usual customary and advertised sum Plaintiff would charge for:

a. Single licensed use of the image on every date you maintain same was used by Defendant without license or permission;

b. A monthly license to use the image for each different month you maintain same was used by Defendant without permission; and,

c. A perpetual license to use each image you maintain Defendant has used without permission.

9.     For each usual, customary and advertised sum identified in 8 a-c above, attach to this Request all data, documents and proofs supporting that the sums Plaintiff has identified was in fact the usual, customary and advertised sum Plaintiff would charge for each license for each of the images which you allege Defendant used without license or permission.

10.     Identify every fact upon which you rely to support the allegations in your complaint that Defendant's alleged use of any image identified in Answer to Interrogatories 1 & 5 above were willful.

     a.  Identify the name, address and employer of each person having personal knowledge of the facts identified immediately above;

     b.  Identify all documents referring to, identifying or arising from any of the facts identified in answer to this interrogatory; and,

     c.  Attach hereto all documents identified in response to b above.

11.     For each of the images you have identified in answer to Interrogatories 1 & 5 above, identify all facts that support your claim that you suffered actual damages under 17 USC section 504(b) and (c) as a result of Defendant's alleged use of those images.

     a.  Identify the name, address and employer of each person having personal knowledge of the facts identified immediately above;

     b.  Identify all documents referring to, identifying or arising from any of the facts identified in answer to this interrogatory; and,

     c.  Attach hereto all documents identified in response to b above.

12.     In anticipation of litigation, were any investigations, examinations, inspections, analysis, tests, reports and/or studies made, prepared, or conducted by you or anyone on your behalf to ascertain if Defendant has in fact committed copyright violations with respect to any or all of the photos depicted in Exhibit A to your complaint?  If so, please identify:

     a.  With specificity, what investigations, examinations, inspections, analysis, tests, reports and/or studies were conducted;

     b.  The name, address and employer of the person or persons making, or conducting the investigations, examinations, inspections, analysis, tests, reports and/or studies;

     c.  The identity and location of the person or persons having its present custody and control; and,

     d.  Attach to your Answer a copy of all documents pertaining to all such investigations, examinations, inspections, tests, experiments and/or studies

13.     For each of the documents (photos) you have identified in answer to Interrogatories 1 & 5 above, identify the date you first became aware of Defendant's unauthorized use of the same

**FOWLER HIRTZEL MCNULTY & SPAULDING, LLP**

Date: December 23, 2019

**By:**

Gregory S. Hirtzel, Esquire
Benjamin P. Novak, Esquire
Attorneys For Defendant Karns Prime and Fancy Food, Ltd.

## CERTIFICATE OF SERVICE

I, Patricia L. Glasz, Pa.C.P., an employee of the law office of Fowler Hirtzel McNulty & Spaulding, LLP do hereby certify that I caused a true and correct copy of ***Defendant Karns Prime and Fancy Food, Ltd's Interrogatories Directed to Plaintiff (Set 1)*** to be served upon the following person(s) at the following address(es) by sending same via e-mail or United States First Class Mail on the date set forth below:

        Richard P. Liebowitz, Esquire
        Liebowitz Law Firm, PLLC
        11 Sunrise Plaza, Suite 305
        Valley Stream, NY  11580
        *Attorney for Plaintiff*

        Kevin M. Gold, Esquire
        Pillar Aught, LLC
        4201 East Park Circle
        Harrisburg, PA  17111
        *Personal Counsel for Defendant Karns Prime and Fancy Food, Ltd.*

        Lindsey E. Snavely, Esquire
        Pillar Aught, LLC
        4201 East Park Circle
        Harrisburg, PA  17111
        *Personal Counsel for Defendant Karns Prime and Fancy Food, Ltd.*

**FOWLER HIRTZEL McNULTY & SPAULDING, LLP**

Dated:   December 23, 2019     By: _____

        Patricia L. Glasz, Pa.C.P.
        Paralegal
        1860 Charter Lane, Suite 201
        Lancaster, PA 17601-5865
        (717) 553-2604

{W1021979.1}

**FOWLER HIRTZEL MCNULTY &
SPAULDING, LLP**
BY: GREGORY S. HIRTZEL, ESQUIRE
E-MAIL: ghirtzel@fhmslaw.com
I.D. # 56027
BY: BENJAMIN P. NOVAK, ESQUIRE
E-MAIL: bnovak@fhmslaw.com
I.D. #326182
1860 CHARTER LANE, SUITE 201
LANCASTER, PA 17601
P:717-553-2604
F:717-229-1239

ATTORNEYS FOR DEFENDANT
KARNS PRIME AND FANCY FOOD, LTD.

| | |
|---|---|
| ADLIFE MARKETING & COMMUNICATIONS COMPANY, INC., <br><br> Plaintiff, <br> v. <br><br> KARNS PRIME AND FANCY FOOD, LTD. AND AD POST GRAPHICS MEDIA MARKETING, INC., <br> Defendants. | UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF PENNSYLVANIA HARRISBURG DIVISION <br><br> CIVIL ACTION - LAW <br><br> USCD M.D. Pa. 1:19-CV-01638-YK |

## DEFENDANT KARNS PRIME AND FANCY FOOD, LTD'S REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO PLAINTIFF (SET 1)

The Defendant in the above-captioned matter hereby makes demand that the Plaintiff answer the following Request for Production of Documents under oath within thirty (30) days pursuant to the Federal Rules of Civil Procedure: This Request for Production of Documents shall be deemed continuing so as to requires further and additional answers up to the time of trial, if additional and subsequent information is obtained by the Plaintiff.

## DEFINITIONS

A.     "You" or "your" refers to Plaintiff(s) herein and to all other persons acting or purporting to act on behalf of Plaintiff(s), including Plaintiff's attorneys,  Plaintiff's representatives, agents, servants, workmen and/or employees, acting within the course and scope of their employment, agency or representation of/with Plaintiff.

B.     "Communications" shall mean all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, correspondence, notes, telegrams, telexes, advertisements, facsimiles, e-mail, or other forms of verbal and/or communicative intercourse.

C.      As used in each document request herein, the term "Documents" shall mean all data, whether written, electronically stored, electronically communicated (e.g., emails, texts, social media posts, electronic advertising and any other form of electronic communications), and graphic matter of every kind or description, produced or reproduced, whether draft or final, original, duplicate or reproduction, signed or unsigned, and regardless of whether approved, sent, received, redrafted, or executed.  The term "Documents" shall also include but not be limited to: written communications, letters, correspondence, facsimiles, e-mail, memoranda, minutes, notes, photographs however the image was taken, films, video, recordings of any type, advertisements, transcripts, contracts, agreements, licenses, copyrights, purchase or sales orders, memoranda of telephone conversations or personal conversations, diaries, desk calendars, interoffice communications, reports, studies, bills, receipts, checks, checkbooks, invoices or material similar to any of the foregoing however denominated, by whomever prepared, and to whomever addressed, which are accessible to or are in the possession, custody or control of Plaintiff, Plaintiff's attorneys,  Plaintiff's representatives, agents, servants, workmen or employees, acting within the course and scope of their employment, agency or representation of/with Plaintiff.

D.      "Persons" means an individual, corporation, partnership, trust, associations, company, organization, or any form of a business or commercial entity.

E.      "Identify" when used with respect to an individual, means to state (1) their name; (2) business affiliation and official title and/or position; and (3) their last known residential and business address.

F.      "Identify" when used with respect to a document, means to state (1) the type of document (e.g. letter, memorandum, hand-written note, facsimile, e-mail); (2) its date of origin or creation; (3) its author and addressee; (4) its last known custodian or locations; and (5) a brief description of its subject matter and size. In lieu of identifying any document(s), you may attach a copy of it to your answer, indicating the question to which it is responsive.

G.      "Identify" when used with respect to a company or other business entity, means to state, (1) the company's legal name, any former names, and the name under which it trades or does business (2) the address of its principal place of business; and (3) the identity of its chief executive officer.

H.      "Relate to" means consist of, refer to, reflect or be in any way logically connected with the matter discussed.

I.      The period of time encompassed by these requests shall be from the date of the alleged accident to the date of answering, unless otherwise indicated. Note, this request is continuing up to and at the time of trial.

J.      For purposes of the Rule, a statement includes:

(1)    A written statement, signed or otherwise adopted or approved by the person making it, or

(2)    A stenographic, mechanical, electronic, videographic or other recording, or a transcript thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

## REQUESTS

1.    Your complete investigation file with respect to the allegations in your complaint, including, but not limited to, the due diligence conducted by or on behalf of Plaintiff with respect to each and every factual allegation set fort against Defendant in Plaintiff's complaint, excluding information you maintain is protected by the attorney client privilege.  To the extent any information is withheld based upon any claimed privilege or otherwise, attach to this Response a privilege log in accordance with the F.R.C.P. 26(b)(5) describing the nature of the documents, communications, or tangible items not produced or disclosed in a manner that will fairly allow Defendant to assess the validity of the assertion of privilege.

**ANSWER:**


2.    All documents (including but not limited to statements and communications of any and all witnesses and/or parties to this litigation) which refer to, arise from or concern any of the factual allegations in Plaintiff's complaint and/or any commercial transactions between the parties to this litigation.

**ANSWER:**


3.    All documents substantiating, refuting, arising from, relating to or concerning any damages claimed by Plaintiff against defendants on account of the claims and causes of action stated in Plaintiff's Complaint.

**ANSWER:**


4.     The name, home and business address, background and qualifications of any and all persons in the employ of Plaintiff(s), who Plaintiff may call at trial together with a description of the facts and opinions it is believe such persons may testify to.

**ANSWER:**

5.      A list of the name, address, employer and relationship to Plaintiff, if any, of every person believed to have personal knowledge of any factual allegations in plaintiff's complaint together with a description of what information it is believed that each individual has regarding the facts alleged in Plaintiff's Complaint

**ANSWER:**

6.      The report of all experts retained on behalf Plaintiff concerning any of the claims and allegations in Plaintiff's Complaint, regardless of whether they will testify at trial, together with a complete compilation of all documents supplied to them on behalf of Plaintiff as well as all documents which they compiled in connection with any work or analysis they did in this matter.

**ANSWER:**

7.      All documents, which any expert identified in response to Request 6. above has consulted or reviewed as *a result of his work or analysis on your behalf* or which he has or will consult in *preparation* of his or her analysis, report or testimony..

**ANSWER:**

8.      The resumes and qualifications of each expert identified in response to Request 6. Above.

**ANSWER:**

9.      Each and every document (including photo) you allege defendant used in violation of any copyright which Plaintiff held for such document (photo).

**ANSWER:**

10.     A copy of the Copyright Registration Certificate for each document (photo) identified in response to 9. above.

**ANSWER:**


11.     For each Copyright Registration Certificate identified in response to Request 10. above  attach a copy of all corresponding deposit material included in each underlying copyright application submitted to the U.S. Copyright Office

**ANSWER:**




**FOWLER HIRTZEL MCNULTY & SPAULDING, LLP**



Date: December 23, 2019          **By:** _____

Gregory S. Hirtzel, Esquire
Benjamin P. Novak, Esquire
Attorneys For Defendant
Karns Prime and Fancy Food, Ltd.

## CERTIFICATE OF SERVICE

I, Patricia L. Glasz, Pa.C.P., an employee of the law office of Fowler Hirtzel McNulty & Spaulding, LLP do hereby certify that I caused a true and correct copy of ***Defendant Karns Prime and Fancy Food, Ltd's Request for Production of Documents Directed to Plaintiff (Set 1)*** to be served upon the following person(s) at the following address(es) by sending same via e-mail or United States First Class Mail on the date set forth below:

> Richard P. Liebowitz, Esquire
> Liebowitz Law Firm, PLLC
> 11 Sunrise Plaza, Suite 305
> Valley Stream, NY 11580
> *Attorney for Plaintiff*
>
> Kevin M. Gold, Esquire
> Pillar Aught, LLC
> 4201 East Park Circle
> Harrisburg, PA 17111
> *Personal Counsel for Defendant Karns Prime and Fancy Food, Ltd.*
>
> Lindsey E. Snavely, Esquire
> Pillar Aught, LLC
> 4201 East Park Circle
> Harrisburg, PA 17111
> *Personal Counsel for Defendant Karns Prime and Fancy Food, Ltd.*

**FOWLER HIRTZEL McNULTY & SPAULDING, LLP**

Dated: __December 23, 2019__     By: _____

> Patricia L. Glasz, Pa.C.P.
> Paralegal
> 1860 Charter Lane, Suite 201
> Lancaster, PA 17601-5865
> (717) 553-2604

# EXHIBIT B

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA
HARRISBURG DIVISION

| | |
|---|---|
| ADLIFE MARKETING & COMMUNICATIONS COMPANY, INC., <br><br> Plaintiff, <br><br> - against – <br><br><br> KARNS PRIME AND FANCY FOOD, LTD. AND AD POST GRAPHICS MEDIA MARKETING, INC., <br><br> Defendants. | Case No.: 1:19-cv-01638-YK |

## PLAINTIFF ADLIFE MARKETING & COMMUNICATIONS COMPANY, INC.'S ANSWERS AND OBJECTIONS TO DEFENDANT'S FIRST SET OF INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff Adlife

Marketing & Communications Company, Inc. ("Plaintiff"), by its counsel, Liebowitz Law

Firm, PLLC, hereby answers and objects to Defendant Karns Prime and Fancy Food, Ltd.

And Ad Post Graphics Media Marketing, Inc.'s First Set of Interrogatories (the

"Interrogatories," and each individually, a "Interrogatory") as follows:

## GENERAL OBJECTIONS

Plaintiff makes the following General Objections to the Interrogatories. These General

Objections apply to each of the Interrogatories, set forth immediately below, and are

incorporated therein by reference. The Specific Objections, even if the same or similar, do not

waive the General Objections. Answering any Specific Interrogatory shall not be construed as an admission that the Defendant is entitled to any response more specific than provided:

1.      Plaintiff objects to Instructions, Definitions, and Interrogatories that impose duties or obligations beyond, or inconsistent with, those set forth in Local Rules and the Federal Rules.

2.      Plaintiff objects to the extent the Interrogatories seek information outside the scope of this proceeding. To the extent that the information sought is not relevant nor proportional to the needs of the case, the Plaintiff objects. Similarly, if the interrogatory is vague, ambiguous, the Plaintiff objects.

3.      Plaintiff objects to Interrogatories to the extent they seek information that is not within Plaintiff's possession, custody or control.

4.      Plaintiff objects to the extent the information sought is already in Defendant's, or third party's possession, custody or control, or is publicly available.

5.      Plaintiff objects to the extent the information is duplicative or redundant and the burden of deriving and ascertaining the answers is the same or similar for the Defendant as for the Plaintiff.

