UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA
HARRISBURG DIVISION

CASE NO.: 1:19-cv-01638-YK

ADLIFE MARKETING &
COMMUNICATIONS CO., INC.,

   Plaintiff,

v.

KARNS PRIME AND FANCY FOOD LTD.
AND AD POST GRAPHICS MEDIA
MARKETING, INC.,

   Defendants.

## DECLARATION OF JOEL ALBRIZIO

I, Joel Albrizio, declare and say:

  1.  I am the President of Plaintiff Adlife Marketing & Communications Co., Inc. (Adlife) and I make the following statements form my own personal knowledge and in opposition to Defendant's Motion for Judgment, and in support of Adlife's Motion to Amend.

  2.  In November, 2020, it came to my attention that my (now former) counsel Richard Liebowitz and his firm have not been properly updating Adlife or me about the status of this case (as well as other cases).

  3.  Upon these realizations I terminated Mr. Liebowitz and his firm from representation in this mater, and obtained new counsel through SRIPLAW, PA.

  4.  I rely on my counsel to provide updates on cases, including filing status, upcoming deadlines, pending motions, and requests for discovery for which my participation and assistance is required.

5.  Neither Mr. Leibowitz nor his firm informed me of the pending Summary Judgment or Motion to Dismiss in this case. Nor had I been informed of any of the problems or deficiencies in Mr. Liebowitz's and his firm's participation in this matter.

6.  Adlife took upon itself to search court records and determine the active status of its pending cases. Only by Adlife's own searching in November did Adlife become aware of the issues in this case, including the pending motions and discovery issues.

7.  In addition to the numerous issues outlined in my prior Declaration submitted in this action, dated November 25, 2020 (DE 49-1), additional problem with Mr. Liebowitz's prosecution of this matter have come to light.

8.  Adlife was not aware that discovery was set to close in this matter, nor was it given an opportunity from its prior Counsel to provide complete responsive discovery.

9.  For example, Adlife can produce evidence establishing that it charges a flat subscription rate of $999.00/month for the authorized use of its photographs; and Adlife charges $8,000 per work per unauthorized use for the authorized use of its photographs. The unauthorized use rate has been displayed clearly in Adlife's terms of use on its website at all times relevant to this dispute, and pre-dates the earliest known infringing uses by Karns.

10.  Adlife believes its harm goes beyond its license values. Adlife is harmed by the unauthorized distribution of its photographs on the internet. Unauthorized uses, such as those by Karns, can be easily accessed and further distributed. Adlife believes such unauthorized distribution causes Adlife to lose its exclusive control in the distribution of its copyrighted photographs and causes additional harm to Adlife's business.

11. It is also Adlife's understanding that Expert Discovery has not begun in this matter. An Expert can present evidence as to the fair market value of the infringements as well as additional market harm caused to Adlife by Karns' unauthorized use.

12. In reviewing the case file with my current attorneys, I noticed that only 36 images (and about 90 uses) had been included in the original Complaint. It is my understanding that the original case file Adlife sent to Mr. Liebowitz prior to this initiation of this suit contained 59 images (and approximately 300 uses). I never received any explanation for this discrepancy.

13. Additionally, subsequent to filing this suit, Adlife located 44 additional infringing uses, involving some of the prior 59 images, but also 3 new images. Accordingly, Adlife's dispute with Karns now involves a total of 62 images, and approximately 350 uses.

14. Adlife is prepared to file a new claim in a separate suit for the additional 28 images not named in the current Complaint. Adlife believes it would be far more efficient for the Parties and the Court to resolve its claims with Karns in one lawsuit.

15. A grant of Defendant's Motion for Summary Judgment would result in substantial prejudice and harm to Adlife, through no fault of its own.

16. Granting leave for Adlife to Amend the Complaint would allow the Court the most efficient means to resolve the entire dispute between the Parties.

I declare under perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on January 21, 2021 at Mashpee, MA.

_____
Joel Albrizio