**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ADLIFE MARKETING & | : | |
| COMMUNICATIONS COMPANY, INC., | : | |
| **Plaintiff** | : | |
| | : | **No. 1:19-cv-01638** |
| **v.** | : | |
| | : | **(Judge Kane)** |
| KARNS PRIME AND | : | |
| FANCY FOOD LTD, | : | |
| **Defendant** | : | |

**MEMORANDUM**

Before the Court in the above-captioned action is: (1) Defendant Karns Prime and Fancy Food Ltd. ("Defendant")'s motion to dismiss for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) (Doc. No. 36); and (2) Plaintiff Adlife Marketing & Communications Company, Inc. ("Plaintiff" or "Adlife")'s motion for leave to file a supplemental response to Defendant's motion to dismiss (Doc. No. 49).[1]  For the reasons that follow, the Court will deem Plaintiff's motion withdrawn pursuant to Middle District of Pennsylvania Local Rule 7.5 and grant Defendant's motion.

**I.      BACKGROUND**

Plaintiff initiated the above-captioned action on September 23, 2019 by filing a complaint in this Court asserting a claim of copyright infringement in violation of the Copyright Act, 17 U.S.C. § 101, et seq.  (Doc. No. 1.)  Defendant filed an answer to the complaint on November 14, 2019 (Doc. No. 10), after which the Court scheduled a case management conference (Doc. No.

---

[1] Various other motions are also currently pending and awaiting briefing, namely: (1) Defendant's motion for summary judgment (Doc. No. 31); (2) a Motion to Withdraw filed by Attorneys Richard Liebowitz, James H. Freeman, and Mark G. Wendaur, IV; and (3) Plaintiff's motion for leave to file an amended complaint (Doc. No. 57).  In light of the Court's disposition of this matter, these motions will be denied as moot.

11).  At the case management conference on February 3, 2020, the Court set a close of fact discovery deadline of August 4, 2020 and the parties agreed that the final date for amending pleadings would be March 1, 2020.  (Doc. Nos. 15, 16.)

On July 27, 2020, Plaintiff's counsel Richard Liebowitz filed with this Court a copy of a June 26, 2020 Opinion and Order from the United States District Court for the Southern District of New York in which Mr. Liebowitz was severely sanctioned for a history of egregious dilatory conduct including failure to comply with court orders and false statements.  (Doc. No. 29.)  The sanction order included a directive requiring Mr. Liebowitz to file a copy of the Opinion and Order on the docket in any of his pending cases, including the instant action, as well as to serve a copy on all his clients, including Plaintiff.  (Id. at 54.)  On August 4, 2020, discovery closed. Subsequently, Defendant submitted a status report in which it averred that Plaintiff had been noncompliant with discovery requests until finally producing approximately three hundred (300) pages of discovery after the deadline had passed.  (Doc. No. 30 at 2.)  Defendant further averred that Plaintiff failed to respond or in any way communicate with Defendant regarding the status report (id. at 1), despite the Court's February 3, 2020 case management Order which directed the parties to meet and confer following the close of discovery and submit a joint status report (Doc. No. 16).  Defendant then filed a motion for summary judgment on August 19, 2020.  (Doc. No. 31.)

The Court held a post-discovery status conference with the parties on August 24, 2020. (Doc. Nos. 34, 35.)  During this conference, Mr. Liebowitz acknowledged for the first time that he was not admitted to practice law in the Middle District of Pennsylvania and averred that he would seek special admission pro hac vice by the end of that week.  In light of these representations, the Court stayed the above-captioned action "pending the entry of an appearance of counsel for

