# Exhibit 7

**To:**     Joel Albrizio[joel@adlife.com]; Rebecca Jones[rebecca.jones@adlife.com]
**From:**    Richard Liebowitz
**Sent:**    Fri 2/21/2020 8:46:44 PM
**Subject:**   Discovery in Karns

W1023233.pdf
W1023234 (1).pdf

Best,
Richard Liebowitz, Esq.
Liebowitz Law Firm, PLLC
t.516-233-1660
RL@LiebowitzLawFirm.com
www.LiebowitzLawFirm.com


*******************************************************************
This message is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you.
*******************************************************************

**FOWLER HIRTZEL MCNULTY &
SPAULDING, LLP**
BY: GREGORY S. HIRTZEL, ESQUIRE
E-MAIL: ghirtzel@fhmslaw.com
I.D. # 56027
BY: BENJAMIN P. NOVAK, ESQUIRE
E-MAIL: bnovak@fhmslaw.com
I.D. #326182
1860 CHARTER LANE, SUITE 201
LANCASTER, PA 17601
P:717-553-2604
F:717-229-1239

ATTORNEYS FOR DEFENDANT
KARNS PRIME AND FANCY FOOD, LTD.

| | |
|---|---|
| ADLIFE MARKETING & COMMUNICATIONS COMPANY, INC.,<br><br>Plaintiff,<br>v.<br><br>KARNS PRIME AND FANCY FOOD, LTD. AND AD POST GRAPHICS MEDIA MARKETING, INC.,<br>Defendants. | UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF PENNSYLVANIA HARRISBURG DIVISION<br><br>CIVIL ACTION - LAW<br><br>USCD M.D. Pa. 1:19-CV-01638-YK |

**DEFENDANT KARNS PRIME AND FANCY FOOD, LTD'S
INTERROGATORIES DIRECTED TO PLAINTIFF (SET 1)**

Defendant hereby makes demand that the Plaintiff answer the following Interrogatories pursuant to the Federal Rules of Civil Procedure. These Interrogatories must be answered as provided and the Answers must be served on all other parties within thirty (30) days after the Interrogatories are deemed served.

These Interrogatories are deemed to be continuing as to require the filing of Supplemental Answers promptly in the event Defendant or its representatives (including counsel) learns additional facts not set forth in his/her original Answers or discover that information provided in the Answers is erroneous. Such Supplemental Answers may be filed from time to time, but not later than 30 days after such further information is received, pursuant Federal Rules of Civil Procedure.

## **DEFINITIONS**

As used herein, unless otherwise specified, the following terms and phrases have the meaning indicated:

A.     As used in each Interrogatory herein, the term "Documents" shall mean all data, whether written, electronically stored, electronically communicated (e.g., em ails, texts, social media posts, electronic advertising and any other form of electronic communications), and graphic matter of every kind or description, produced or reproduced, whether draft or final, original, duplicate or reproduction, signed or unsigned, and regardless of whether approved, sent, received, redrafted, or executed.  The term "Documents" shall also include b ut not be limited to: written communications, letters, correspondence, facsimiles, e -mail, memoranda, minutes, notes, photographs however the image was taken, films, video, recordings of any type, advertisements, transcripts, contracts, agreements, licenses, copyrights, purchase or sales orders, memoranda of telephone conversations o r personal conversations, diaries, desk calendars, interoffice communications, reports, studies, bills, receipts, checks, checkbooks, invoices or material similar to any of the foregoing however denominated, by whomever prepared, and to whomever addressed, which are accessible to or are in the possession, custody or control of Plaintiff, Plaintiff's attorneys,  Plaintiff's representatives, agents, servan ts, workmen or employees, acting within the course and scope of their employment, agency or representation of/with Plaintiff. "Documents" refers to the following material, whether or not within the possession, custody or control of the Defendant.

B.     "Person" refers to any individual, associations, partnership, firms, corporation, trust, governmental agency, or other entity.

C.     "Employee" or "employees" refers to any present or former employee or employees.

D.     "He or "his" shall be read to refer, where applicable, to the feminine "she" or "her".

E.     "You" shall be construed to mean not only the Plaintiff but also his or her agents, servants, workman, employees, counsel and their respective agents, servants, employees, workman or person acting for or on behalf in any capacity.

F.     "Accident/Incident" referred to hereinafter as the one which is the subject matter of this suit.

G.     "Identify" when used with respect to an *individual,* means to state (1) their name; (2) business affiliation and official title and/or position; and (3) their last known residential and business address.