6.      Plaintiff objects to the extent information sought is protected by attorney-client privilege, work-product doctrine. Inadvertent disclosure thereof will not waive the privilege or similar protection from discovery.

7.      Plaintiff objects to the extent the information sought is subject to confidentiality duty to a non-party.

8.      Plaintiff objects to the extent information sought assumes disputed facts and legal conclusions.

9.      In answering, the Plaintiff does not waive and expressly reserves all objections.

10.     The answers are based on Plaintiff's current knowledge and best efforts to secure the information sought. Plaintiff reserves the right to supplement the information.

## SPECIFIC ANSWERS AND OBJECTIONS

Interrogatory No. 1: *Identify each of the specific photographs depicted on Exhibit A to your Complaint which you maintain is protected by a legally enforceable copyright which Defendant violated.*
*a. With respect to each such photograph, identify:*
*i. The specific date upon which you claim each image was unlawfully used;*
*ii. For each alleged the copyrights unlawful use, where and how each use occurred;*
*iii. The specific date on which each such image was registered by or on your behalf with the U.S. copyright office.*

**Answer to Interrogatory No. 1**:  Plaintiff objects to Interrogatory No. 1 under Rule 33(d) of the Federal Rules of Civil Procedure and refers Defendant to Exhibit A of the Complaint in response to Interrogatory No. 1(a)(i)-(ii) and to the applicable copyright registration certificates identified in Exhibit A to the Complaint in responses to Interrogatory No. 1(a)(i)-(iii), which are a matter of public record and equally accessible to Defendant.

Interrogatory No. 2: *With respect to each and every photograph you have identified in reply to 1 above, identify and produce all information and evidence supporting your claim that Adlife owned the copyright to said photograph(s) at the time of Defendant's alleged infringing activity.*

**Answer to Interrogatory No. 2**: Plaintiff objects to Interrogatory No. 2 under Rule 33(d) of the Federal Rules of Civil Procedure and refers Defendant to the applicable copyright registration certificates identified in Exhibit A to the Complaint which are a matter of public record and equally accessible to Defendant.

Interrogatory No. 3: *With respect to each and every photograph you have identified in reply to 1 above attach hereto the Copyright Registration Certificate.*

**Answer to Interrogatory No. 3:** Plaintiff objects to Interrogatory No. 3 under Rule 33(d) of the Federal Rules of Civil Procedure and refers Defendant to the applicable copyright registration certificates identified in Exhibit A to the Complaint which are a matter of public record and equally accessible to Defendant.

Interrogatory No. 4: *For each Copyright Registration Certificate identified in reply to 3 above, provide a copy of all corresponding deposit material included in each underlying copyright application submitted to the U.S. Copyright Office.*

**Answer to Interrogatory No. 4:** Plaintiff objects to Interrogatory No. 4 under Rule 33(d) of the Federal Rules of Civil Procedure and refers Defendant to the U.S. Copyright Office to obtain deposit copies, which are a matter of public record and equally accessible to Defendant.

Interrogatory No. 5: *To the extent not included on Exhibit A to your Complaint, provide a complete list of images Plaintiff believes Defendant has infringed or is currently infringing.*
*a. With respect to each such photograph, identify:*
*i. The specific dates upon which you claim the image was unlawfully used;*
*ii. Where and how it was unlawfully used; and,*
*iii. The specific date on which each such image was registered by or on your behalf with the U.S. copyright office.*

**Answer to Interrogatory No. 5:** Plaintiff is not aware of any other infringements at this time.

Interrogatory No. 6: *For each of the images you have identified in answer to Interrogatories 1 & 5 above, identify each and every date you maintain same was used by Defendant without license or permission.*

**Answer to Interrogatory No. 6:** Plaintiff objects to Interrogatory No. 6 under Rule 33(d) of the Federal Rules of Civil Procedure and refers Defendant to Exhibit A of the Complaint.

Interrogatory No. 7: *For each of the images you have identified in answer to Interrogatories 1 & 5 above, identify the sum Plaintiff would charge for authorized use of the image every date you maintain same was used by Defendant without license or permission.*

**Answer to Interrogatory No. 7:** Plaintiff charges a flat subscription rate of $999.00 per month for use of the photographs; however, it charges $8000.00 per work for unauthorized use.

Interrogatory No. 8: *For each of the images you have identified in answer to Interrogatories 1 & 5 above, identify the usual customary and advertised sum Plaintiff would charge for:*

*a. Single licensed use of the image on every date you maintain same was used by Defendant without license or permission;*
*b. A monthly license to use the image for each different month you maintain same was used by Defendant without permission; and,*
*c. A perpetual license to use each image you maintain Defendant has used without permission.*

**Answer to Interrogatory No. 8:** Plaintiff charges a flat subscription rate of $999.00 per month for use of the photographs; however, it charges $8000.00 per work for unauthorized use.

Interrogatory No. 9: *For each usual, customary and advertised sum identified in 8 a-c above, attach to this Request all data, documents and proofs supporting that the sums Plaintiff has*

4

*identified was in fact the usual, customary and advertised sum Plaintiff would charge for each license for each of the images which you allege Defendant used without license or permission.*

**Answer to Interrogatory No. 9:** Plaintiff objects to Interrogatory No. 9 under Rule 33(d) of the Federal Rules of Civil Procedure and refers Defendant to Plaintiff's terms of service with PreparedFoodPhotos.com which shall be produced.

Interrogatory No. 10: *Identify every fact upon which you rely to support the allegations in your complaint that Defendant's alleged use of any image identified in Answer to Interrogatories 1 &5 above were willful.*

*a. Identify the name, address and employer of each person having personal knowledge of the facts identified immediately above;*

*b. Identify all documents referring to, identifying or arising from any of the facts identified in answer to this interrogatory; and,  defer under 33.3*

*c. Attach hereto all documents identified in response to b above. Interrogatory.*

**Answer to Interrogatory No. 10:** Doug Fleurant & Rebecca Jones.  38 Church Street, Pawtucket, RI 02860. Plaintiff objects to the remainder of Interrogatory No. 10 under Rule 33(d) of the Federal Rules of Civil Procedure and refers Defendant to Exhibit A to the Complaint.


Interrogatory No. 11: *For each of the images you have identified in answer to Interrogatories 1 & 5 above, identify all facts that support your claim that you suffered actual damages under 17 USC section 504(b) and (c) as a result of Defendant's alleged use of those images.*

*a. Identify the name, address and employer of each person having personal knowledge of the facts identified immediately above;*
*b. Identify all documents referring to, identifying or arising from any of the facts identified in answer to this interrogatory; and,*
*c. Attach hereto all documents identified in response to b above.*

**Answer to Interrogatory No. 11:** Doug Fleurant & Rebecca Jones.  38 Church Street, Pawtucket, RI 02860. Plaintiff objects to the remainder of Interrogatory No. 10 under Rule 33(d) of the Federal Rules of Civil Procedure and refers Defendant to Exhibit A to the Complaint.

Interrogatory No. 12: *In anticipation of litigation, were any investigations, examinations, inspections, analysis, tests, reports and/or studies made, prepared, or conducted by you or anyone on your behalf to ascertain if Defendant has in fact committed copyright violations with respect to any or all of the photos depicted in Exhibit A to your complaint? If so, please identify:*

*a. With specificity, what investigations, examinations, inspections, analysis, tests, reports and/or studies were conducted;*
*b. The name, address and employer of the person or persons making, or*

*conducting the investigations, examinations, inspections, analysis, tests, reports*
*and/or studies;*
*c. The identity and location of the person or persons having its present custody*
*and control; and,*
*d. Attach to your Answer a copy of all documents pertaining to all such*
*investigations, examinations, inspections, tests, experiments and/or studies*

**Answer to Interrogatory No. 12**:  Doug Fleurant & Rebecca Jones.  38 Church Street, Pawtucket, RI 02860. Plaintiff located the Defendant's infringements on-line at its Rhode Island office.

Interrogatory No. 13: *For each of the documents (photos) you have identified in answer to Interrogatories 1 & 5 above, identify the date you first became aware of Defendant's unauthorized use of the same*

**Answer to Interrogatory No. 13**: Plaintiff avers that it first discovered the infringements in or about August 2018.

Dated: February 26, 2020

LIEBOWITZ LAW FIRM, PLLC

By: /s/richardliebowitz
        Richard P. Liebowitz
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
Tel: (516) 233-1660
rl@LiebowitzLawFirm.com

*Attorney for Plaintiff Adlife*
*Marketing & Communications*
*Company, Inc.*

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that a true and correct copy of the foregoing PLAINTIFF ADLIFE MARKETING & COMMUNICATIONS COMPANY, INC.'S ANSWERS AND OBJECTIONS TO DEFENDANT'S FIRST SET OF INTERROGATORIES has been served via e-mail on February 26, 2020 to counsel listed below.

Benjamin P. Novak
Fowler, Hirtzel, McNulty & Spaulding, LLP
Suite 201
1860 Charter Lane
Lancaster, PA 17601
717-696-0551
Email: bnovak@fhmslaw.com

Gregory S. Hirtzel
Fowler Hirtzel McNulty & Spaulding, LLP
1860 Charter Lane
Suite 201
Lancaster, PA 17601
717-553-2600
Email: ghirtzel@fhmslaw.com

Kevin M. Gold, Esquire
Pillar Aught, LLC
4201 East Park Circle
Harrisburg, PA 17111

Lindsey E. Snavely, Esquire
Pillar Aught, LLC
4201 East Park Circle
Harrisburg, PA 17111

*Attorneys for Defendant*

By: /richardpliebowitz/
Richard P. Liebowitz
Liebowitz Law Firm PLLC
rl@liebowitzlawfirm.com

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA
HARRISBURG DIVISION

ADLIFE MARKETING &
COMMUNICATIONS COMPANY, INC.,

               Plaintiff,

   - against –

KARNS PRIME AND FANCY FOOD, LTD.
AND AD POST GRAPHICS MEDIA
MARKETING, INC.,

             Defendants.

Case No.: 1:19-cv-01638-YK

## PLAINTIFF ADLIFE MARKETING & COMMUNICATIONS COMPANY, INC.'S RESPONSES TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Adlife Marketing & Communications Company, Inc. ("Plaintiff"), by his counsel, Liebowitz Law Firm, PLLC, responds as follows to Karns Prime and Fancy Food, Ltd. And Ad Post Graphics Media Marketing, Inc.'s First Set of Requests for the Production of Documents (the "Requests," and each individually, a "Request"):

## GENERAL OBJECTIONS

The following general objections ("General Objections") are incorporated in full into each response as if fully set forth therein, and all responses are subject to these general objections.

1.     Plaintiff objects to the Definitions set forth in the Requests to the extent they seek to impose greater burdens on Plaintiff than are required by the Federal Rules of Civil Procedure.

2.     Plaintiff objects to the Definitions set forth in the Requests to the extent they seek to impose greater burdens on Plaintiff than would the definitions for such terms contained in the Local Rules of the U.S. District Court for the Middle District of Pennsylvania. With respect to the terms "person," "SDI," "Defendant," "communication," "document(s)," "concerning," and "any," Plaintiff responds

as if the Request relies only on the definition set forth in the Local Rules.  With respect to the term "records," Plaintiff responds as if the term were coextensive with the term "documents."  With respect to the term "relating to," Plaintiff responds as if the term were coextensive with the term "concerning."

3.    Plaintiff objects to the definition of the term "produce" to the extent it requires Plaintiff to "separate such documents into categories set forth in this request." The definition is vague as the categories of "this request" are not apparent.

4.    Plaintiff objects to the instructions to the extent that they purport to require Plaintiff to seek or obtain documents that are not in her possession, custody, or control.

5.    Plaintiff objects to each Request to the extent it calls for documents subject to the attorney-client, work product, or other privilege.   Plaintiff will list such documents dated prior to the filing of this action on a privilege log but will not produce them. Plaintiff will not identify later documents as such identification would be invasive of attorney-work product

6.    Plaintiff objects to the instructions to the extent that, with respect to asserting the attorney-client privilege or work-product doctrine and producing information regarding such documents, they purport to impose burdens beyond those set forth in Local Civil Rules.

7.    Plaintiff objects to each Request insofar as it is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

8.    Plaintiff objects to each Request to the extent it seeks information and documents that are confidential, sensitive or trade secret.  To the extent Plaintiff is required to produce any such information and/or documents, it shall do so pursuant to a protective order negotiated between the parties in this

proceeding.

9.      Plaintiff objects to each Request that seeks the disclosure of "all" documents of a specific nature or type as posing a burden upon Plaintiff disproportionate to the needs of the case because a limited number of documents will sufficiently provide the necessary information.

10.     Plaintiff objects to every Request to the extent it is not limited as to time.

11.     Plaintiff objects to every request that seeks documents prior to one year before the infringement.

12.     Plaintiff objects to every Request that seeks documents that are already in Defendant's custody, possession, or control, readily available to Defendant, or attainable by Defendant from public sources.

13.     Plaintiff objects to the Requests insofar as they seek documents unrelated to the claims and defenses asserted in this proceeding.

14.     Where Plaintiff has objected on the grounds of any of these general objections ("General Objections") or any specific objection ("Specific Objections"), it nevertheless may produce responsive documents that it considers to be sufficient for the purposes of the proceeding with respect to the subject of the Request. The fact that Plaintiff will produce such documents is not a waiver of its objections.

15.     Plaintiff's responses and objections are without prejudice to, and Plaintiff does not waive any evidentiary objections relating to any Request or the response to the Request.

16.     Plaintiff has not concluded its investigation of the facts relating to this case and has not completed formal discovery or preparation for trial. Accordingly, there may exist documents responsive to the Requests that Plaintiff does not yet have knowledge of or has not yet located, identified, or reviewed.  All of the following responses are therefore based on such documents

currently known or available to Plaintiff after a reasonable inquiry.  Plaintiff reserves the right to alter,

amend, or supplement its responses at any time.

17.     Nothing contained in any response to any Request shall be construed as an admission by

Plaintiff relative to the existence or non-existence of any documents or information, and no such

response shall be construed as an admission respecting the relevance or admissibility of any document

or information, or the truth or accuracy of any statement or characterization contained in any Request.

## SPECIFIC RESPONSES AND OBJECTIONS

Document Request No. 1: *Your complete investigation file with respect to the allegations in your complaint, including, but not limited to, the due diligence conducted by or on behalf of Plaintiff with respect to each and every factual allegation set fort against Defendant in Plaintiff's Complaint, excluding information you maintain is protected by the attorney client privilege. To the extent any information is withheld based upon any claimed privilege or otherwise, attach to this Response a privilege log in accordance with the F.R.C.P. 26(b)(5) describing the nature of the documents, communications, or tangible items not produced or disclosed in a manner that will fairly allow Defendant to assess the validity of the assertion of privilege.*

**Response to Document Request No. 1**: Subject to the foregoing General Objections, and subject to a Protective Order, Plaintiff shall produce all documents in its possession responsive to Request No. 1.