Plaintiff who is qualified to appear on behalf of Plaintiff." (Doc. No. 35.) Mr. Liebowitz never sought special admission and this action remained stayed. Ultimately, on October 30, 2020, Defendant filed the instant motion to dismiss for failure to prosecute pursuant to Rule 41(b) along with a brief in support, in which Defendant avers that the conduct of Plaintiff and Plaintiff's counsel throughout the litigation of this action, including the lack of any attempt to seek special admission or substitute qualified counsel after the Court imposed a stay, has severely prejudiced Defendant and that dismissal is the only appropriate sanction. (Doc. Nos. 36, 37.) On November 12, 2020, James H. Freeman, also of the Liebowitz Law Firm, filed a petition for special admission (Doc. No. 38), and, along with new local counsel Mark G. Wendaur, IV, filed a brief in opposition to Defendant's motion to dismiss the following day (Doc. No. 41). On November 24, 2020, Plaintiff's current counsel, Joseph A. Dunne, entered an appearance on behalf of Plaintiff. (Doc. No. 43.) The following day: (1) Defendant filed a reply brief in support of its motion to dismiss (Doc. No. 44); (2) Attorneys Liebowitz, Freeman, and Wendaur filed a motion to withdraw as counsel (Doc. No. 45); and (3) Mr. Dunne filed a motion for leave to file a supplemental response to the motion to dismiss on the basis that Plaintiff allegedly did not authorize the opposition filed by Mr. Freeman and Mr. Wendaur (Doc. No. 49.) The request for leave to file a supplemental response was not concurred in and Plaintiff never filed a brief in support of the motion.

It appearing that Plaintiff had finally secured qualified counsel, the Court lifted its stay on December 4, 2020. (Doc. No. 50.) Following two requests for extensions of time to respond to the pending motion for summary judgment, Plaintiff filed a response on January 26, 2020. (Doc. No. 58.) At the same time, however, Plaintiff also filed a motion for leave to file an amended complaint. (Doc. No. 57.) Neither Defendant's motion for summary judgment (Doc. No. 31) nor Plaintiff's motion for leave to file an amended complaint (Doc. No. 57) are currently ripe for

3

disposition; however, Defendant's Rule 41(b) motion to dismiss has been fully briefed (Doc. Nos. 37, 41, 44.)  Accordingly, the Court will now consider the motion.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 41(b) allows for the dismissal of an action for "failure of the plaintiff to prosecute or comply with these rules or order of court."  When determining whether to dismiss an action for a plaintiff's failure to prosecute under Rule 41(b), the Court must balance the six (6) factors set forth by the United States Court of Appeals for the Third Circuit in <u>Poulis v. State Farm Fire and Casualty Co.</u>, 747 F.2d 863 (3d Cir. 1984).  These factors include:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

<u>Id.</u> at 868.  Not all of the <u>Poulis</u> factors need be satisfied to dismiss a complaint.  <u>See</u> <u>Mindek v. Rigatti</u>, 964 F.2d 1369, 1373 (3d Cir. 1992); <u>Shahin v. Delaware</u>, 345 F. App'x 815, 817 (3d Cir. 2009).

## III.    DISCUSSION

As an initial matter, the Court will address Plaintiff's motion for leave to file a supplemental response to Defendant's Rule 41(b) motion.  (Doc. No. 49.)  Local Rule 7.5 of this Court provides that "[w]ithin fourteen (14) days of the filing of any motion, the party filing the motion shall file a brief in support of the motion. . . . If a supporting brief is not filed within the time provided in this rule the motion shall be deemed to be withdrawn."  <u>See</u> L.R. 7.5.  Local Rule 7.5 provides that a supporting brief need not be filed in support of a motion in three limited circumstances – (1) in support of a motion for enlargement of time if the reasons for the request

are fully stated in the motion; (2) in support of a motion which has the concurrence of all parties, if the reasons for the motion and relief sought are stated in the motion; and (3) in support of a motion for appointment of counsel.  See id.  In the present case, none of these limited exceptions apply.  Defendant did not concur in Plaintiff's request to file a supplemental response; however, Plaintiff never filed a brief in support of its motion as required by the rule.  Accordingly, the Court finds that Plaintiff's motion and exhibits are not properly before it and will deem the motion (Doc. No. 49) withdrawn in accordance with Local Rule 7.5.