"Identify" when used with respect to a *document,* means to state (1) the type of document (e.g. letter, memorandum, hand -written note, facsimile, e -mail); (2) its date of origin or creation; (3) its author and addressee; (4) its last known custodian or locations; (5) a brief description of its subject matter and size ; and (6) to attach to your Answer a copy of the document identified.

"Identify" when used with respect to a company or other business entity, means to state, (1) the company's legal name, any former names, and the name under which it trades or does business (2) the address of its principal place of business; and (3) the identity of its chief executive officer.

H.      "You" or "your" refers to Plaintiff(s) herein and to all other persons acting or purporting to act on behalf of Plaintiff(s), including Plaintiff's attorneys,  Plaintiff's representatives, agents, servants, workmen and/or employees, acting within the course and scope of their employment, agency or representation of/with Plaintiff.

## <u>INSTRUCTIONS</u>

A.      Where asked to identify an individual person, state the person's:

      1.      full name;

      2.      present or last known residence address; and

      3.      present or last known business address and position.

B.      Where asked to identify an entity other than an individual person, state its:

      1.      full name; and

      2.      present or last known address.

C.      Where asked to identify a document, include the following information, where applicable:

      1.      the type of document, i.e., letter, memorandum, note, etc.

      2.      the date that the document was prepared;

      3.      the document's author(s) or the person(s) who prepared or compiled it;

      4.      the person(s) to whom the document was addressed and sent;

      5.      the document's present location and custodian;

      6.      the disposition made of the document, if it was in your possession or control but is no longer; and

      7.      the date that the document was destroyed, and the reasons therefore.

D.      Where asked to identify a communication, include the following information:

      1.      the manner of such communication, i.e., oral, written, telephone calls, etc.

    2.      the person or persons making each such communication;

    3.      the person or persons to whom each such communication was made;

    4.      all persons present at the time of each such communication;

    5.      the date and time of such communications;

    6.      the place where such communication was made or held; and

    7.      the substance of each such communication.

E.      Where asked to identify a meeting, include the following information:

    1.      the date and place of the meeting; and

    2.      all persons present.

F.      Where asked to identify and describe tests, studies, investigations and reports, include the following information:

    1.      the date (or time period) and place of each test, study, investigation or report;

    2.      the name or title of each test, study, investigation or report;

    3.      the person(s) who commissioned each test, study, investigation or report;

    4.      the person(s) who conducted prepared or participated in each test, study, investigation or report;

    5.      the purpose of each test, study, investigation or report;

    6.      a summary of the substance, subjects, topics and findings of each test, study, investigation or report; and

    7.      all documents which relate refer or pertain to each test, study, or investigation or report.

G.      To the extent that the information or communication sought in an interrogatory is incorporated or contained in a document, identify the document and attach a copy to your answers.

H.      If you object to an interrogatory on the basis of privilege, state in detail the facts on which you base your objection.

I.      The instructions and definitions which precede these interrogatories are an integral part hereof, and information requested in each interrogatory includes all information called for by reference to the instructions and definitions.

J.      Whenever the word "identify" is used with reference to a person or document identified in a previous answer, it shall be sufficient to state his, her or its name or title and refer to the answer in which he, she or it was previously identified.

K.      Where applicable, information sought by an interrogatory may be furnished by reference to another answer, but separate answers should be given in all cases, and interrogatories should not be joined together and accorded a common answer.

L.      Where exact information cannot be furnished, estimated information should be applied to the best extent possible.  Where estimated information is used, it should be so indicated as an explanation given as to the source and basis of the estimate.


## **INTERROGATORIES**

1.      Identify each of the specific photographs depicted on Exhibit A to your Complaint which you maintain is protected by a legally enforceable copyright which Defendant violated.

    a.      With respect to each such photograph, identify:

        i.      The specific date upon which you claim each image was unlawfully used;

        ii.     For each alleged the copyrights unlawful use, where and how each use occurred;

        iii.    The specific date on which each such image was registered by or on your behalf with the U.S. copyright office.


2.      With respect to each and every photograph you have identified in reply to 1 above, identify and produce all information and evidence supporting your claim that Adlife owned the copyright to said photograph(s) at the time of Defendant's alleged infringing activity.


3.      With respect to each and every photograph you have identified in reply to 1 above attach hereto the Copyright Registration Certificate.


4.      For each Copyright Registration Certificate identified in reply to 3 above, provide a copy of all corresponding deposit material included in each underlying copyright application submitted to the U.S. Copyright Office.