Document Request No. 2: *All documents (including but not limited to statements and communications of any and all witnesses and/or parties to this litigation) which refer to, arise from or concern any of the factual allegations in Plaintiff's complaint and/or any commercial transactions between the parties to this litigation.*

**Response to Document Request No. 2**:  Subject to the foregoing General Objections, and subject to a Protective Order, Plaintiff shall produce all documents in its possession responsive to Request No. 2.

Document Request No. 3.: *All documents substantiating, refuting, arising from, relating to or concerning any damages claimed by Plaintiff against defendants on account of the claims and causes of action stated in Plaintiff's Complaint.*

**Response to Document Request No. 3**: Subject to the foregoing General Objections, and subject to a Protective Order, Plaintiff shall produce all documents in its possession responsive to Request No. 3.

Document Request No. 4: *The name, home and business address, background and qualifications of any and all persons in the employ of Plaintiff(s), who Plaintiff may call at trial together with a description of the facts and opinions it is believe such persons may testify to.*

**Response to Document Request No. 4**: Subject to the foregoing General Objections, Plaintiff shall produce all documents in its possession responsive to Request No. 4.

Document Request No. 5: *A list of the name, address, employer and relationship to Plaintiff, if any, of every person believed to have personal knowledge of any factual allegations in plaintiff's complaint together with a description of what information it is believed that each individual has regarding the facts alleged in Plaintiff's Complaint.*

**Response to Document Request No. 5**: Subject to the foregoing General Objections, Plaintiff shall produce all documents in its possession responsive to Request No. 5.

Document Request No. 6: *The report of all experts retained on behalf Plaintiff concerning any of the claims and allegations in Plaintiff's Complaint, regardless of whether they will testify at trial, together with a complete compilation of all documents supplied to them on behalf of Plaintiff as well as all documents which they compiled in connection with any work or analysis they did in this matter.*

**Response to Document Request No. 6**: Plaintiff does not have any documents in its possession responsive to Request No. 6.

Document Request No. 7: *All documents, which any expert identified in response to Request 6. Above has consulted or reviewed as a result of his work or analysis on your behalf or which he has or will consult in preparation of his or her analysis, report or testimony.*

**Response to Document Request No. 7**: Plaintiff does not have any documents in its possession responsive to Request No. 7.

Document Request No. 8: *The resumes and qualifications of each expert identified in response to Request 6. Above.*

**Response to Document Request No. 8:** Plaintiff does not have any documents in its possession responsive to Request No. 8.

Documents Request No. 9: *Each and every document (including photo) you allege defendant used in violation of any copyright which Plaintiff held for such document (photo).*

**Response to Document Request No. 9:** Subject to the foregoing General Objections, Plaintiff shall produce all documents in its possession responsive to Request No. 9.

<u>Document Request No. 10</u>*: A copy of the Copyright Registration Certificate for each document (photo) identified in response to 9. above.*

**Response to Document Request No. 10:** Plaintiff objects to Request No. 10 on grounds that any responsive documents consist of publicly available information and are therefore equally accessible to Defendant. Plaintiff further objects to Request No. 10 to the extent it asks Plaintiff to incur additional fees by requesting deposit copies from the Copyright Office and given that Defendant has equal access to the Copyright Office's records. Subject to the foregoing General and Specific Objections, Plaintiff shall produce non-privileged documents in its possession responsive to Request No. 10.

<u>Document Request No. 11</u>: *For each Copyright Registration Certificate identified in response to Request 10. above attach a copy of all corresponding deposit material included in each underlying copyright application submitted to the U.S. Copyright Office*

**Response to Document Request No. 11:** Plaintiff objects to Request No. 11 on grounds that any responsive documents consist of publicly available information and are therefore equally accessible to Defendant. Plaintiff further objects to Request No. 11 to the extent it asks Plaintiff to incur additional fees by requesting deposit copies from the Copyright Office and given that Defendant has equal access to the Copyright Office's records. Subject to the foregoing General and Specific Objections, Plaintiff shall produce non-privileged documents in its possession responsive to Request No. 11.


Dated:  February 26, 2020


                                    LIEBOWITZ LAW FIRM, PLLC

                                    By: <u>/s/richardpliebowitz</u>
                                        Richard P. Liebowitz
                                    11 Sunrise Plaza, Suite 305
                                    Valley Stream, NY 11580
                                    Tel: (516) 233-1660
                                    rl@LiebowitzLawFirm.com

                                    *Attorney for Plaintiff Adlife Marketing*
                                    *& Communications Company, Inc.*

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that a true and correct copy of the foregoing PLAINTIFF ADLIFE MARKETING & COMMUNICATIONS COMPANY, INC.'S OBJECTIONS AND RESPONSES TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS has been served via e-mail on February 26, 2020 to counsel listed below.

Benjamin P. Novak
Fowler, Hirtzel, McNulty & Spaulding, LLP
Suite 201
1860 Charter Lane
Lancaster, PA 17601
717-696-0551
Email: bnovak@fhmslaw.com

Gregory S. Hirtzel
Fowler Hirtzel McNulty & Spaulding, LLP
1860 Charter Lane
Suite 201
Lancaster, PA 17601
717-553-2600
Email: ghirtzel@fhmslaw.com

Kevin M. Gold, Esquire
Pillar Aught, LLC
4201 East Park Circle
Harrisburg, PA 17111

Lindsey E. Snavely, Esquire
Pillar Aught, LLC
4201 East Park Circle
Harrisburg, PA 17111

*Attorneys for Defendant*

By: /richardpliebowitz/
        Richard P. Liebowitz, Esq.
        Liebowitz Law Firm PLLC
        rl@liebowitzlawfirm.com

EXHIBIT C

**FOWLER HIRTZEL MCNULTY & SPAULDING, LLP**
BY: GREGORY S. HIRTZEL, ESQUIRE
E-MAIL: ghirtzel@fhmslaw.com
I.D. # 56027
BY: BENJAMIN P. NOVAK, ESQUIRE
E-MAIL: bnovak@fhmslaw.com
I.D. #326182
1860 CHARTER LANE, SUITE 201
LANCASTER, PA 17601
P:717-553-2604
F:717-229-1239

ATTORNEYS FOR DEFENDANT
KARNS PRIME AND FANCY FOOD, LTD.

ADLIFE MARKETING & COMMUNICATIONS COMPANY, INC.,

Plaintiff,

v.

KARNS PRIME AND FANCY FOOD, LTD. AND AD POST GRAPHICS MEDIA MARKETING, INC.,

Defendants.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA
HARRISBURG DIVISION

CIVIL ACTION - LAW

USCD M.D. Pa. 1:19-CV-01638-YK

## DEFENDANT KARNS PRIME AND FANCY FOOD, LTD'S INTERROGATORIES DIRECTED TO PLAINTIFF (SET 2)

Defendant hereby makes demand that the Plaintiff answer the following Interrogatories pursuant to the Federal Rules of Civil Procedure. These Interrogatories must be answered as provided and the Answers must be served on all other parties within thirty (30) days after the Interrogatories are deemed served.

These Interrogatories are deemed to be continuing as to require the filing of Supplemental Answers promptly in the event Defendant or its representatives (including counsel) learns additional facts not set forth in his/her original Answers or discover that information provided in the Answers is erroneous. Such Supplemental Answers may be filed from time to time, but not later than 30 days after such further information is received, pursuant Federal Rules of Civil Procedure.

{W1058590.1}                                     1

## DEFINITIONS

As used herein, unless otherwise specified, the following terms and phrases have the meaning indicated:

A.      As used in each Interrogatory herein, the term "Documents" shall mean all data, whether written, electronically stored, electronically communicated (e.g., emails, texts, social media posts, electronic advertising and any other form of electronic communications), and graphic matter of every kind or description, produced or reproduced, whether draft or final, original, duplicate or reproduction, signed or unsigned, and regardless of whether approved, sent, received, redrafted, or executed.  The term "Documents" shall also include but not be limited to: written communications, letters, correspondence, facsimiles, e-mail, memoranda, minutes, notes, photographs however the image was taken, films, video, recordings of any type, advertisements, transcripts, contracts, agreements, licenses, copyrights, purchase or sales orders, memoranda of telephone conversations or personal conversations, diaries, desk calendars, interoffice communications, reports, studies, bills, receipts, checks, checkbooks, invoices or material similar to any of the foregoing however denominated, by whomever prepared, and to whomever addressed, which are accessible to or are in the possession, custody or control of Plaintiff, Plaintiff's attorneys,  Plaintiff's representatives, agents, servants, workmen or employees, acting within the course and scope of their employment, agency or representation of/with Plaintiff. "Documents" refers to the following material, whether or not within the possession, custody or control of the Defendant.

B.      "Person" refers to any individual, associations, partnership, firms, corporation, trust, governmental agency, or other entity.

C.      "Employee" or "employees" refers to any present or former employee or employees.

D.      "He or "his" shall be read to refer, where applicable, to the feminine "she" or "her".

E.      "You" shall be construed to mean not only the Plaintiff but also his or her agents, servants, workman, employees, counsel and their respective agents, servants, employees, workman or person acting for or on behalf in any capacity.

F.      "Accident/Incident" referred to hereinafter as the allegations of liability set forth in Plaintiff's Complaint.

G.      "Identify" when used with respect to an *individual,* means to state (1) their name; (2) business affiliation and official title and/or position; and (3) their last known residential and business address.

"Identify" when used with respect to a *document,* means to state (1) the type of document (e.g. letter, memorandum, hand-written note, facsimile, e-mail); (2) its date of origin or creation; (3) its author and addressee; (4) its last known custodian or locations; (5) a brief description of its subject matter and size; and (6) to attach to your Answer a copy of the document identified.

"Identify" when used with respect to a company or other business entity, means to state, (1) the company's legal name, any former names, and the name under which it trades or does business (2) the address of its principal place of business; and (3) the identity of its chief executive officer.

H.      "You" or "your" refers to Plaintiff(s) herein and to all other persons acting or purporting to act on behalf of Plaintiff(s), including Plaintiff's attorneys,  Plaintiff's representatives, agents, servants, workmen and/or employees, acting within the course and scope of their employment, agency or representation of/with Plaintiff.

## **INSTRUCTIONS**

A.      Where asked to identify an individual person, state the person's:

    1.      full name;

    2.      present or last known residence address; and

    3.      present or last known business address and position.

B.      Where asked to identify an entity other than an individual person, state its:

    1.      full name; and

    2.      present or last known address.

C.      Where asked to identify a document, include the following information, where applicable:

    1.      the type of document, i.e., letter, memorandum, note, etc.

    2.      the date that the document was prepared;

    3.      the document's author(s) or the person(s) who prepared or compiled it;

    4.      the person(s) to whom the document was addressed and sent;

    5.      the document's present location and custodian;

    6.      the disposition made of the document, if it was in your possession or control but is no longer; and

    7.      the date that the document was destroyed, and the reasons therefore.

D.      Where asked to identify a communication, include the following information:

    1.      the manner of such communication, i.e., oral, written, telephone calls, etc.

    2.      the person or persons making each such communication;

    3.      the person or persons to whom each such communication was made;

    4.      all persons present at the time of each such communication;

    5.      the date and time of such communications;

    6.      the place where such communication was made or held; and

    7.      the substance of each such communication.

E.      Where asked to identify a meeting, include the following information:

    1.      the date and place of the meeting; and

    2.      all persons present.

F.      Where asked to identify and describe tests, studies, investigations and reports, include the following information:

    1.      the date (or time period) and place of each test, study, investigation or report;

    2.      the name or title of each test, study, investigation or report;

    3.      the person(s) who commissioned each test, study, investigation or report;

    4.      the person(s) who conducted prepared or participated in each test, study, investigation or report;

    5.      the purpose of each test, study, investigation or report;

    6.      a summary of the substance, subjects, topics and findings of each test, study, investigation or report; and

    7.      all documents which relate refer or pertain to each test, study, or investigation or report.

G.      To the extent that the information or communication sought in an interrogatory is incorporated or contained in a document, identify the document and attach a copy to your answers.

H.      If you object to an interrogatory on the basis of privilege, state in detail the facts on which you base your objection.

I.      The instructions and definitions which precede these interrogatories are an integral part hereof, and information requested in each interrogatory includes all information called for by reference to the instructions and definitions.

J.      Whenever the word "identify" is used with reference to a person or document identified in a previous answer, it shall be sufficient to state his, her or its name or title and refer to the answer in which he, she or it was previously identified.

K.      Where applicable, information sought by an interrogatory may be furnished by reference to another answer, but separate answers should be given in all cases, and interrogatories should not be joined together and accorded a common answer.

L.      Where exact information cannot be furnished, estimated information should be applied to the best extent possible.  Where estimated information is used, it should be so indicated as an explanation given as to the source and basis of the estimate.

## **INTERROGATORIES**

1.      For the period following January 1, 2015, identify each and every letter, email, fax, and other communication sent by or on behalf of Adlife in which demand is made for money on account of copyright infringement.

    a.      With respect to each such letter, email, fax, and other communication, identify:

        i.      The specific date on which it was sent;

        ii.     the addressee;

        iii.    the amount of money demanded for copyright infringement.

2.      For the period you allege is relevant to the Complaint, identify the amount of revenue generated for Adlife by the photos you allege Defendant infringed.

3.      State the amount of financial and/or economic detriment Plaintiff has suffered on account of the copyright infringement you allege in the complaint, and provide all documents relied upon in providing your answer to this question.

4.      Identify by court term and docket number each and every civil action commenced by or on behalf of Plaintiff in the past five years which concerned in whole or in part allegations by Plaintiff of copyright infringement or intellectual property violations.

**FOWLER HIRTZEL MCNULTY &
SPAULDING, LLP**

Date: March 13, 2019

By:

    Gregory S. Hirtzel, Esquire
    Benjamin P. Novak, Esquire
    Attorneys For Defendant Karns Prime
    and Fancy Food, Ltd.