### A.    Parties' Arguments

In support of the instant motion, Defendant begins by noting that Plaintiff is a "sophisticated litigator of copyright disputes" that has a "judicially-noted longstanding relationship" with Mr. Liebowitz despite his "egregious history of litigation misconduct [that] has resulted in repeated public rebuke from judges across the country."  (Doc. No. 37 at 1-2.) Defendant submits that Plaintiff has been represented by Mr. Liebowitz in over forty (40) proceedings since 2018, despite the fact that Mr. Liebowitz has been the subject of numerous and severe sanctions during that period, which the Court notes includes, but is not limited to, the June 26, 2020 Opinion and Order from the Southern District of New York and the fact that Mr. Liebowitz has been barred from practicing in the United States District Court for the Northern District of California for filing cases despite not being admitted to practice in that jurisdiction.  (Id. at 7-10); see also Adlife Mktg. & Communs. Co. v. Buckingham Bros., LLC, No. 5:19-CV-0796, 2020 WL 4795287, at *10 n.10 (N.D.N.Y. Aug. 18, 2020) (dismissing the complaint, imposing sanctions, and noting "Adlife's continued use of an attorney who has little respect or knowledge of local procedures, violates court orders, lies under oath, and is continuously sanctioned for frivolous lawsuits" (collecting cases)).  Accordingly, Defendant argues that Plaintiff is complicit

in the conduct of Mr. Liebowitz and should be held responsible for the actions of its counsel "whom it knew had an 'extraordinary record of misconduct.'" (Doc. No. 37 at 10.)

Defendant further argues that it has been prejudiced by "Plaintiff's disregard for the [case management Order], and indifference to the prosecution of this matter." (Id.) Defendant notes that throughout the discovery period in this action, it "attempted to obtain information from Plaintiff, by propounding two sets each of Interrogatories and Requests for Production of Documents, but Plaintiff refused to meaningfully respond" (id.), and asserts that Plaintiff's conduct in serving Defendant with "the only substantive information produced by Plaintiff since this lawsuit was filed" after the close of discovery "denied [Defendant] the opportunity to conduct follow-up discovery (in the form of Requests for Admissions, depositions, etc) on Plaintiff's discovery and this is highly prejudicial to [Defendant] on its face" (id. at 11). In addition, Defendant notes that it invested in the filing of a motion for summary judgment only for the case to be stayed due to Plaintiff's conduct, and that "[t]his matter has been in litigation for more than a year, with virtually no progress made towards an ultimate disposition on the merits, but with significant expense to [Defendant]." (Id.)

With respect to the remaining Poulis factors, Defendant notes that, in addition to Plaintiff's conduct in this case, Plaintiff has also failed to prosecute other cases in this Court before the Honorable Chief Judge Jones, see Adlife v. Musser's, No. 1:19-cv-1828,[2] and once more points to Plaintiff and Plaintiff's counsel's "epic history of litigation misconduct, marked by references to perjury, fraud, and dilatory practices." (Doc. No. 37 at 12-13.) Defendant further submits that

---

[2] The Court notes that this case settled just prior to the filing of the instant motion. However, Plaintiff has another case also pending before the Honorable Chief Judge Jones, see Adlife v. AD Post Graphics Media Marketing, Inc., No. 1:19-cv-1701, in which Mr. Liebowitz has not filed a motion to withdraw and allowed the case to sit idle after an entry of default on March 20, 2020.

"[t]here are no alternative sanctions that will provide [Defendant] the relief to which it is entitled" because the prejudice Defendant has suffered would remain unchanged and because "Plaintiff and Plaintiff's counsel do not institute copyright litigation with the intention of resolving the claim on the merits, but rather to extract a settlement." (Id. at 14.)  Defendant also notes that Mr. Liebowitz has been subjected to "virtually every sanction imaginable," including extensive fines and costs and disbarment or recommended removal from the rolls of multiple courts, none of which seem to have impacted Plaintiff's decision to continue to retain Mr. Liebowitz's legal services.[3]  (Id.) Finally, Defendant asserts that its defenses to this action are meritorious as more clearly defined in its motion for summary judgment.  (Id. at 15.)

In response, Plaintiff's arguments are limited.  Plaintiff provides no explanation for its conduct regarding discovery production or its failure to comply with the Court's case management Order, instead asserting only that the period in which this action was stayed was "a brief, administrative delay" (Doc. No. 41 at 4); that Defendant "cannot show prejudice by a mere three-month delay" (id. at 5); that "there is minimal history in this case of dilatoriness" (id.); that "Defendant has failed to show that the 2-3 month delay complained of here was a result of bad faith" (id. at 6); that "alternate sanctions have not been considered, and are not otherwise appropriate" (id.); and that "Plaintiff's claim is meritorious" (id. at 7).