{W1021979.1}

5.      To the extent not included on Exhibit A to your Complaint, provide a complete list of images Plaintiff believes Defendant has infringed or is currently infringing.

    a.      With respect to each such photograph, identify:

        i.      The specific dates upon which you claim the image was unlawfully used;

        ii.      Where and how it was unlawfully used; and,

        iii.      The specific date on which each such image was registered by or on your behalf with the U.S. copyright office.

6.      For each of the images you have identified in answer to Interrogatories 1 & 5 above, identify each and every date you maintain same was used by Defendant without license or permission.

7.      For each of the images you have identified in answer to Interrogatories 1 & 5 above, identify the sum Plaintiff would charge for authorized use of the image every date you maintain same was used by Defendant without license or permission.

8.      For each of the images you have identified in answer to Interrogatories 1 & 5 above, identify the usual customary and advertised sum Plaintiff would charge for:

      a. Single licensed use of the image on every date you maintain same was used by Defendant without license or permission;

      b. A monthly license to use the image for each different month you maintain same was used by Defendant without permission; and,

      c. A perpetual license to use each image you maintain Defendant has used without permission.

9.      For each usual, customary and advertised sum identified in 8 a-c above, attach to this Request all data, documents and proofs supporting that the sums Plaintiff has identified was in fact the usual, customary and advertised sum Plaintiff would charge for each license for each of the images which you allege Defendant used without license or permission.

10.     Identify every fact upon which you rely to support the allegations in your complaint that Defendant's alleged use of any image identified in Answer to Interrogatories 1 & 5 above were willful.

      a.  Identify the name, address and employer of each person having personal knowledge of the facts identified immediately above;

      b.  Identify all documents referring to, identifying or arising from any of the facts identified in answer to this interrogatory; and,

      c.  Attach hereto all documents identified in response to b above.

11.     For each of the images you have identified in answer to Interrogatories 1 & 5 above, identify all facts that support your claim that you suffered actual damages under 17 USC section 504(b) and (c) as a result of Defendant's alleged use of those images.

      a.  Identify the name, address and employer of each person having personal knowledge of the facts identified immediately above;

      b.  Identify all documents referring to, identifying or arising from any of the facts identified in answer to this interrogatory; and,

      c.  Attach hereto all documents identified in response to b above.

12.     In anticipation of litigation, were any investigations, examinations, inspections, analysis, tests, reports and/or studies made, prepared, or conducted by you or anyone on your behalf to ascertain if Defendant has in fact committed copyright violations with respect to any or all of the photos depicted in Exhibit A to your complaint?  If so, please identify:

      a.  With specificity, what investigations, examinations, inspections, analysis, tests, reports and/or studies were conducted;

      b.  The name, address and employer of the person or persons making, or conducting the investigations, examinations, inspections, analysis, tests, reports and/or studies;

      c.  The identity and location of the person or persons having its present custody and control; and,

      d.  Attach to your Answer a copy of all documents pertaining to all such investigations, examinations, inspections, tests, experiments and/or studies

13.     For each of the documents (photos) you have identified in answer to Interrogatories 1 & 5 above, identify the date you first became aware of Defendant's unauthorized use of the same

**FOWLER HIRTZEL MCNULTY & SPAULDING, LLP**

Date: December 23, 2019

**By:**

Gregory S. Hirtzel, Esquire
Benjamin P. Novak, Esquire
Attorneys For Defendant Karns Prime
and Fancy Food, Ltd.

## **CERTIFICATE OF SERVICE**

I, Patricia L. Glasz, Pa.C.P., an employee of the law office of Fowler Hirtzel McNulty & Spaulding, LLP do hereby certify that I caused a true and correct copy of ***Defendant Karns Prime and Fancy Food, Ltd's Interrogatories Directed to Plaintiff (Set 1)*** to be served upon the following person(s) at the following address(es) by sending same via e-mail or United States First Class Mail on the date set forth below:

> Richard P. Liebowitz, Esquire
> Liebowitz Law Firm, PLLC
> 11 Sunrise Plaza, Suite 305
> Valley Stream, NY  11580
> *Attorney for Plaintiff*
>
> Kevin M. Gold, Esquire
> Pillar Aught, LLC
> 4201 East Park Circle
> Harrisburg, PA  17111
> *Personal Counsel for Defendant Karns Prime and Fancy Food, Ltd.*
>
> Lindsey E. Snavely, Esquire
> Pillar Aught, LLC
> 4201 East Park Circle
> Harrisburg, PA  17111
> *Personal Counsel for Defendant Karns Prime and Fancy Food, Ltd.*