## <u>CERTIFICATE OF SERVICE</u>

I, Donna M. McConnell, RP, Pa.C.P., an employee of the law office of Fowler Hirtzel McNulty & Spaulding, LLP do hereby certify that I caused a true and correct copy of ***Defendant Karns Prime and Fancy Food, Ltd's Interrogatories Directed to Plaintiff (Set2)*** to be served upon the following person(s) at the following address(es) by sending same via e-mail or United States First Class Mail on the date set forth below:

> Richard P. Liebowitz, Esquire
> Liebowitz Law Firm, PLLC
> 11 Sunrise Plaza, Suite 305
> Valley Stream, NY  11580
> *Attorney for Plaintiff*

> Kevin M. Gold, Esquire
> Pillar Aught, LLC
> 4201 East Park Circle
> Harrisburg, PA  17111
> *Personal Counsel for Defendant Karns Prime and Fancy Food, Ltd.*

> Lindsey E. Snavely, Esquire
> Pillar Aught, LLC
> 4201 East Park Circle
> Harrisburg, PA  17111
> *Personal Counsel for Defendant Karns Prime and Fancy Food, Ltd.*


**FOWLER HIRTZEL McNULTY & SPAULDING, LLP**


Dated:   March 13, 2020            By:   *Donna M. McConnell*

Donna M. McConnell, RP, Pa.C.P.
1860 Charter Lane, Suite 201
Lancaster, PA 17601-5865
(717) 553-2604

**FOWLER HIRTZEL MCNULTY & SPAULDING, LLP**
BY: GREGORY S. HIRTZEL, ESQUIRE
E-MAIL: ghirtzel@fhmslaw.com
I.D. # 56027
BY: BENJAMIN P. NOVAK, ESQUIRE
E-MAIL: bnovak@fhmslaw.com
I.D. #326182
1860 CHARTER LANE, SUITE 201
LANCASTER, PA 17601
P:717-553-2604
F:717-229-1239

ATTORNEYS FOR DEFENDANT
KARNS PRIME AND FANCY FOOD, LTD.

|  |  |
|---|---|
| ADLIFE MARKETING & COMMUNICATIONS COMPANY, INC.,<br><br>                    Plaintiff,<br><br>        v.<br><br>KARNS PRIME AND FANCY FOOD, LTD. AND AD POST GRAPHICS MEDIA MARKETING, INC.,<br><br>                    Defendants. | UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF PENNSYLVANIA HARRISBURG DIVISION<br><br>CIVIL ACTION - LAW<br><br>USCD M.D. Pa. 1:19-CV-01638-YK |

## DEFENDANT KARNS PRIME AND FANCY FOOD, LTD'S INTERROGATORIES DIRECTED TO PLAINTIFF (SET 2)

Defendant hereby makes demand that the Plaintiff answer the following Interrogatories pursuant to the Federal Rules of Civil Procedure. These Interrogatories must be answered as provided and the Answers must be served on all other parties within thirty (30) days after the Interrogatories are deemed served.

These Interrogatories are deemed to be continuing as to require the filing of Supplemental Answers promptly in the event Defendant or its representatives (including counsel) learns additional facts not set forth in his/her original Answers or discover that information provided in the Answers is erroneous. Such Supplemental Answers may be filed from time to time, but not later than 30 days after such further information is received, pursuant Federal Rules of Civil Procedure.

## DEFINITIONS

As used herein, unless otherwise specified, the following terms and phrases have the meaning indicated:

A.     As used in each Interrogatory herein, the term "Documents" shall mean all data, whether written, electronically stored, electronically communicated (e.g., emails, texts, social media posts, electronic advertising and any other form of electronic communications), and graphic matter of every kind or description, produced or reproduced, whether draft or final, original, duplicate or reproduction, signed or unsigned, and regardless of whether approved, sent, received, redrafted, or executed.  The term "Documents" shall also include but not be limited to: written communications, letters, correspondence, facsimiles, e-mail, memoranda, minutes, notes, photographs however the image was taken, films, video, recordings of any type, advertisements, transcripts, contracts, agreements, licenses, copyrights, purchase or sales orders, memoranda of telephone conversations or personal conversations, diaries, desk calendars, interoffice communications, reports, studies, bills, receipts, checks, checkbooks, invoices or material similar to any of the foregoing however denominated, by whomever prepared, and to whomever addressed, which are accessible to or are in the possession, custody or control of Plaintiff, Plaintiff's attorneys,  Plaintiff's representatives, agents, servants, workmen or employees, acting within the course and scope of their employment, agency or representation of/with Plaintiff. "Documents" refers to the following material, whether or not within the possession, custody or control of the Defendant.

B.     "Person" refers to any individual, associations, partnership, firms, corporation, trust, governmental agency, or other entity.

C.     "Employee" or "employees" refers to any present or former employee or employees.

D.     "He or "his" shall be read to refer, where applicable, to the feminine "she" or "her".

E.     "You" shall be construed to mean not only the Plaintiff but also his or her agents, servants, workman, employees, counsel and their respective agents, servants, employees, workman or person acting for or on behalf in any capacity.

F.     "Accident/Incident" referred to hereinafter as the allegations of liability set forth in Plaintiff's Complaint.

G.     "Identify" when used with respect to an *individual,* means to state (1) their name; (2) business affiliation and official title and/or position; and (3) their last known residential and business address.

"Identify" when used with respect to a *document,* means to state (1) the type of document (e.g. letter, memorandum, hand-written note, facsimile, e-mail); (2) its date of origin or creation; (3) its author and addressee; (4) its last known custodian or locations; (5) a brief description of its subject matter and size; and (6) to attach to your Answer a copy of the document identified.

"Identify" when used with respect to a company or other business entity, means to state, (1) the company's legal name, any former names, and the name under which it trades or does business (2) the address of its principal place of business; and (3) the identity of its chief executive officer.

H.      "You" or "your" refers to Plaintiff(s) herein and to all other persons acting or purporting to act on behalf of Plaintiff(s), including Plaintiff's attorneys,  Plaintiff's representatives, agents, servants, workmen and/or employees, acting within the course and scope of their employment, agency or representation of/with Plaintiff.

## **<u>INSTRUCTIONS</u>**

A.      Where asked to identify an individual person, state the person's:

      1.      full name;

      2.      present or last known residence address; and

      3.      present or last known business address and position.

B.      Where asked to identify an entity other than an individual person, state its:

      1.      full name; and

      2.      present or last known address.

C.      Where asked to identify a document, include the following information, where applicable:

      1.      the type of document, i.e., letter, memorandum, note, etc.

      2.      the date that the document was prepared;

      3.      the document's author(s) or the person(s) who prepared or compiled it;

      4.      the person(s) to whom the document was addressed and sent;

      5.      the document's present location and custodian;

      6.      the disposition made of the document, if it was in your possession or control but is no longer; and

      7.      the date that the document was destroyed, and the reasons therefore.

D.      Where asked to identify a communication, include the following information:

      1.      the manner of such communication, i.e., oral, written, telephone calls, etc.

2.     the person or persons making each such communication;

3.     the person or persons to whom each such communication was made;

4.     all persons present at the time of each such communication;

5.     the date and time of such communications;

6.     the place where such communication was made or held; and

7.     the substance of each such communication.

E.     Where asked to identify a meeting, include the following information:

1.     the date and place of the meeting; and

2.     all persons present.

F.     Where asked to identify and describe tests, studies, investigations and reports, include the following information:

1.     the date (or time period) and place of each test, study, investigation or report;

2.     the name or title of each test, study, investigation or report;

3.     the person(s) who commissioned each test, study, investigation or report;

4.     the person(s) who conducted prepared or participated in each test, study, investigation or report;

5.     the purpose of each test, study, investigation or report;

6.     a summary of the substance, subjects, topics and findings of each test, study, investigation or report; and

7.     all documents which relate refer or pertain to each test, study, or investigation or report.

G.     To the extent that the information or communication sought in an interrogatory is incorporated or contained in a document, identify the document and attach a copy to your answers.

H.     If you object to an interrogatory on the basis of privilege, state in detail the facts on which you base your objection.

I.     The instructions and definitions which precede these interrogatories are an integral part hereof, and information requested in each interrogatory includes all information called for by reference to the instructions and definitions.

J.      Whenever the word "identify" is used with reference to a person or document identified in a previous answer, it shall be sufficient to state his, her or its name or title and refer to the answer in which he, she or it was previously identified.

K.      Where applicable, information sought by an interrogatory may be furnished by reference to another answer, but separate answers should be given in all cases, and interrogatories should not be joined together and accorded a common answer.

L.      Where exact information cannot be furnished, estimated information should be applied to the best extent possible.  Where estimated information is used, it should be so indicated as an explanation given as to the source and basis of the estimate.


## **INTERROGATORIES**

1.      For the period following January 1, 2015, identify each and every letter, email, fax, and other communication sent by or on behalf of Adlife in which demand is made for money on account of copyright infringement.

      a.      With respect to each such letter, email, fax, and other communication, identify:

            i.      The specific date on which it was sent;

            ii.      the addressee;

            iii.      the amount of money demanded for copyright infringement.


2.      For the period you allege is relevant to the Complaint, identify the amount of revenue generated for Adlife by the photos you allege Defendant infringed.


3.      State the amount of financial and/or economic detriment Plaintiff has suffered on account of the copyright infringement you allege in the complaint, and provide all documents relied upon in providing your answer to this question.


4.      Identify by court term and docket number each and every civil action commenced by or on behalf of Plaintiff in the past five years which concerned in whole or in part allegations by Plaintiff of copyright infringement or intellectual property violations.

**FOWLER HIRTZEL MCNULTY & SPAULDING, LLP**

Date: March 13, 2019

By:

Gregory S. Hirtzel, Esquire
Benjamin P. Novak, Esquire
Attorneys For Defendant Karns Prime
and Fancy Food, Ltd.

## CERTIFICATE OF SERVICE

I, Donna M. McConnell, RP, Pa.C.P., an employee of the law office of Fowler Hirtzel McNulty & Spaulding, LLP do hereby certify that I caused a true and correct copy of ***Defendant Karns Prime and Fancy Food, Ltd's Interrogatories Directed to Plaintiff (Set2)*** to be served upon the following person(s) at the following address(es) by sending same via e-mail or United States First Class Mail on the date set forth below:

> Richard P. Liebowitz, Esquire
> Liebowitz Law Firm, PLLC
> 11 Sunrise Plaza, Suite 305
> Valley Stream, NY  11580
> *Attorney for Plaintiff*
>
> Kevin M. Gold, Esquire
> Pillar Aught, LLC
> 4201 East Park Circle
> Harrisburg, PA  17111
> *Personal Counsel for Defendant Karns Prime and Fancy Food, Ltd.*
>
> Lindsey E. Snavely, Esquire
> Pillar Aught, LLC
> 4201 East Park Circle
> Harrisburg, PA  17111
> *Personal Counsel for Defendant Karns Prime and Fancy Food, Ltd.*


**FOWLER HIRTZEL McNULTY & SPAULDING, LLP**

Dated:   March 13, 2020          By:   *Donna M. McConnell*

Donna M. McConnell, RP, Pa.C.P.
1860 Charter Lane, Suite 201
Lancaster, PA 17601-5865
(717) 553-2604

# EXHIBIT D

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA
HARRISBURG DIVISION

| | |
|---|---|
| ADLIFE MARKETING & COMMUNICATIONS COMPANY, INC., <br><br>      Plaintiff, <br><br>  - against – <br><br><br> KARNS PRIME AND FANCY FOOD, LTD. AND AD POST GRAPHICS MEDIA MARKETING, INC., <br>       Defendants. | Case No.: 1:19-cv-01638-YK |

## PLAINTIFF ADLIFE MARKETING & COMMUNICATIONS COMPANY, INC.'S ANSWERS AND OBJECTIONS TO DEFENDANTS' SECOND SET OF INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff Adlife

Marketing & Communications Company, Inc. ("Plaintiff"), by its counsel, Liebowitz Law

Firm, PLLC, hereby answers and objects to Defendants' Karns Prime and Fancy Food, Ltd.

and Ad Post Graphics Media Marketing, Inc.'s Second Set of Interrogatories (the

"Interrogatories," and each individually, a "Interrogatory") as follows:

## GENERAL OBJECTIONS

Plaintiff makes the following General Objections to the Interrogatories. These General

Objections apply to each of the Interrogatories, set forth immediately below, and are

incorporated therein by reference. The Specific Objections, even if the same or similar, do not

waive the General Objections. Answering any Specific Interrogatory shall not be construed as an

admission that the Defendants is entitled to any response more specific than provided:

1.      Plaintiff objects to Instructions, Definitions, and Interrogatories that impose duties or obligations beyond, or inconsistent with, those set forth in Local Rules and the Federal Rules.

2.      Plaintiff objects to the extent the Interrogatories seek information outside the scope of this proceeding. To the extent that the information sought is not relevant nor proportional to the needs of the case, the Plaintiff objects. Similarly, if the interrogatory is vague, ambiguous, the Plaintiff objects.

3.      Plaintiff objects to Interrogatories to the extent they seek information that is not within Plaintiff's possession, custody or control.

4.      Plaintiff objects to the extent the information sought is already in Defendants', or third party's possession, custody or control, or is publicly available.

5.      Plaintiff objects to the extent the information is duplicative or redundant and the burden of deriving and ascertaining the answers is the same or similar for the Defendants as for the Plaintiff.

6.      Plaintiff objects to the extent information sought is protected by attorney-client privilege, work-product doctrine. Inadvertent disclosure thereof will not waive the privilege or similar protection from discovery.

7.      Plaintiff objects to the extent the information sought is subject to confidentiality duty to a non-party.

8.      Plaintiff objects to the extent information sought assumes disputed facts and legal conclusions.

9.      In answering, the Plaintiff does not waive and expressly reserves all objections.

10.     The answers are based on Plaintiff's current knowledge and best efforts to secure the information sought. Plaintiff reserves the right to supplement the information.

## SPECIFIC ANSWERS AND OBJECTIONS

Interrogatory No. 1: *For the period following January 1, 2015, identify each and every letter, email, fax, and other communication sent by or on behalf of Adlife in which demand is made for money on account of copyright infringement.*
*a. With respect to each such letter, email, fax, and other communication, identify:*
*i. The specific date on which it was sent;*
*ii. the addressee;*
*iii. the amount of money demanded for copyright infringement.*

**Answer to Interrogatory No. 1**: Plaintiff objects to Interrogatory No. 1 on grounds that it is overly broad.  Plaintiff further objects on grounds that Interrogatory No. 1 seeks information that is disproportionate to the needs of the case, immaterial to any claim or defense in this action and not calculated to lead to the discovery of admissible evidence at trial. Plaintiff does not have any information responsive to Interrogatory No. 1 respecting the infringement at issue in this action.  Accordingly, no further response is required.

Interrogatory No. 2: *For the period you allege is relevant to the Complaint, identify the amount of revenue generated for Adlife by the photos you allege Defendant infringed.*

**Answer to Interrogatory No. 2**: Plaintiff charges a flat subscription rate of $999.00 per month for use of the photographs; however, it charges $8000.00 per work for unauthorized use.