B.      **Whether the Court Should Dismiss Plaintiff's Complaint Pursuant to Rule 41(b)**

Upon review of the record before the Court, the parties' arguments, and the applicable law, the Court will dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 41(b).  As

---

[3] Indeed, the Court notes that Adlife's complaints have been dismissed by other district courts in connection with Mr. Liebowitz's misconduct, and yet that does not appear to have impacted the professional relationship between Adlife and the Liebowitz Law Firm.  See, e.g., Buckingham Bros., 2020 WL 4795287, at *12.

an initial matter, the Court notes that it is well aware of the procedural history of this action, as discussed previously, and considers the totality of Plaintiff's conduct in prosecuting this case, not only the twelve (12) weeks in which the Court stayed the matter pending the appearance of qualified counsel.  Further, the Court acknowledges that Rule 41(b) dismissal is a severe sanction that "is only appropriate in limited circumstances."  See Adams v. Trustees of the N.J. Brewery Employees' Pension Trust Fund, 29 F.3d 863, 870 (3d Cir. 1994).  Nonetheless, the Court finds dismissal is appropriate here.

Turning to the Poulis factors, the Court first considers the extent of Plaintiff's responsibility in this matter.  In assessing this factor, the Court is cognizant of the differences between Mr. Liebowitz's responsibility as Plaintiff's counsel and Plaintiff's responsibility and the fact that the Third Circuit has emphasized imposing sanctions on disreputable attorneys rather than their clients absent an indication that the client was aware of the attorney's conduct.  See, e.g., Hildebrand v. Allegheny Cty., 923 F.3d 128, 133 (3d Cir. 2019) (collecting cases).  However, "the personal responsibility criterion does not aim to protect all innocent victims from dismissal of a case," and corporate plaintiffs have previously been held personally responsible for the actions of their counsel.  See Adams, 29 F.3d at 873.  Further, in evaluating the history of Plaintiff and Mr. Liebowitz's conduct in this case, as well as the relationship between Plaintiff and Mr. Liebowitz in general, the Court does not find that this is the case of "an innocent client suffering the sanction of dismissal due to dilatory counsel whom it hired to represent it."  See id.  Rather, as discussed in more detail by the United States District Court for the Northern District of New York:

> The Court notes Adlife's continued use of an attorney who has little respect or knowledge of local procedures, violates court orders, lies under oath, and is continuously sanctioned for frivolous lawsuits. Adlife is known for being litigious and has been represented by LLF in at least 41 proceedings since 2018. See MyWebGrocer, Inc. v Adlife Mktg. & Communications Co., Inc., 383 F. Supp. 3d 307, 309, 314 (D. Vt. 2019) (where Adlife was accused of "copyright trolling" and seeking to "recover money from persons who may

actually owe it little or nothing."). Several of Adlife's cases were voluntarily dismissed shortly after a court request for registration verification, text/minute order for failure to comply with local laws, or a show cause order for a lack of proper service. See, e.g., Adlife Mktg. & Communications Co., Inc. v. Yoder's Meats, Inc., No. 20-CV-1313, Dkt. No. 5 (E.D. Pa. June 9, 2020) (where Liebowitz failed to serve a summons); Adlife Mktg. & Communications Co., Inc. v. Acme Markets, Inc., No. 19-CV-7394, Dkt. No. 3 (S.D.N.Y. Aug. 9, 2019) (where the Court filed a notice to submit an AO 121 Copyright Form); Adlife Mktg. & Communications Co., Inc. v. Wal Mart.com USA, LLC, No. 19-CV-3175, Dkt. No. 19 (D. Col. Mar. 6, 2019) (where Liebowitz's notice of settlement continuously failed to comply with local laws); Adlife Mktg. & Communications Co., Inc. v. Tops Markets, LLC, No. 18-CV-1102, Dkt. No. 5 (N.D.N.Y. Nov. 11, 2018) (where case was voluntarily dismissed after a list of copyright numbers was mailed to the Register of Copyrights). This is of no surprise, as LLF is known to voluntarily dismiss suits that are subject to dismissal when it is clear they are in "hot water." Stridiron, 2019 U.S. Dist. LEXIS 103805, 2019 WL 2569863, at *4; see also, McDermott v. Monday Monday, LLC, No. 17-CV-9230, 2018 U.S. Dist. LEXIS 184049, 2018 WL 5312903, at *2 (S.D.N.Y. Oct. 26, 2018) ("In the over 700 cases Liebowitz has filed since 2016, over 500 of those have been voluntarily dismissed, settled, or otherwise disposed of before any merits-based litigation. In most cases, the cases are closed within three months of the complaint filing.").