**FOWLER HIRTZEL McNULTY & SPAULDING, LLP**

Dated:   December 23, 2019         By: _____
                                        Patricia L. Glasz, Pa.C.P.
                                        Paralegal
                                        1860 Charter Lane, Suite 201
                                        Lancaster, PA 17601-5865
                                        (717) 553-2604

**FOWLER HIRTZEL MCNULTY &
SPAULDING, LLP**
BY: GREGORY S. HIRTZEL, ESQUIRE
E-MAIL: ghirtzel@fhmslaw.com
I.D. # 56027
BY: BENJAMIN P. NOVAK, ESQUIRE
E-MAIL: bnovak@fhmslaw.com
I.D. #326182
1860 CHARTER LANE, SUITE 201
LANCASTER, PA 17601
P:717-553-2604
F:717-229-1239

ATTORNEYS FOR DEFENDANT
KARNS PRIME AND FANCY FOOD, LTD.

---

ADLIFE MARKETING &
COMMUNICATIONS COMPANY, INC.,

                Plaintiff,

v.

KARNS PRIME AND FANCY FOOD, LTD.
AND AD POST GRAPHICS MEDIA
MARKETING, INC.,

                Defendants.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA
HARRISBURG DIVISION


CIVIL ACTION - LAW

USCD M.D. Pa. 1:19-CV-01638-YK

---

## DEFENDANT KARNS PRIME AND FANCY FOOD, LTD'S REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO PLAINTIFF (SET 1)

      The Defendant in the above-captioned matter hereby makes demand that the Plaintiff answer the following Request for Production of Documents under oath within thirty (30) days pursuant to the Federal Rules of Civil Procedure: This Request for Production of Documents shall be deemed continuing so as to requires further and additional answers up to the time of trial, if additional and subsequent information is obtained by the Plaintiff.


## DEFINITIONS

      A.     "You" or "your" refers to Plaintiff(s) herein and to all other persons acting or purporting to act on behalf of Plaintiff(s), including Plaintiff's attorneys, Plaintiff's representatives, agents, servants, workmen and/or employees, acting within the course and scope of their employment, agency or representation of/with Plaintiff.

      B.     "Communications" shall mean all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, correspondence, notes, telegrams, telexes, advertisements, facsimiles, e-mail, or other forms of verbal and/or communicative intercourse.

C.     As used in each document request herein, the term " Documents" shall mean all data, whether written, electronically stored, electronically communicated (e.g., emails, texts, social media posts, electronic advertising and any other form of electronic communications), and graphic matter of every kind or description, produced or reproduced, whether draft o r final, original, duplicate or reproduction, signed or unsigned, and regardless of whether approved, sent, received, redrafted, or executed . The term "Documents" shall also include b ut not be limited to: written communications, letters, correspondence, f acsimiles, e-mail, memoranda, minutes, notes, photographs however the image was taken, films, video, recordings of any type, advertisements, transcripts, contracts, agreements, licenses, copyrights, purchase or sales orders, memoranda of telephone conversa tions or personal conversations, diaries, desk calendars, interoffice communications, reports, studies, bills, receipts, checks, checkbooks, invoices or material similar to any of the foregoing however denominated, by whomever prepared, and to whomever add ressed, which are accessible to or are in the possession, custody or control of Plaintiff, Plaintiff´s attorneys,  Plaintiff´s representatives, agents, servan ts, workmen or employees, acting within the course and scope of their employment, agency or representation of/with Plaintiff.

D.     "Persons" means an individual, corporation, partnership, trust, associations, company, organization, or any form of a business or commercial entity.

E.     "Identify" when used with respect to an individual, means to state (1) t heir name; (2) business affiliation and official title and/or position; and (3) their last known residential and business address.

F.     "Identify" when used with respect to a document, means to state (1) the type of document (e.g. letter, memorandum, hand -written note, facsimile, e-mail); (2) its date of origin or creation; (3) its author and addressee; (4) its last known custodian or locations; and (5) a brief description of its subject matter and size. In lieu of identifying any document(s), you may attach a copy of it to your answer, indicating the question to which it is responsive.

G.     "Identify" when used with respect to a company or other business entity, means to state, (1) the company's legal name, any former names, and the name under which it trades or does business (2) the address of its principal place of business; and (3) the identity of its chief executive officer.

H.     "Relate to" means consist of, refer to, reflect or be in any way logically connected with the matter discussed.

I.     The period of time encompassed by these requests shall be from the date of the alleged accident to the date of answering, unless otherwise indicated. Note, this request is continuing up to and at the time of trial.