Interrogatory No. 3: *State the amount of financial and/or economic detriment Plaintiff has suffered on account of the copyright infringement you allege in the complaint, and provide all documents relied upon in providing your answer to this question.*

**Answer to Interrogatory No. 3:** Plaintiff charges a flat subscription rate of $999.00 per month for use of the photographs; however, it charges $8000.00 per work for unauthorized use.

Interrogatory No. 4: *Identify by court term and docket number each and every civil action commenced by or on behalf of Plaintiff in the past five years which concerned in whole or in part allegations by Plaintiff of copyright infringement or intellectual property violations.*

**Answer to Interrogatory No. 4:** Plaintiff objects to Interrogatory No. 1 on grounds that it is overly broad.  Plaintiff further objects on grounds that Interrogatory No. 1 seeks information that is disproportionate to the needs of the case, immaterial to any claim or defense in this action and not calculated to lead to the discovery of admissible evidence at trial. Plaintiff further objects on grounds that such information is equally accessible to Defendant.  Accordingly, no further response is required.

Dated: April 13, 2020

LIEBOWITZ LAW FIRM, PLLC

By: **/s/richardliebowitz**
Richard P. Liebowitz
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
Tel: (516) 233-1660
rl@LiebowitzLawFirm.com

*Attorney for Plaintiff Adlife*
*Marketing & Communications*
*Company, Inc.*

## VERIFICATION

Pursuant to Rule 33(b)(5) of the Federal Rules of Civil Procedure ("Federal Rules"), I, JOEL

ABRIZIO certify that I have read Plaintiff's Answers and Objections to Defendant's First Set of

Interrogatories, dated April 13, 2020, and know the contents thereof, and the same are true and

accurate to the best of my knowledge, information and/or good faith belief.

April 14__, 2020

*Joel M. Albrizio*
_____

JOEL ALBRIZIO

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that a true and correct copy of the foregoing PLAINTIFF ADLIFE MARKETING & COMMUNICATIONS COMPANY, INC.'S ANSWERS AND OBJECTIONS TO DEFENDANTS' SECOND SET OF INTERROGATORIES has been served via e-mail on April 14, 2020 to counsel listed below.

GREGORY S. HIRTZEL, ESQ.
E-MAIL: ghirtzel@fhmslaw.com
BENJAMIN P. NOVAK, ESQ.
E-MAIL: bnovak@fhmslaw.com
1860 CHARTER LANE, SUITE 201
LANCASTER, PA 17601
P:717-553-2604
F:717-229-1239

*Attorneys for Defendants*

**By: /richardpliebowitz/**
Richard P. Liebowitz
Liebowitz Law Firm PLLC
rl@liebowitzlawfirm.com

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA
HARRISBURG DIVISION

---

ADLIFE MARKETING & COMMUNICATIONS
COMPANY, INC.,

                Plaintiff,

    - against –

KARNS PRIME AND FANCY FOOD, LTD.
AND AD POST GRAPHICS MEDIA
MARKETING, INC.,

                Defendants.

Case No.: 1:19-cv-01638-YK

---

## PLAINTIFF ADLIFE MARKETING & COMMUNICATIONS COMPANY, INC.'S RESPONSES TO DEFENDANTS' SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

      Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff

Adlife Marketing & Communications Company, Inc. ("Plaintiff"), by his counsel,

Liebowitz Law Firm, PLLC, responds as follows to Karns Prime and Fancy Food, Ltd.

and Ad Post Graphics Media Marketing, Inc.'s Second Set of Requests for the Production

of Documents (the "Requests," and each individually, a "Request"):

## GENERAL OBJECTIONS

      The following general objections ("General Objections") are incorporated in full into

each response as if fully set forth therein, and all responses are subject to these general

objections.

      1.      Plaintiff objects to the Definitions set forth in the Requests to the extent they

seek to impose greater burdens on Plaintiff than are required by the Federal Rules of Civil Procedure.

2.      Plaintiff objects to the Definitions set forth in the Requests to the extent they seek to impose greater burdens on Plaintiff than would the definitions for such terms contained in the Local Rules of the U.S. District Court for the Middle District of Pennsylania. With respect to the terms "person," "SDI," "Defendants," "communication," "document(s)," "concerning," and "any," Plaintiff responds as if the Request relies only on the definition set forth in the Local Rules.  With respect to the term "records," Plaintiff responds as if the term were coextensive with the term "documents."  With respect to the term "relating to," Plaintiff responds as if the term were coextensive with the term "concerning."

3.      Plaintiff objects to the definition of the term "produce" to the extent it requires Plaintiff to "separate such documents into categories set forth in this request." The definition is vague as the categories of "this request" are not apparent.

4.      Plaintiff objects to the instructions to the extent that they purport to require Plaintiff to seek or obtain documents that are not in her possession, custody, or control.

5.      Plaintiff objects to each Request to the extent it calls for documents subject to the attorney-client, work product, or other privilege.   Plaintiff will list such documents dated prior to the filing of this action on a privilege log but will not produce them. Plaintiff will not identify later documents as such identification would be invasive of attorney-work product

6.     Plaintiff objects to the instructions to the extent that, with respect to asserting the attorney-client privilege or work-product doctrine and producing information regarding such documents, they purport to impose burdens beyond those set forth in Local Civil Rules.

7.     Plaintiff objects to each Request insofar as it is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

8.     Plaintiff objects to each Request to the extent it seeks information and documents that are confidential, sensitive or trade secret.  To the extent Plaintiff is required to produce any such information and/or documents, it shall do so pursuant to a protective order negotiated between the parties in this proceeding.

9.     Plaintiff objects to each Request that seeks the disclosure of "all" documents of a specific nature or type as posing a burden upon Plaintiff disproportionate to the needs of the case because a limited number of documents will sufficiently provide the necessary information.

10.    Plaintiff objects to every Request to the extent it is not limited as to time.

11.    Plaintiff objects to every request that seeks documents prior to one year before the infringement.

12.    Plaintiff objects to every Request that seeks documents that are already in Defendants' custody, possession, or control, readily available to Defendants, or attainable

by Defendants from public sources.

13.     Plaintiff objects to the Requests insofar as they seek documents unrelated to the claims and defenses asserted in this proceeding.

14.     Where Plaintiff has objected on the grounds of any of these general objections ("General Objections") or any specific objection ("Specific Objections"), it nevertheless may produce responsive documents that it considers to be sufficient for the purposes of the proceeding with respect to the subject of the Request. The fact that Plaintiff will produce such documents is not a waiver of its objections.

15.     Plaintiff's responses and objections are without prejudice to, and Plaintiff does not waive any evidentiary objections relating to any Request or the response to the Request.

16.     Plaintiff has not concluded its investigation of the facts relating to this case and has not completed formal discovery or preparation for trial. Accordingly, there may exist documents responsive to the Requests that Plaintiff does not yet have knowledge of or has not yet located, identified, or reviewed.  All of the following responses are therefore based on such documents currently known or available to Plaintiff after a reasonable inquiry.  Plaintiff reserves the right to  alter, amend, or supplement its responses at any time.

17.     Nothing contained in any response to any Request shall be construed as an admission by Plaintiff relative to the existence or non-existence of any documents or information, and no such response shall be construed as an admission respecting the relevance or admissibility of any document or information, or the truth or accuracy of any

statement or characterization contained in any Request.

## SPECIFIC RESPONSES AND OBJECTIONS

**Document Request No. 1:** *Any and all communications dated after January 1, 2015, sent by or on behalf of Adlife (including those sent by Adlife's agents, servants, workmen, employees, officers, directors, members and/or managers) in which demand is made for money on account of alleged copyright infringement.*

**Response to Document Request No. 1:** Plaintiff objects to Request No. 1 on grounds that it is overly broad.  Plaintiff further objects on grounds that Request No. 1 seeks information that is disproportionate to the needs of the case, immaterial to any claim or defense in this action and not calculated to lead to the discovery of admissible evidence at trial. Plaintiff does not have any documents responsive to Request No. 1 respecting the infringement at issue in this action. Accordingly, no further response is required.

Document Request No. 2: *All documents identified and/or supporting and/or tending to support to in your answers to Karns' Interrogatories Directed to Plaintiff (Set 2).*

**Response to Document Request No. 2:** Subject to the foregoing General Objections, Plaintiff shall produce all documents in his possession responsive to Request No.  2.

Document Request No. 3.:  *A full and unabridged copy of the transcript of each and every deposition conducted after January 1, 2015, in which Joel Albrizio and/or a corporate designee of Adlife has been deposed in a case involving allegations of copyright infringement.*

**Response to Document Request No. 3**: Plaintiff objects to Request No. 3 on grounds that it is overly broad. Plaintiff further objects on grounds that Request No. 3 seeks information that is disproportionate to the needs of the case, immaterial to any claim or defense in this action and not calculated to lead to the discovery of admissible evidence at trial. Accordingly, no further response is required.

Document Request No. 4: *A copy of each and every expert report, dated after January 1, 2015, produced by or on behalf of Adlife in litigation involving allegations of copyright infringement.*

**Response to Document Request No. 4**: Plaintiff objects to Request No. 4 on grounds that it is overly broad. Plaintiff further objects on grounds that Request No. 4 seeks information that is disproportionate to the needs of the case, immaterial to any claim or defense in this action and not calculated to lead to the discovery of admissible evidence at trial. Accordingly, no further response is required.

Dated:  April 13, 2020

LIEBOWITZ LAW FIRM, PLLC

**By: /s/richardpliebowitz**
 Richard P. Liebowitz
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
Tel: (516) 233-1660
rl@LiebowitzLawFirm.com

*Attorney for Plaintiff Adlife*
*Marketing & Communications*
*Company,*
*Inc.*

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that a true and correct copy of the foregoing PLAINTIFF ADLIFE MARKETING & COMMUNICATIONS COMPANY, INC.'S OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS has been served via e-mail on April 14, 2020 to counsel listed below.

GREGORY S. HIRTZEL, ESQ.
E-MAIL: ghirtzel@fhmslaw.com
BENJAMIN P. NOVAK, ESQ.
E-MAIL: bnovak@fhmslaw.com
1860 CHARTER LANE, SUITE 201
LANCASTER, PA 17601
P:717-553-2604
F:717-229-1239

*Attorneys for Defendants*

By: /richardpliebowitz/
Richard P. Liebowitz, Esq.
Liebowitz Law Firm PLLC
rl@liebowitzlawfirm.com

EXHIBIT E

<u>UNITED STATES DISTRICT COURT</u>
<u>FOR THE MIDDLE DISTRICT OF PENNSYLVANIA</u>

ADLIFE MARKETING &                      :
COMMUNICATIONS COMPANY, INC.,  :
     Plaintiff              :
           :
vs.                                     :
           :
KARNS PRIME AND FANCY FOOD,     :
LTD. AND AD POST GRAPHICS       :      Civil Action No.:  1:19-CV-01638-YK
MEDIA MARKETING, INC.,          :
     Defendants.            :
vs.                                     :
           :
FRY COMMUNICATIONS, INC.,       :
    Third-Party Defendant       :

## <u>ANSWERS AND OBJECTIONS OF DEFENDANT, KARNS PRIME AND FANCY FOOD, LTD., TO PLAINTIFF'S FIRST SET OF INTERROGATORIES</u>

AND NOW, comes Defendant, Karns Prime And Fancy Food. Ltd., (sometimes referred to as "Karns" and "Answering Defendant") by and through its counsel, Fowler, Hirtzel, McNulty, and Spaulding, LLP, and files the within Answers and Objections to the First Set of Interrogatories of Plaintiff, Adlife Marketing & Communications Company, Inc. (sometimes referred to as "Plaintiff" and/or "Adlife").
   .

## <u>GENERAL OBJECTIONS</u>

The Answering Defendant, upon advice of counsel, objects to Plaintiff's First Set of Interrogatories ("the Interrogatories") to the extent that any of the Interrogatories seek information which is not relevant to the subject matter of this action, as to which testimony would be inadmissible at trial, and which is not reasonably calculated to lead to the discovery of admissible evidence.

The Answering Defendant, upon advice of counsel, objects to the Interrogatories to the extent that any of the Interrogatories seek information which is protected by the attorney client privilege and/or the attorney work product doctrine.

The Answering Defendant, upon advice of counsel, objects to the Interrogatories to the extent that any of the Interrogatories are unreasonably broad, unduly burdensome and oppressive, and seek to require Answering Defendant to conduct an unreasonable investigation on behalf of Plaintiff.

The Answering Defendant, upon advice of counsel, objects to the Interrogatories to the extent that any of the Interrogatories seek documents outside the scope permitted by the Federal

Rules of Civil Procedure.

The Answering Defendant, upon advice of counsel, objects to any of the Interrogatories to the extent that any of the Interrogatories are incapable of being answered.

The Answering Defendant, upon advice of counsel, objects generally to the Interrogatories in that they are open ended, overly broad and otherwise seek information pertaining to time periods that are not relevant to the issues in this case or otherwise seek information not relevant to the issues of this case.

The Answering Defendant, upon advice of counsel, objects to the use of the word "all" used throughout the Interrogatories, as Answering Defendant's investigation of this matter is ongoing, and as such, Answering Defendant cannot and does not purport to provide "all" persons or things responsive to each respective Interrogatory.

The Answering Defendant, upon advice of counsel, objects to the instructions and definitions provided with these Interrogatories on the basis that such definitions are overly broad, vague, and often inconsistent with the normal usage and meaning of the words. The instructions are likewise overly broad, burdensome and constitute an unreasonable expansion of the Answering Defendant's discovery obligations and as such, the Plaintiff's instructions and definitions will not be followed by the Answering Defendant in Answering Plaintiff's discovery requests. To the contrary, the Answering Defendant will answer Plaintiff's discovery requests in accordance with the requirements of the Federal Rules of Civil Procedure.

The Answering Defendant, upon advice of counsel, incorporates these general objections in each separate Answer to each of the Interrogatories as if set forth fully therein.

Investigating is continuing and the Answering Defendant reserves the right to supplement the following Answers with any such further information as may be revealed in the course of its investigation or in the course of discovery in this matter.

## **INTERROGATORIES**

1.     Identify all Advertisements domains where defendant published the Photographs.

**ANSWER:**

**The Answering Defendant lacks knowledge or information as to what Plaintiff is referring to with reference to the phrase "Advertisements domains where defendant published the Photographs" and objects to this question because the operative terms are not defined. By way of further reply and objection, assuming "the Photographs" refers to those allegedly shown in Exhibit "A" to Plaintiff's Complaint, the Answering Defendant, upon advice of counsel, objects to this interrogatory on the basis that it presupposes that Answering Defendant published the photographs, a proposition which is denied by Answering Defendant. By way of further response, is unable to respond to this interrogatory without further clarification from Plaintiff.**

2.      Identify any Advertisement sand URLs from where defendant obtained the Photographs. [the word "sand" is in the original].