See Buckingham Bros., 2020 WL 4795287, at *10 n.10.  In addition, even if the Court were to accept that Plaintiff had no knowledge of the numerous dismissals of its own cases brought by Mr. Liebowitz or sanctions levied against him prior to his conduct in this case, at a minimum Plaintiff must have become aware of its counsel's egregious history of misconduct after being served with the sanction Opinion and Order of June 26, 2020 from the Southern District of New York.  In fact, a mere six days prior to this Court staying the instant action, the Northern District of New York dismissed the above-cited case in addition to levying sanctions against Mr. Liebowitz. Nonetheless, Plaintiff continued to retain Mr. Liebowitz to represent it in this action and others until nearly the end of November 2020.[4]  Reviewing this history as a whole, the Court can only

---

[4] Regarding the specific conduct of Mr. Liebowitz filing multiple cases in this Court on Adlife's behalf despite not being admitted to practice in the Middle District of Pennsylvania and without seeking admission pro hac vice, the Court notes that an order of disbarment was entered against him in the Northern District of California on October 7, 2019 for the exact conduct demonstrated here—filing numerous cases in a district without being admitted to practice. See In the Matter of Richard P. Liebowitz, No. 19-MC-80228 (N.D. Cal. Oct. 7, 2019).

9

conclude that Plaintiff bears responsibility in this matter as a corporate party that deliberately engaged the services of an attorney and law firm with a well-documented history of serious misconduct.[5]

Examining the second Poulis factor, the Court agrees with Defendant that it has been prejudiced by Plaintiff's conduct and the delays in this matter.  Defendant has been attempting for over a year to defend an action in which Plaintiff was noncompliant with court orders and nonresponsive throughout months of discovery, only producing substantive documents after the discovery deadline, and in which the allegations at issue have not even been clarified.[6]  Neither Plaintiff nor Plaintiff's counsel has ever provided an explanation for this conduct.  Instead Plaintiff's argument against this factor in its opposition is a total of four sentences that assert in a conclusory fashion that "Defendant cannot show prejudice by a mere three-month delay in this lawsuit."  (Doc. No. 4.)  However, "'prejudice' for the purpose of Poulis analysis does not mean 'irredeemable harm'" and "the burden imposed by impeding a party's ability to prepare effectively a full and complete [defense] is sufficiently prejudicial."  See Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003) (internal citation omitted); see also Woods v. Malanoski, No. 17-CV-17, 2018 WL 3999660, at *2 (W.D. Pa. 2018) (finding that that the defendants were "prejudiced in that they are being asked to defend a case in which they do not know the facts of their involvement in the alleged wrongdoing").  Accordingly, the Court finds that Defendant has been prejudiced by

---

[5] In the alternative, the Court finds that the remaining Poulis factors support dismissal regardless of its determination regarding Plaintiff's responsibility.

[6] For example, the complaint in this action, as well as counsel's representations regarding the same, indicated that there were twenty-two (22) copyrights and thirty-six (36) images at issue.  (Doc. No. 1-2; Doc. No. 44 at 3.)  However, in opposition to the instant motion, Plaintiff asserted for the first time that "it is the rightful owner of 52 copyrighted photos" (Doc. No. 41 at 7), and in the most recent motion for leave to file an amended complaint, asserted that this dispute involves "a total of 62 images, and approximately 350 uses" (Doc. No. 57 ¶ 16).