J.     For purposes of the Rule, a statement includes:

(1)    A written statement, signed or otherwise adopted or approved by the person making it, or

(2)    A stenographic, mechanical, electronic, videographic or other recording, or a transcript thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

## REQUESTS

1.    Your complete investigation file with respect to the allegations in your complaint, including, but not limited to, the due diligence conducted by or on behalf of Plaintiff with respect to each and every factual allegation set fort against Defendant in Plaintiff's Complaint, excluding information you maintain is protected by the attorney client privilege.  To the extent any information is withheld based upon any claimed privilege or otherwise, attach to this Response a privilege log in accordance with the F.R.C.P. 26(b)(5) describing the nature of the documents, communications, or tangible items not produced or disclosed in a manner that will fairly allow Defendant to assess the validity of the assertion of privilege.

**ANSWER:**


2.    All documents (including but not limited to statements and communications of any and all witnesses and/or parties to this litigation) which refer to, arise from or concern any of the factual allegations in Plaintiff's complaint and/or any commercial transactions between the parties to this litigation.

**ANSWER:**


3.    All documents substantiating, refuting, arising from, relating to or concerning any damages claimed by Plaintiff against defendants on account of the claims and cau ses of action stated in Plaintiff's Complaint.

**ANSWER:**


4.     The name, home and business address, background and qualifications of any and all persons in the employ of Plaintiff(s), who  Plaintiff may call at trial together with a description of the facts and opinions it is believe such persons may testify to.

**ANSWER:**

{W1022180.1}                                    3

5.      A list of the name, address, employer and relationship to Plaintiff, if any, of every person believed to have personal knowledge of any factual allegations in plaintiff's complaint together with a description of what information it is believed that each ind ividual has regarding the facts alleged in Plaintiff's Complaint

**ANSWER:**

6.      The report of all experts retained on behalf Plaintiff concerning any of the claims and allegations in Plaintiff's Complaint, regardless of whether they will testify at trial, together with a complete compilation of all documents supplied to them on behalf  of Plaintiff as well as all documents which they compiled in connection with any work or analysis they did in this matter.

**ANSWER:**

7.      All documents, which any expert identified in response to Request 6. above has consulted or reviewed as *a result of his work or analysis on your behalf* or which he has or will consult in *preparation* of his or her analysis, report or testimony. .

**ANSWER:**

8.      The resumes and qualifications of each expert identified in response to Request 6. Above.

**ANSWER:**

9.      Each and every document (including photo) you allege defend ant used in violation of any copyright which Plaintiff held for such document (photo).

**ANSWER:**

10.     A copy of the Copyright Registration Certificate for each document (photo) identified in response to  9. above.

**ANSWER:**


11.     For each Copyright Registration Certificate identified in response to Request 10. above  attach a copy of all corresponding deposit material included in each underlying copyright application submitted to the U.S. Copyright Office

**ANSWER:**


**FOWLER HIRTZEL MCNULTY & SPAULDING, LLP**


Date: December 23, 2019          **By:** _____

                                         Gregory S. Hirtzel, Esquire
                                         Benjamin P. Novak, Esquire
                                         Attorneys For Defendant
                                         Karns Prime and Fancy Food, Ltd.

## CERTIFICATE OF SERVICE

I, Patricia L. Glasz, Pa.C.P., an employee of the law office of Fowler Hirtzel McNulty & Spaulding, LLP do hereby certify that I caused a true and correct copy of *Defendant Karns Prime and Fancy Food, Ltd's Request for Production of Documents Directed to Plaintiff (Set 1)* to be served upon the following person(s) at the following address(es) by sending same via e-mail or United States First Class Mail on the date set forth below:

> Richard P. Liebowitz, Esquire
> Liebowitz Law Firm, PLLC
> 11 Sunrise Plaza, Suite 305
> Valley Stream, NY  11580
> *Attorney for Plaintiff*
>
> Kevin M. Gold, Esquire
> Pillar Aught, LLC
> 4201 East Park Circle
> Harrisburg, PA  17111
> *Personal Counsel for Defendant Karns Prime and Fancy Food, Ltd.*
>
> Lindsey E. Snavely, Esquire
> Pillar Aught, LLC
> 4201 East Park Circle
> Harrisburg, PA  17111
> *Personal Counsel for Defendant Karns Prime and Fancy Food, Ltd.*

**FOWLER HIRTZEL McNULTY & SPAULDING, LLP**

Dated: ___December 23, 2019___      By: _____
                                          Patricia L. Glasz, Pa.C.P.
                                          Paralegal
                                          1860 Charter Lane, Suite 201
                                          Lancaster, PA 17601-5865
                                          (717) 553-2604

{W1022180.1}                                6