**ANSWER:**
**Objection. Answering Defendant objects to this interrogatory on the grounds that it is grammatically incoherent, and thus, Answering Defendant is unable to answer it without further clarification from Plaintiff. Answering Defendant further objects to this interrogatory on the grounds that it seemingly presupposes that Answering Defendant obtained the photographs, a proposition which is denied by Answering Defendant. Subject to, and without waiver of, the foregoing objection, the subject photographs used in Karns' advertisements were obtained by Fry Communications, Inc.**

3.      Identify all persons from whom defendant obtained the Photographs.

**ANSWER:**
**Objection. Answering Defendant objects to this interrogatory on the grounds that it presupposes that Answering Defendant obtained the Photographs, a proposition which Answering Defendant denies. Subject to, and without waiver of, the foregoing objection, the subject photographs used in Karns' advertisements were obtained by Fry Communications, Inc.**

4.      Identify all persons who found, decided to use, and/or edited the Photographs.

**ANSWER:**
**Objection. Answering Defendant objects to this interrogatory to the extent it presupposes that Answering Defendant found, decided to use, and/or edited the Photographs, a proposition which is denied by Answering Defendant.**

5.      Identify all persons with knowledge or information concerning the posting, display and publication of the Photographs on the Advertisements.

**ANSWER:**
**Objection. Answering Defendant objects to this interrogatory on the grounds that the term "posting, display and publication" is grammatically vague, as it is not clear whether the phrase is conjunctive or disjunctive, and as such, Answering Defendant is unable to respond without further clarification from Plaintiff. Answering Defendant further objects to this interrogatory to the extent that it presupposes that Answering Defendant was involved in deciding which photos would be used in the advertisements, a proposition which is denied by Answering Defendant.**

6.      Identify all of defendant's employees, independent contractors and/or agents who have knowledge or information relevant to Defendants' publication of the Photographs on the Advertisements.

**ANSWER:**

**Objection. Answering Defendant objects to this interrogatory on the basis that it presupposes that Answering Defendant published the photographs, a proposition which is denied by Answering Defendant. Without waiver of, and subject to, the foregoing objections, Karns' corporate designee.**

7.      Identify all of defendant's employees, independent contractors and/or agents who have knowledge or information concerning the revenues, sales and profits earned or received from the Advertisements.

**ANSWER:**
**Objection. Answering Defendant objects to this interrogatory on the grounds that the term "revenues, sales and profits" is grammatically vague, as it is not clear whether the phrase is conjunctive or disjunctive, and as such, Answering Defendant is unable to respond without further clarification from Plaintiff. Answering Defendant further objects to this interrogatory on the basis that it seeks discovery of proprietary and privileged information insofar as Answering Defendant's revenue, sales, and profits are each trade secrets and/or confidential commercial information. Answering Defendant also objects to this Interrogatory insofar as it places an undue burden on Answering Defendant, insofar as Plaintiff has not proffered evidence that it is truly the registered owner of the copyrights at issue, and until such time, the requested discovery is unduly burdensome and oppressive.**

8.      Identify all defendant's employees or agents who have knowledge or information concerning the revenues, sales and profits earned or received from the Advertisements.

**ANSWER:**
**Objection. Answering Defendant objects to this interrogatory on the basis that it seeks discovery of proprietary and privileged information insofar as Answering Defendant's revenue, sales, and profits are trade secrets and/or confidential commercial information. Answering Defendant further objects to this Interrogatory insofar as it places an undue burden on Answering Defendant, insofar as Plaintiff has not proffered evidence that it is truly the registered owner of the copyrights at issue, and until such time, the requested discovery is unduly burdensome and oppressive.**

9.      Identify all persons with knowledge or information about defendant's procedures, policies or practices for licensing Photographic content.

**ANSWER:**
**Objection. Answering Defendant objects to this interrogatory on the basis that the term "photographic content" is not defined by Plaintiff, and thus Answering Defendant is unable to respond to this interrogatory without further clarification from Plaintiff. Without waiver of, and subject to, the foregoing objections, Fry Communications, Inc.**

10.      Identify all persons with knowledge or information about defendant's attempts to

secure the rights to the Photographs prior to its publication on the Advertisements.

**ANSWER:**

**Objection. Answering Defendant objects to this Interrogatory to the extent that it presupposes and/or implies that Answering Defendant was responsible to secure the rights to the Photographs, a proposition which is denied by Answering Defendant. Without waiver of, and subject to, the foregoing objection, Answering Defendant retained Fry Communications, Inc., a responsible and experienced advertising firm, to provide photos for use in Answering Defendant's advertisements that were appropriately licensed, and that would not create liability for Copyright infringement.**

11.    Identify the author(s) of the Advertisements in which the Photographs appeared.

**ANSWER:**

**Objection. Answering Defendant objects to this Interrogatory on the basis that it presupposes that the Photographs appeared in Answering Defendant's advertisements, a proposition which is denied by Answering Defendant. Without waiver of, and subject to, the forgoing objection, Fry Communications, Inc., a responsible and experienced advertising firm, created advertisements for Karns.**

12.    Identify the editor(s) of the Advertisements in which the Photographs appeared.

**ANSWER**

**Objection. Answering Defendant objects to this Interrogatory on the basis that it presupposes that the Photographs appeared in Answering Defendant's advertisements, a proposition which is denied by Answering Defendant. Without waiver of, and subject to, the foregoing objection, Fry Communications, Inc.**

13.    Identify all persons with supervisory control over the editorial process concerning the Advertisements.

**ANSWER**

**Objection. Answering Defendant objects to this Interrogatory because the term "the editorial process" is not defined, and therefore, Answering Defendant is unable to respond to this Interrogatory without further clarification from Plaintiff. Without waiver of, and subject to, the foregoing objection, Fry Communications, Inc.**

14.    Identify the name of defendant's in-house counsel who oversees defendant's standards, practices or policies for licensing Photographs.

**ANSWER**

**Objection. Answering Defendant objects to this interrogatory to the extent that it presupposes that Answering Defendant was responsible to license the Photographs, a proposition which is denied by Answering Defendant. Answering Defendant further objects to this interrogatory to the extent that it presupposes that Answering Defendant had in-house counsel, which it did not.**

15.   Identify the name of any employee who interacts with defendant's counsel in assessing whether defendant's use of the Photographs requires a license.

**ANSWER**

**Objection. Answering Defendant objects to this interrogatory to the extent that it presupposes that Answering Defendant was responsible to license the Photographs, a proposition which is denied by Answering Defendant. Without waiver of, and subject to, the foregoing objection, Answering Defendant retained Fry Communications, Inc., a responsible and experienced advertising firm, to create advertisements that could be used in the manner intended, and that would not create liability for Copyright infringement. Fry Communications, Inc., was responsible for ensuring that the photos it provided for use in Karns' advertisements were appropriately licensed.**

16.   For purposes of calculating damages, state the revenue and profits earned or received from the Advertisements as a result of defendant's publication of the Advertisements.

**ANSWER**

**Objection. Answering Defendant objects to this interrogatory on the basis that it seeks discovery of proprietary and privileged information insofar as Answering Defendant's revenue, sales, and profits are trade secrets and/or confidential commercial information. Answering Defendant further objects to this Interrogatory insofar as it places an undue burden on Answering Defendant because Plaintiff has not proffered evidence that it is truly the registered owner of the copyrights at issue, and until such time, the requested discovery is unduly burdensome and oppressive.**

17.   For purposes of calculating damages, state the revenue and profits earned or received from the Advertisements during the Time Period.

**ANSWER**

**Objection. Answering Defendant objects to this interrogatory on the basis that it seeks discovery of proprietary and privileged information insofar as Answering Defendant's revenue, sales, and profits are trade secrets and/or confidential commercial information. Answering Defendant further objects to this Interrogatory insofar as it places an undue burden on Answering Defendant because Plaintiff has not proffered evidence that it is truly the registered owner of the copyrights at issue, and until such time, the requested discovery is unduly burdensome and oppressive to Answering Defendant.**

18.   For purposes of calculating damages, state the number of web hits or clicks generated by the Advertisements.

**ANSWER**

**Objection. Answering Defendant objects to this interrogatory on the basis that it seeks discovery of proprietary and privileged information insofar as the traffic on Answering Defendant's website is a trade secret and/or confidential commercial information, going to**

the heart of its marketing strategy. Answering Defendant further objects to this Interrogatory insofar as it places an undue burden on Answering Defendant because Plaintiff has not proffered evidence that it is truly the registered owner of the copyrights at issue, and until such time, any discovery into Answering Defendant's marketing strategy is oppressive, and unduly burdensome.

19.   For purposes of calculating damages, state the overall number of visitors to the Advertisements during the Time Period.

**ANSWER**
**Objection. Answering Defendant objects to this interrogatory on the basis that it is vague and ambiguous, as the term "visitors to the Advertisements" is not defined by Plaintiff, and therefore, Answering Defendant is unable to answer this interrogatory without further clarification from Plaintiff. Answering Defendant further objects to this interrogatory on the basis that it seeks to have Answering Defendant undertake an unreasonable investigation on behalf of Plaintiff. Furthermore, Answering Defendant objects to this interrogatory in that it seeks discovery of proprietary and privileged information insofar as Answering Defendant's marketing strategy and results are trade secrets and/or confidential commercial information. Answering Defendant further objects to this Interrogatory insofar as it places an undue burden on Answering Defendant because Plaintiff has not proffered evidence that it is truly the registered owner of the copyrights at issue, and until such time, any discovery into Answering Defendant's marketing strategy and results is oppressive, and unduly burdensome.**

20.   Provide a general description of documents which you intend to use to show that defendant's use was non-infringing.

**ANSWER:**
**Answering Defendant has not determined what documents it will use in defense of the claims asserted against it. Answering Defendant reserves the right to supplement this response.**

**FOWLER HIRTZEL McNULTY & SPAULDING, LLP**

Dated: July 31, 2020

By: _____
GREGORY S. HIRTZEL, ESQ.
Attorney ID #56027
BENJAMIN P. NOVAK, ESQ.
Attorney ID #326182

## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ADLIFE MARKETING &                    :
COMMUNICATIONS COMPANY, INC.,  :
         Plaintiff,                       :
                                         :
vs.                                   :
                                         :
KARNS PRIME AND FANCY FOOD,     :
LTD. AND AD POST GRAPHICS       :     Civil Action No.:
MEDIA MARKETING, INC.           :     1:19-CV-01638-YK
         Defendants,                     :

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Answers and Objections to Interrogatories was served on July 31, 2020 by email to the following:

Richard Liebowitz, Esquire
Liebowitz Law Firm, PLLC
11 Sunrise Plaza, Suite 305
Valley Stream, NY  11580
RL@liebowitzlawfirm.com

**FOWLER HIRTZEL McNULTY & SPAULDING, LLP**

Dated:  July 31, 2020          By: _____

Gregory S. Hirtzel, Esquire
Attorney I.D. #56027
1860 Charter Lane, Suite 201
Lancaster, PA 17601
(717) 553-2601
ghirtzel@fhmslaw.com

<u>UNITED STATES DISTRICT COURT</u>
<u>FOR THE MIDDLE DISTRICT OF PENNSYLVANIA</u>

| | | |
|---|---|---|
| ADLIFE MARKETING & | : | |
| COMMUNICATIONS COMPANY, INC., | : | |
| Plaintiff | : | |
| | : | |
| vs. | : | |
| | : | |
| KARNS PRIME AND FANCY FOOD, | : | |
| LTD. AND AD POST GRAPHICS | : | Civil Action No.:  1:19-CV-01638-YK |
| MEDIA MARKETING, INC., | : | |
| Defendants. | : | |
| vs. | : | |
| | : | |
| FRY COMMUNICATIONS, INC., | : | |
| Third-Party Defendant | : | |

<u>ANSWERS AND OBJECTIONS OF DEFENDANT, KARNS PRIME AND FANCY
FOOD, LTD., TO THE FIRST SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS OF PLAINTIFF, ADLIFE MARKETING & COMMUNICATIONS
COMPANY, INC.</u>

AND NOW, comes Defendant, Karns Prime And Fancy Food. Ltd., (sometimes referred to as "Karns" and "Answering Defendant") by and through its counsel, Fowler, Hirtzel, McNulty, and Spaulding, LLP, and files the within Answers and Objections to the First Set of Requests for Production of Documents of Plaintiff, Adlife Marketing & Communications Company, Inc. (sometimes referred to as "Plaintiff" and "Adlife").

<u>GENERAL OBJECTIONS</u>

Answering Defendant objects to Plaintiff's First Set of Request for Production of Documents ("the Requests") to the extent that any of the Requests seek information which is not relevant to the subject matter of this action, as to which testimony would be inadmissible at trial, and which is not reasonably calculated to lead to the discovery of admissible evidence.

Answering Defendant objects to the Requests to the extent that any of the Requests seek information which is protected by the attorney client privilege and/or the attorney work product doctrine.

Answering Defendant objects to the Requests to the extent that any of the Requests are unreasonably broad, unduly burdensome and oppressive, and seek to require Answering Defendant to conduct an unreasonable investigation on behalf of Plaintiff.

Answering Defendant objects to the Requests to the extent that any of the Requests seek documents outside the scope permitted by the Pennsylvania Rules of Civil Procedure.

{W1049337.1}

Answering Defendant objects to any of the Requests to the extent that any of the Requests are incapable of being answered.

Answering Defendant objects generally to the Requests in that they seek information pertaining to time periods that are not relevant to the issues of this case or that they otherwise seek information not relevant to the issues of this case.

Answering Defendant objects to the instructions and definitions provided with these Requests on the basis that such definitions are overly broad, vague, and often inconsistent with the normal usage and meaning of the words.  The instructions are likewise overly broad, burdensome and constitute an unreasonable expansion of the discovery requests.  Answering Defendant gives notice that it does not consider themselves bound by the instructions and definitions propounded by Plaintiff and instead shall answer the Requests in a manner that is responsive to the normal usage and meaning of the language utilized in the Requests.

Answering Defendant objects to the use of the word "all" used throughout the Requests, as Answering Defendant's investigation of this matter is ongoing, and as such, Answering Defendant cannot and does not purport to provide "all" documents responsive to each respective Request.

Answering Defendant incorporates these general objections in each separate response to each of the Requests as if set forth fully therein.

Answering Defendant reserves the right to supplement the following responses with any such further information as may be revealed in the course of its investigation or in the course of discovery in this matter.

## DOCUMENT REQUESTS

1.     All records, documents and communications concerning defendant's discovery of the Photographs, including all communications to, from and between person or persons who first came across the Photographs.