Plaintiff's noncompliance with discovery obligations and lack of clarity surrounding the allegations in this case, which have impeded Defendant's ability to mount a defense, as well as by the delays in briefing of its still-pending motion for summary judgment (Doc. No. 31).

Examining the third and fourth factors—a history of dilatoriness and whether the party's conduct was in bad faith—Plaintiff not only filed the instant action through counsel who was not qualified to practice before this Court, but was noncompliant with discovery obligations and the Court's case management Order, and failed to secure qualified counsel to enter an appearance in this action for three months after Mr. Liebowitz stated that he would file for special admission within days of the Court's August 24, 2020 status conference. Plaintiff has not provided an explanation for this conduct, and, viewed in light of the fact that Mr. Liebowitz and Plaintiff have a well-documented history of similar actions before other courts—and indeed, that Mr. Liebowitz has been specifically sanctioned for this conduct—the Court can only conclude that these actions were undertaken willfully and in bad faith.

The Court acknowledges that it must consider alternative sanctions before dismissing a case pursuant to Rule 41(b). See Briscoe v. Klaus, 538 F.3d 252, 262 (3d Cir. 2008). Pursuant to the Federal Rules of Civil Procedure, the Court "is specifically authorized to impose on an attorney those expenses, including attorneys' fees, caused by unjustified failure to comply with discovery orders or pretrial orders." See Poulis, 747 F.2d at 869. However, the Court does not find that alternative sanctions would be effective in this case. As discussed throughout this Memorandum and detailed even more thoroughly in the June 26, 2020 Opinion and Order from the Southern District of New York (Doc. No. 29), Mr. Liebowitz has been sanctioned time and time again both monetarily and non-monetarily. Mr. Liebowitz has been required to pay fines, attorneys' fees, and costs to the tune of hundreds of thousands of dollars, has been ordered to complete ethics courses,

referred to disciplinary committees, and has even been barred from practice in at least one district and been recommended for removal from the rolls of court in others.  Mr. Liebowitz and his firm do not appear to have been deterred by any of these sanctions.  Indeed, it has been suggested that "there may be no sanction short of disbarment that would stop Mr. Liebowitz from further misconduct." (Doc. No. 29 at 46.)  Despite this long history, which includes representation by Mr. Liebowitz and his firm in cases where he was sanctioned, Plaintiff continued to utilize Mr. Liebowitz's legal services until late November 2020.  Accordingly, it seems apparent that alternative sanctions, especially the imposition of fines or costs, would be ineffective.

Regarding the sixth factor, the meritoriousness of the claim, the Court notes that "[a] claim, or defense, will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." See Poulis, 747 F.2d at 869-70.  "To establish a claim of copyright infringement, a plaintiff must establish: (1) ownership of a valid copyright; and (2) unauthorized copying of original elements of the plaintiff's work." See Dun & Bradstreet Software Servs. v. Grace Consulting, Inc., 307 F.3d 197, 206 (3d Cir. 2002).  However, a plaintiff is only entitled to actual damages "determined by the loss in the fair market value of the copyright, measured by the profits lost due to the infringement or by the value of the use of the copyrighted work to the infringer," see Leonard v. Stemtech Int'l, Inc., 834 F.3d 376, 390 (3d Cir. 2016), or statutory damages if the alleged infringement commenced after the copyrighted work was registered, see Schiffer Publ'g, Ltd. v. Chronicle Books, LLC, No. 03-CV-4962, 2005 WL 67077, at *4 (E.D. Pa. 2005).  Plaintiff's complaint and associated submissions include no information regarding loss to Plaintiff or when its allegedly infringed images were registered.  Accordingly, the Court finds that this factor is neutral.

In light of the foregoing, the Court finds that the majority of the six <u>Poulis</u> factors weigh heavily in favor of dismissing this action pursuant to Federal Rule of Civil Procedure 41(b).

## IV.    CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss (Doc. No. 36) will be granted and Plaintiff's motion for leave to file a supplemental response (Doc. No. 49) will be deemed withdrawn.  The remaining pending motions on the docket will be denied as moot.  An Order consistent with this Memorandum follows.