**RESPONSE:**
**Objection. Answering Additional Defendant objects to this Request on the grounds that it is vague, in that Plaintiff has not defined what it means to "discover" the Photographs or what it means for someone to have "came across" the Photographs, and therefore, Answering Defendant cannot respond to this Request without clarification from Plaintiff. Answering Defendant further objects to this request insofar as it places an undue burden on Answering Defendant because Plaintiff has not proffered evidence that it is truly the registered owner of the copyrights at issue, and until such time, the requested discovery is unduly burdensome and oppressive to Answering Defendant.**

2.     All records, documents and communications concerning defendant's decision to use the Photographs, including all communications to, from and between any person or persons

who participated in the decision-making process to use the Photographs.

**RESPONSE:**
**Objection. Answering Defendant objects to this Request in that it presupposes that Answering Defendant made a decision to use the Photographs, a proposition which is denied by Answering Defendant. Answering Defendant further objects to this request insofar as it places an undue burden on Answering Defendant because Plaintiff has not proffered evidence that it is truly the registered owner of the copyrights at issue, and until such time, the requested discovery is unduly burdensome and oppressive to Answering Defendant.**

3.      All records, documents and communications concerning defendant's process of editing the Photographs, including all communications to, from and between any person or persons who participated in the editorial process.

**RESPONSE:**
**Objection. Answering Defendant objects to this Request in that it presupposes that Answering Defendant edited the Photographs, a proposition which is denied by Answering Defendant. Answering Defendant further objects to this request insofar as it places an undue burden on Answering Defendant because Plaintiff has not proffered evidence that it is truly the registered owner of the copyrights at issue, and until such time, the requested discovery is unduly burdensome and oppressive to Answering Defendant.**

4.      All records, documents and communications concerning defendant's data entry forms or data entry templates, whether in digital format or hard copy, used by defendant to upload the Photographs to the Advertisements.

**RESPONSE:**
**Objection. Answering Defendant objects to this Request in that it presupposes that Answering Defendant possessed and/or used data entry forms or data entry templates to upload the Photographs to the Advertisements, a proposition which is denied by Answering Defendant. Answering Defendant further objects to this request insofar as it places an undue burden on Answering Defendant because Plaintiff has not proffered evidence that it is truly the registered owner of the copyrights at issue, and until such time, the requested discovery is unduly burdensome and oppressive to Answering Defendant.**

5.      All records, documents and communications concerning defendant's content management system, data entry forms or data entry templates, whether in digital format or hard copy, used by Defendant to edit the Photographs before displaying it on the Advertisements.

**RESPONSE:**
**Objection. Answering Defendant objects to this Request in that it presupposes that Answering Defendant possessed and/or used content management system, data entry forms or data entry templates to edit the Photographs, a proposition which is denied by Answering Defendant. Answering Defendant further objects to this request insofar as it**

places an undue burden on Answering Defendant because Plaintiff has not proffered evidence that it is truly the registered owner of the copyrights at issue, and until such time, the requested discovery is unduly burdensome and oppressive to Answering Defendant.

6.      All records, documents and communications concerning defendant's efforts to identify the name of copyright holder, copyright owner and/or copyright author of the Photographs.

**RESPONSE:**
**Objection. Answering Defendant objects to this Request in that it presupposes that Answering Defendant possessed and/or used content management system, data entry forms or data entry templates to edit the Photographs, a proposition which is denied by Answering Defendant. Answering Defendant further objects to this request insofar as it places an undue burden on Answering Defendant because Plaintiff has not proffered evidence that it is truly the registered owner of the copyrights at issue, and until such time, the requested discovery is unduly burdensome and oppressive to Answering Defendant.**

7.      All records, documents and communications concerning defendant's efforts to identify the name the Photographer of the Photographs.

**RESPONSE:**
**Objection. Answering Defendant objects to this Request to the extent that it presupposes and/or implies that Answering Defendant was responsible to identify the Photographer of the Photos, a proposition which is denied by Answering Defendant. Answering Defendant retained Fry Communications, Inc., a responsible and experienced advertising firm, to provide photos for use in Answering Defendant's advertisements that were appropriately licensed, and that would not create liability for Copyright infringement. Answering Defendant further objects to this request insofar as it places an undue burden on Answering Defendant because Plaintiff has not proffered evidence that it is truly the registered owner of the copyrights at issue, and until such time, the requested discovery is unduly burdensome and oppressive to Answering Defendant.**

8.      All records, documents and communications concerning defendant's efforts to contact the Photographer of the Photographs prior to defendant's publication of the Photographs.

**RESPONSE:**
**Objection. Answering Defendant objects to this Request to the extent that it presupposes and/or implies that Answering Defendant was responsible to contact the Photographer of the Photos, a proposition which is denied by Answering Defendant. Answering Defendant retained Fry Communications, Inc., a responsible and experienced advertising firm, to provide photos for use in Answering Defendant's advertisements that were appropriately licensed, and that would not create liability for Copyright infringement. Answering Defendant further objects to this request insofar as it places an undue burden on Answering Defendant because Plaintiff has not proffered evidence that it is truly the registered owner of the copyrights at issue, and until such time, the requested discovery is unduly burdensome and oppressive to Answering Defendant.**

9.       All records, documents and communications concerning defendant's efforts to license the Photographs.

**RESPONSE:**

**Objection. Answering Defendant objects to this Request to the extent that it presupposes and/or implies that Answering Defendant was responsible to license the Photographs, a proposition which is denied by Answering Defendant. Answering Defendant retained Fry Communications, Inc., a responsible and experienced advertising firm, to provide photos for use in Answering Defendant's advertisements that were appropriately licensed, and that would not create liability for Copyright infringement. Answering Defendant further objects to this request insofar as it places an undue burden on Answering Defendant because Plaintiff has not proffered evidence that it is truly the registered owner of the copyrights at issue, and until such time, the requested discovery is unduly burdensome and oppressive to Answering Defendant.**

10.       All records, documents and communications between defendant's counsel and any editor or journalist concerning publication of the Photographs prior to the Photographs' publication in the Advertisements.

**RESPONSE:**

**Objection. Answering Defendant objects to this Request on the basis that it seeks discovery of privileged or protected information, in that it seeks attorney work product, and the results of material prepared in anticipation of litigation. Answering Defendant further objects insofar as it retained Fry Communications, Inc., a responsible and experienced advertising firm, to provide photos for use in Answering Defendant's advertisements that were appropriately licensed, and that would not create liability for Copyright infringement. Answering Defendant further objects to this request insofar as it places an undue burden on Answering Defendant because Plaintiff has not proffered evidence that it is truly the registered owner of the copyrights at issue, and until such time, the requested discovery is unduly burdensome and oppressive to Answering Defendant.**

11.       All records, documents and communications concerning defendant's internal policy, Standards & Practices, or other guidance for obtaining permission, consent or license to any copyrightable material and which were in effect at the time the Photographs were published to the Advertisements.

**RESPONSE:**

**Objection. Answering Defendant objects to this Request to the extent that it presupposes and/or implies that Answering Defendant was responsible to obtain permission or consent to use copyrightable material, a proposition which Answering Defendant denies. Answering Defendant further objects insofar as it retained Fry Communications, Inc., a responsible and experienced advertising firm, to provide photos for use in Answering Defendant's advertisements that were appropriately licensed, and that would not create liability for Copyright infringement. Answering Defendant further objects to this request insofar as it places an undue burden on Answering Defendant because Plaintiff has not**

proffered evidence that it is truly the registered owner of the copyrights at issue, and until such time, the requested discovery is unduly burdensome and oppressive to Answering Defendant.

12.    All records, documents and communications concerning advertising revenue generated by the Advertisements in connection with defendant's publication of the Advertisements.

**RESPONSE:**
**Objection. Answering Defendant objects to this Request on the basis that it seeks discovery of proprietary and privileged information insofar as Answering Defendant's revenue, sales, and profits are trade secrets and/or confidential commercial information. Answering Defendant further objects to this request insofar as it places an undue burden on Answering Defendant because Plaintiff has not proffered evidence that it is truly the registered owner of the copyrights at issue, and until such time, the requested discovery is unduly burdensome and oppressive.**

13.    All records, documents and communications concerning the subject matter of the Photographs.

**RESPONSE:**
**Objection. Answering Defendant objects to this Request on the basis that it is vague because Plaintiff has not defined what the term "the subject matter of the Photographs," and it could be construed to encompass any and all communications concerning various different items depicted in the Photographs. Answering Defendant further objects to this Request because it seeks an unreasonable and completely disproportionate amount of electronically stored information. Answering Defendant further objects to this request insofar as it places an undue burden on Answering Defendant because Plaintiff has not proffered evidence that it is truly the registered owner of the copyrights at issue, and until such time, the requested discovery is unduly burdensome and oppressive to Answering Defendant.**

14.    All records, documents and communications concerning the editor who posted or published the Advertisements.

**RESPONSE:**
**Answering Defendant objects to this request insofar as it places an undue burden on Answering Defendant because Plaintiff has not proffered evidence that it is truly the registered owner of the copyrights at issue, and until such time, the requested discovery is unduly burdensome and oppressive to Answering Defendant.**

15.    All records, documents and communications concerning the Photographs.

**RESPONSE:**
**Objection. Answering Defendant objects to this Request on the basis that it seeks discovery of privileged or protected information, in that it seeks material protected by the attorney-**

**client privilege, attorney work product, material prepared in anticipation of litigation, and documents prepared by a representative of Answering Defendant respecting the value/merit of a claim. Objection. Answering Defendant objects to this Request to the extent that it seeks discovery of "all" documents, as compliance with such a request is unduly burdensome and requires Answering Defendant to undertake an unreasonable investigation on behalf of Plaintiff. Answering Defendant further objects to this request insofar as it places an undue burden on Answering Defendant because Plaintiff has not proffered evidence that it is truly the registered owner of the copyrights at issue, and until such time, the requested discovery is unduly burdensome and oppressive to Answering Defendant.**

16.     All records, documents and communications concerning defendant's net profits for the year ending 2019.

**ANSWER**
**Objection. Answering Defendant objects to this Request on the basis that it seeks discovery of proprietary and privileged information insofar as Answering Defendant's revenue, sales, and profits are trade secrets and/or confidential commercial information. Answering Defendant further objects to this request insofar as it places an undue burden on Answering Defendant because Plaintiff has not proffered evidence that it is truly the registered owner of the copyrights at issue, and until such time, the requested discovery is unduly burdensome and oppressive to Answering Defendant.**

17.     All records and documents concerning the number of defendant's employees.

**RESPONSE:**
**Objection. Answering Defendant objects to this Request on the basis that it imposes an unreasonable and/or disproportionate burden on Answering Defendant because such documents are relevant except to show the number of employees. Without waiver of, and subject to, the foregoing objection, Karns employs approximately 1,300 persons.**

18.     All records and documents concerning the location of each defendant's office, both domestically and internationally.

**RESPONSE:**
**Objection. Answering Defendant objects to this Request because it seeks discovery of documents that pose an unreasonable and/or disproportionate burden on Answering Defendant. The address of Answering Defendant's office is 675 Silver Spring Rd., Mechanicsburg, PA 17055. The location of Answering Defendant's stores is available on Answering Defendant's website.**

19.     All records, documents and communications concerning the "likes," "shares," "reposts," "tweets," and "comments" posted to the Advertisements after defendant's publication of the Photographs.

**ANSWER**

**Objection. Answering Defendant objects to this Request on the basis that it seeks discovery of proprietary and privileged information insofar as the traffic on Answering Defendant's website is a trade secret and/or confidential commercial information. Answering Defendant further objects to this request insofar as it places an undue burden on Answering Defendant because Plaintiff has not proffered evidence that it is truly the registered owner of the copyrights at issue, and until such time, any discovery into Answering Defendant's website history is oppressive, and unduly burdensome.**

20.    All records, documents and communications concerning the number of visitors who have clicked on the Advertisements since the first date of the Advertisements' publication.

**ANSWER**
**Objection. Answering Defendant objects to this Request on the basis that it seeks discovery of proprietary and privileged information insofar as the traffic on Answering Defendant's website is a trade secret and/or confidential commercial information. Answering Defendant further objects to this request insofar as it places an undue burden on Answering Defendant because Plaintiff has not proffered evidence that it is truly the registered owner of the copyrights at issue, and until such time, any discovery into Answering Defendant's website history is oppressive, and unduly burdensome.**

21.    All records, documents and communications between defendant and plaintiff prior to the filing of the Action.

**RESPONSE:**
**None.**

22.    All copies of complaints in any copyright-related action filed against defendant in the last three years.

**RESPONSE:**
**None.**

23.    All records, documents and communications that support defendant's position that it did not commit copyright infringement of the Photographs.

**RESPONSE:**
**Objection. Answering Defendant objects to this request insofar as it places an undue burden on Answering Defendant because Plaintiff has not proffered evidence that it is truly the registered owner of the copyrights at issue, and until such time, the requested discovery is unduly burdensome and oppressive to Answering Defendant. Answering Defendant further objects to this request on the basis that its investigation is ongoing. Answering Defendant retains the right to supplement this response.**

24.    All records, documents and communications which may be used to prove the elements of any affirmative defense asserted by defendant in its answer to the Complaint.

**RESPONSE:**

**Answering Defendant objects to this request insofar as it places an undue burden on Answering Defendant because Plaintiff has not proffered evidence that it is truly the registered owner of the copyrights at issue, and until such time, the requested discovery is unduly burdensome and oppressive to Answering Defendant. Further, Answering Defendant has not determined what documents it will use in defense of the claims asserted against it.**

25.    All records, documents and communications concerning any advertising or other actions done to increase traffic to the Advertisements.

**RESPONSE:**

**Answering Defendant objects to this request insofar as it places an undue burden on Answering Defendant because Plaintiff has not proffered evidence that it is truly the registered owner of the copyrights at issue, and until such time, the requested discovery is unduly burdensome and oppressive to Answering Defendant.**

26.    All records, documents and communications that you intend to introduce as exhibits or otherwise use in support of your position, or in opposition to any position taken by plaintiff, on any motion or at any hearing or trial in this action.

**RESPONSE:**

**Answering Defendant objects to this request insofar as it places an undue burden on Answering Defendant because Plaintiff has not proffered evidence that it is truly the registered owner of the copyrights at issue, and until such time, the requested discovery is unduly burdensome and oppressive to Answering Defendant. Further, Answering Defendant has not determined what documents it will use in defense of the claims asserted against it.**

27.    All records, documents and communications to which you refer in your Initial Disclosures.

**RESPONSE:**
**None**

28.    All records, documents and communications referred to in your interrogatories to plaintiff.

**RESPONSE:**
**None**

29.    All records, documents, statements, invoices and contracts which show that defendant has licensed Photographs for use on the Advertisements.

**RESPONSE:**

**Objection. Answering Defendant objects to this Request to the extent it presupposes or**

**implies that Answering Defendant had an obligation to obtain licenses for the Photographs, a proposition which is denied by Answering Defendant. Answering Defendant further objects to this request insofar as it places an undue burden on Answering Defendant because Plaintiff has not proffered evidence that it is truly the registered owner of the copyrights at issue, and until such time, the requested discovery is unduly burdensome and oppressive to Answering Defendant.**

30.     All records, documents, statements, invoices and contracts which show that defendant has licensed Photographs for use on any Advertisements owned and operated by defendant.

**RESPONSE:**
**Objection. Answering Defendant objects to this Request to the extent it presupposes or implies that Answering Defendant had an obligation to obtain licenses for the Photographs, a proposition which is denied by Answering Defendant. Answering Defendant further objects to this request insofar as it places an undue burden on Answering Defendant because Plaintiff has not proffered evidence that it is truly the registered owner of the copyrights at issue, and until such time, the requested discovery is unduly burdensome and oppressive to Answering Defendant.**

31.     All records, documents, statements, invoices and contracts concerning defendant's licensing of Photographs via third-party stock Photographs agencies for use on the Advertisements.

**RESPONSE:**
**Objection. Answering Defendant objects to this Request to the extent it presupposes or implies that Answering Defendant had an obligation to obtain licenses for the Photographs, a proposition which is denied by Answering Defendant. Answering Defendant further objects to this request insofar as it places an undue burden on Answering Defendant because Plaintiff has not proffered evidence that it is truly the registered owner of the copyrights at issue, and until such time, the requested discovery is unduly burdensome and oppressive to Answering Defendant.**

32.     All records, documents, statements, agreement, invoices and contracts concerning defendant's licensing of Photographs from third-party freelance Photographers for use on the Advertisements.

**RESPONSE:**
**Objection. Answering Defendant objects to this Request to the extent it presupposes or implies that Answering Defendant had an obligation to obtain licenses for the Photographs, a proposition which is denied by Answering Defendant. Answering Defendant further objects to this request insofar as it places an undue burden on Answering Defendant because Plaintiff has not proffered evidence that it is truly the registered owner of the copyrights at issue, and until such time, the requested discovery is unduly burdensome and oppressive to Answering Defendant.**

33.     All records, documents, statements, agreement, invoices and contracts concerning defendant's licensing of Photographs from staff Photographers for use on the Advertisements.

**RESPONSE:**

**Objection. Answering Defendant objects to this Request to the extent it presupposes or implies that Answering Defendant had an obligation to obtain licenses for the Photographs, a proposition which is denied by Answering Defendant. Answering Defendant further objects to this request insofar as it places an undue burden on Answering Defendant because Plaintiff has not proffered evidence that it is truly the registered owner of the copyrights at issue, and until such time, the requested discovery is unduly burdensome and oppressive to Answering Defendant.**

34.     All settlement agreements that defendant has entered into concerning claims of copyright infringement.

**RESPONSE:**
**None**

35.     All contracts, job application materials, intern application materials, job performance evaluations and agreements between defendant and the individual who posted the Photographs to the Advertisements.

**RESPONSE:**

**Objection. Answering Defendant objects to this Request to the extent that it falsely presupposes and/or implies that Answering Defendant had involvement with the person who Posted the Photographs to the Advertisements. Answering Defendant further objects to this Request because it retained Fry Communications, Inc., a responsible and experienced advertising firm, to provide photos for use in Answering Defendant's advertisements that were appropriately licensed, and that would not create liability for Copyright infringement. Answering Defendant further objects to this request insofar as it places an undue burden on Answering Defendant because Plaintiff has not proffered evidence that it is truly the registered owner of the copyrights at issue, and until such time, the requested discovery is unduly burdensome and oppressive to Answering Defendant.**

36.     Docket sheets concerning copyright infringement claims brought against defendant.

**RESPONSE:**
**None**

37.     All employee manuals, employment handbooks, training manuals, training guidelines, office circulars, intraoffice memoranda, e-mails, pamphlets, power point presentations, Excel spreadsheets, announcements, meeting notes or any other written materials

relating to defendant's use of copyrighted materials that were distributed to any journalist or supervising editor, whether an employee or independent contractor, with knowledge of publishing the Advertisements.

**RESPONSE:**
**Objection. Answering Defendant objects to this Request to the extent that it falsely presupposes and/or implies that Answering Defendant had involvement with any journalist or supervising editor with knowledge of publishing the Advertisements. Answering Defendant further objects to this Request because it retained Fry Communications, Inc., a responsible and experienced advertising firm, to provide photos for use in Answering Defendant's advertisements that were appropriately licensed, and that would not create liability for Copyright infringement. Answering Defendant further objects to this request insofar as it places an undue burden on Answering Defendant because Plaintiff has not proffered evidence that it is truly the registered owner of the copyrights at issue, and until such time, the requested discovery is unduly burdensome and oppressive to Answering Defendant.**

38.    All employee manuals, employment handbooks, training manuals, training guidelines, office circulars, intraoffice memoranda, e-mails, pamphlets, power point presentations, Excel spreadsheets, announcements, meeting notes or any other written materials relating to defendant's use of Photographs that were distributed to any journalist or supervising editor, whether an employee or independent contractor, with knowledge of publishing the Advertisements.

**RESPONSE:**
**Objection. Answering Defendant objects to this Request to the extent that it falsely presupposes and/or implies that Answering Defendant had involvement with any journalist or supervising editor with knowledge of publishing the Advertisements. Answering Defendant further objects to this Request because it retained Fry Communications, Inc., a responsible and experienced advertising firm, to provide photos for use in Answering Defendant's advertisements that were appropriately licensed, and that would not create liability for Copyright infringement Answering Defendant further objects to this request insofar as it places an undue burden on Answering Defendant because Plaintiff has not proffered evidence that it is truly the registered owner of the copyrights at issue, and until such time, the requested discovery is unduly burdensome and oppressive to Answering Defendant.**

39.    The resumes and *curricula vitae* (CVs) of all persons identified in defendant's discovery responses or initial disclosures.

**RESPONSE:**
**None. Answering Defendant has not determined which experts it will retain in defense of the claims asserted against it. Answering Defendant reserves its right to supplement its responses to this Request.**

40.     All copyright registration certificates listing defendant as the copyright owner, copyright claimant or copyright author of any copyrightable materials over the last five years.

**RESPONSE:**
**None.**

41.     Job or intern postings that defendant uses to recruit interns, employees, or independent contractors who post Photographs to the Advertisements.

**RESPONSE:**
**Objection. Answering Defendant objects to this Request to the extent that it falsely presupposes and/or implies that Answering Defendant had involvement with the person who Posted the Photographs to the Advertisements. Answering Defendant further objects to this Request because it retained Fry Communications, Inc., a responsible and experienced advertising firm, to provide photos for use in Answering Defendant's advertisements that were appropriately licensed, and that would not create liability for Copyright infringement. Answering Defendant further objects to this request insofar as it places an undue burden on Answering Defendant because Plaintiff has not proffered evidence that it is truly the registered owner of the copyrights at issue, and until such time, the requested discovery is unduly burdensome and oppressive to Answering Defendant.**

                                        **FOWLER HIRTZEL McNULTY &**
                                        **SPAULDING, LLP**

Dated: July 31, 2020

                        By: _____
                                GREGORY S. HIRTZEL, ESQ.
                                Attorney ID #56027
                                BENJAMIN P. NOVAK, ESQ.
                                Attorney ID #326182

## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ADLIFE MARKETING & | : | |
| COMMUNICATIONS COMPANY, INC., | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| KARNS PRIME AND FANCY FOOD, | : | |
| LTD. AND AD POST GRAPHICS | : | Civil Action No.: |
| MEDIA MARKETING, INC. | : | 1:19-CV-01638-YK |
| Defendants, | : | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Responses and Objections to Plaintiff's Requests for Production of Documents was served on July 31, 2020 by email to the following:

Richard Liebowitz, Esquire
Liebowitz Law Firm, PLLC
11 Sunrise Plaza, Suite 305
Valley Stream, NY  11580
RL@liebowitzlawfirm.com

**FOWLER HIRTZEL McNULTY &
SPAULDING, LLP**

Dated:   July 31, 2020        By: _____

Gregory S. Hirtzel, Esquire
Attorney I.D. #56027
1860 Charter Lane, Suite 201
Lancaster, PA 17601
(717) 553-2601
ghirtzel@fhmslaw.com

EXHIBIT F

Log In    Subscribe

Search

Company Profiles: Revenue, Growth, Competition

| Solutions for: | Investment Banking | Market Research | Private Equity | Executives | Consultants | |
|---|---|---|---|---|---|---|

 My Watch List

# KARNS PRIME & FANCY FOOD Revenue, Growth & Competitor Profile

Fast Facts    Revenue    Growth Rate    VC/Investor Activity    Competitive Intelligence    Competition

### Premium Company Report

The Premium Karns Prime & Fancy Food Company Report contains critical information including:

- Revenue from previous years (2010 to present)
- Growth rate
- Estimated financials and profit margin
- Funding from Venture Capital and Private Equity firms
- Latest trademark applications
- Additional industries in which the company operates

**$89.95**

Company Report

**Subscriptions**

*Last updated: July 27, 2020*

### Company Awards

Big Fish



### Company Profile & Annual Report for Karns Prime & Fancy Food

Access the complete profile.

### Karns Prime & Fancy Food Fast Facts

| Revenue | $100 - $500 million | *See Exact Annual Revenue* |
|---|---|---|

Case 1:19-cv-01638-YK Document 32-1 Filed 08/19/20 Page 85 of 89

| | | |
|---|---|---|
| **Employees** | **500 - 1,000** | *Exact Company Size* |
| **Primary Industry** | 44511 Supermarkets & Grocery Stores | |
| **Address** | 675 Silver Spring Road<br>Mechanicsburg, PA 17050 | |

*Note: Revenues for privately held companies are statistical evaluations.*

*Karns Prime & Fancy Food's annual revenues are $100-$500 million (see exact revenue data) and has 500-1,000 employees. It is classified as operating in the Supermarkets & Grocery Stores industry.*

Karns Prime & Fancy Food's Annual Report & Profile shows critical firmographic facts:

- What is the company's size? (Annual sales and employees)
- What industry is the company in?

## Karns Prime & Fancy Food Annual Revenue and Growth Rate

| Karns Prime & Fancy Food | Revenue Est. ($ Million) | Growth Rate (%) | # Employees |
|---|---|---|---|
| 2019 | | Details in Premium Report | |
| 2018 | | | |
| 2017 | | | |
| 2016 | | | |
| 2015 | | | |
| 2014 | | | |

**1-Year Growth Rate:**
**3-Year Growth Rate (CAGR):**     [Available in Premium Report]

*Note: Karns Prime & Fancy Food's revenues are gauged from an analysis of company filings.*

## Karns Prime & Fancy Food's Income Statement (based on Industry Averages)

| | $ Millions<br>(Industry Average) |
|---|---|
| **Karns Prime & Fancy Food Revenue (Sales)** | |
| Cost of Goods Sold | |
| **Gross Profit** | |
| | |
| **Operating Expenses** | |
| Advertising | |
| Salaries and wages | [Available in Premium Report] |
| Other Operating Expenses | |
| Total Operating Expenses | |
| **Operating Income** | |
| **EBITDA** | |
| **EBIT (Earnings Before Interest and Taxes)** | |
| **Net Profit** | |

8/4/2020    Annual Report on Karns Prime & Fancy Food Inc. Financial Growth Analysis & Market Share. Industry & Competition Intelligence | IncFact

Case 1:19-cv-01638-YK Document 32-1 Filed 08/19/20 Page 86 of 89

## Recession Risk

Determine whether Karns Prime & Fancy Food grew or shrank during the last recession. This is useful in estimating the financial strength and credit risk of the company. Compare how recession-proof Karns Prime & Fancy Food is relative to the industry overall. While a new recession may strike a particular industry, measuring the industry and company's robustness during the last recession estimates its ability to weather future recessions.

### U.S. Industry Overview & Market Statistics: Supermarkets & Grocery Stores

Publisher: AnythingResearch

- Market Size
- Growth Rate
- 5-Year Market Forecast
- Average Company Size & Growth
- Salary & Compensation Benchmarks

## Market Share of Karns Prime & Fancy Food's Largest Competitors

A competitive analysis shows these companies are in the same general field as Karns Prime & Fancy Food, even though they may not compete head-to-head. These are the largest companies by revenue. However, they may not have the largest market share in this industry if they have diversified into other business lines. The "Competition" section of a business plan or investment memorandum would start by analyzing the information about these companies. Competitive advantage comes from offering better pricing or superior products/service.

| Company | Headquarters | Revenue ($ MM) |
|---|---|---|
| ALBERTSONS COMPANIES | Boise, ID | 58 |
| HY-VEE | West Des Moines, IA | 24 |
| KROGER | Cincinnati, OH | ! |
| PUBLIX SUPER MARKETS | , | ' |
| WHOLE FOODS MARKET | Austin, TX | : |
| H. E. BUTT GROCERY | San Antonio, TX | : |
| MEIJER | Grand Rapids, MI | : |

## Nearby Competitors

These companies are similar in business line and location to Karns Prime & Fancy Food. While some companies compete with neighboring businesses for customers, other companies may compete to attract skilled employees.

| Company | Headquarters | Revenue ($ MM) |
|---|---|---|
| KARNS PRIME & FANCY FOOD | Mechanicsburg, PA | 100 |
| DUTCHMAN'S COUNTRY MARKET | Schaefferstown, PA | 50 |
| SKY MARKETS | Jonestown, PA | 24 |
| KOCHER ENTERPRISES | Millersburg, PA | ' |

MUTZABAUGHS MARKET                    Ducannon, PA

## Future Competition: Karns Prime & Fancy Food's Fastest Growing Competitors

These companies are in the same general field as Karns Prime & Fancy Food and are rapidly expanding.
Companies may grow organically or through acquisition. In some cases apparently high growth rates may be
caused by data that weren't available in previous years.

| Company | Revenue ($ MM) |
| --- | --- |
| [Available in Premium Report] | |

Contact Us  |  Press  |  Terms of Use  |  Privacy Policy      (0.0137 s)        © 2020 IncFact.com. All Rights Reserved.
eps:

# EXHIBIT G

## Benjamin Novak

**From:**          James Freeman <jf@liebowitzlawfirm.com>
**Sent:**          Wednesday, August 5, 2020 12:01 AM
**To:**            Benjamin Novak; Gregory Hirtzel; Richard Liebowitz
**Subject:**       Adlife v. Karns - Plaintiff's Production
**Attachments:**   readlifevkarnsproduction (1).zip

Dear Counsel:

Please see attached.

 **Adlife Production.pdf**