# Exhibit 10

**To:** Rebecca Jones[rebecca.jones@adlife.com]
**Cc:** Doug Fleurant[doug.fleurant@adlife.com]; Joel Albrizio[joel@adlife.com]; Richard Liebowitz[richardpliebowitz@gmail.com]
**From:** James Freeman
**Sent:** Mon 4/13/2020 5:12:35 PM
**Subject:** Re: Musser's / Karns Discovery - PFP.com TOS

Adlife - ROGS directed to PL (Set 2) (W1058590xD599F).docx
Adlife - RPD directed to PL (set 2) (W1058534xD599F).docx

Hi Rebeca:

Hope all is well.  I am attaching  a second set of discovery requests in the Karns matter.  Do you have time this afternoon to jump on the phone to discuss?

Best,

James

On Tue, Feb 25, 2020 at 4:59 PM James Freeman <jf@liebowitzlawfirm.com> wrote:

   Received, thank you.

On Tue, Feb 25, 2020 at 4:56 PM Rebecca Jones <rebecca.jones@adlife.com> wrote:

   James,
   It was a pleasure to speak with you today.

Per our conversation, I have attached the PreparedFoodPhotos.com Terms of Use.

Please advise is you need any further information from me.

Thank you,
Rebecca

--

**Rebecca M. Jones**
Intellectual Property Manager
C: (401) 543-7553
O: (401) 723-4782
rebecca.jones@adlife.com

38 Church Street
Pawtucket, RI 02860
www.adlife.com

---

***Much of our business is built on referrals from clients like yourself who have been pleased with the services we've provided. If you know of another company that might benefit from the products and services we provide we would be grateful for a referral.***

| | |
|---|---|
| **FOWLER HIRTZEL MCNULTY & SPAULDING, LLP**<br>BY: GREGORY S. HIRTZEL, ESQUIRE<br>E-MAIL: ghirtzel@fhmslaw.com<br>I.D. # 56027<br>BY: BENJAMIN P. NOVAK, ESQUIRE<br>E-MAIL: bnovak@fhmslaw.com<br>I.D. #326182<br>1860 CHARTER LANE, SUITE 201<br>LANCASTER, PA 17601<br>P:717-553-2604<br>F:717-229-1239 | ATTORNEYS FOR DEFENDANT<br>KARNS PRIME AND FANCY FOOD, LTD. |
| ADLIFE MARKETING & COMMUNICATIONS COMPANY, INC.,<br><br>                    Plaintiff,<br>         v.<br><br>KARNS PRIME AND FANCY FOOD, LTD. AND AD POST GRAPHICS MEDIA MARKETING, INC.,<br>                    Defendants. | UNITED STATES DISTRICT COURT<br>MIDDLE DISTRICT OF PENNSYLVANIA<br>HARRISBURG DIVISION<br><br>CIVIL ACTION - LAW<br><br>USCD M.D. Pa. 1:19-CV-01638-YK |

## DEFENDANT KARNS PRIME AND FANCY FOOD, LTD'S INTERROGATORIES DIRECTED TO PLAINTIFF (SET 2)

Defendant hereby makes demand that the Plaintiff answer the following Interrogatories pursuant to the Federal Rules of Civil Procedure. These Interrogatories must be answered as provided and the Answers must be served on all other parties within thirty (30) days after the Interrogatories are deemed served.

These Interrogatories are deemed to be continuing as to require the filing of Supplemental Answers promptly in the event Defendant or its representatives (including counsel) learns additional facts not set forth in his/her original Answers or discover that information provided in the Answers is erroneous. Such Supplemental Answers may be filed from time to time, but not later than 30 days after such further information is received, pursuant Federal Rules of Civil Procedure.

# **DEFINITIONS**

As used herein, unless otherwise specified, the following terms and phrases have the meaning indicated:

A.  As used in each Interrogatory herein, the term "Documents" shall mean all data, whether written, electronically stored, electronically communicated (e.g., emails, texts, social media posts, electronic advertising and any other form of electronic communications), and graphic matter of every kind or description, produced or reproduced, whether draft or final, original, duplicate or reproduction, signed or unsigned, and regardless of whether approved, sent, received, redrafted, or executed.  The term "Documents" shall also include but not be limited to: written communications, letters, correspondence, facsimiles, e-mail, memoranda, minutes, notes, photographs however the image was taken, films, video, recordings of any type, advertisements, transcripts, contracts, agreements, licenses, copyrights, purchase or sales orders, memoranda of telephone conversations or personal conversations, diaries, desk calendars, interoffice communications, reports, studies, bills, receipts, checks, checkbooks, invoices or material similar to any of the foregoing however denominated, by whomever prepared, and to whomever addressed, which are accessible to or are in the possession, custody or control of Plaintiff, Plaintiff's attorneys, Plaintiff's representatives, agents, servants, workmen or employees, acting within the course and scope of their employment, agency or representation of/with Plaintiff. "Documents" refers to the following material, whether or not within the possession, custody or control of the Defendant.

B.  "Person" refers to any individual, associations, partnership, firms, corporation, trust, governmental agency, or other entity.

C.  "Employee" or "employees" refers to any present or former employee or employees.

D.  "He or "his" shall be read to refer, where applicable, to the feminine "she" or "her".

E.  "You" shall be construed to mean not only the Plaintiff but also his or her agents, servants, workman, employees, counsel and their respective agents, servants, employees, workman or person acting for or on behalf in any capacity.

F.  "Accident/Incident" referred to hereinafter as the allegations of liability set forth in Plaintiff's Complaint.

G.  "Identify" when used with respect to an *individual,* means to state (1) their name; (2) business affiliation and official title and/or position; and (3) their last known residential and business address.

"Identify" when used with respect to a *document,* means to state (1) the type of document (e.g. letter, memorandum, hand-written note, facsimile, e-mail); (2) its date of origin or creation; (3) its author and addressee; (4) its last known custodian or locations; (5) a brief description of its subject matter and size; and (6) to attach to your Answer a copy of the document identified.

"Identify" when used with respect to a company or other business entity, means to state, (1) the company's legal name, any former names, and the name under which it trades or does business (2) the address of its principal place of business; and (3) the identity of its chief executive officer.

H. "You" or "your" refers to Plaintiff(s) herein and to all other persons acting or purporting to act on behalf of Plaintiff(s), including Plaintiff's attorneys, Plaintiff's representatives, agents, servants, workmen and/or employees, acting within the course and scope of their employment, agency or representation of/with Plaintiff.

## INSTRUCTIONS

A. Where asked to identify an individual person, state the person's:

1. full name;

2. present or last known residence address; and

3. present or last known business address and position.

B. Where asked to identify an entity other than an individual person, state its:

1. full name; and

2. present or last known address.

C. Where asked to identify a document, include the following information, where applicable:

1. the type of document, i.e., letter, memorandum, note, etc.

2. the date that the document was prepared;

3. the document's author(s) or the person(s) who prepared or compiled it;

4. the person(s) to whom the document was addressed and sent;

5. the document's present location and custodian;

6. the disposition made of the document, if it was in your possession or control but is no longer; and

7. the date that the document was destroyed, and the reasons therefore.

D. Where asked to identify a communication, include the following information:

1. the manner of such communication, i.e., oral, written, telephone calls, etc.

    2.  the person or persons making each such communication;

    3.  the person or persons to whom each such communication was made;

    4.  all persons present at the time of each such communication;

    5.  the date and time of such communications;

    6.  the place where such communication was made or held; and

    7.  the substance of each such communication.

  E.  Where asked to identify a meeting, include the following information:

    1.  the date and place of the meeting; and

    2.  all persons present.

  F.  Where asked to identify and describe tests, studies, investigations and reports, include the following information:

    1.  the date (or time period) and place of each test, study, investigation or report;

    2.  the name or title of each test, study, investigation or report;

    3.  the person(s) who commissioned each test, study, investigation or report;

    4.  the person(s) who conducted prepared or participated in each test, study, investigation or report;

    5.  the purpose of each test, study, investigation or report;

    6.  a summary of the substance, subjects, topics and findings of each test, study, investigation or report; and

    7.  all documents which relate refer or pertain to each test, study, or investigation or report.

  G.  To the extent that the information or communication sought in an interrogatory is incorporated or contained in a document, identify the document and attach a copy to your answers.

  H.  If you object to an interrogatory on the basis of privilege, state in detail the facts on which you base your objection.

  I.  The instructions and definitions which precede these interrogatories are an integral part hereof, and information requested in each interrogatory includes all information called for by reference to the instructions and definitions.

J.   Whenever the word "identify" is used with reference to a person or document identified in a previous answer, it shall be sufficient to state his, her or its name or title and refer to the answer in which he, she or it was previously identified.

K.   Where applicable, information sought by an interrogatory may be furnished by reference to another answer, but separate answers should be given in all cases, and interrogatories should not be joined together and accorded a common answer.

L.   Where exact information cannot be furnished, estimated information should be applied to the best extent possible.  Where estimated information is used, it should be so indicated as an explanation given as to the source and basis of the estimate.

## INTERROGATORIES

1.   For the period following January 1, 2015, identify each and every letter, email, fax, and other communication sent by or on behalf of Adlife in which demand is made for money on account of copyright infringement.

    a.   With respect to each such letter, email, fax, and other communication, identify:

        i.   The specific date on which it was sent;

        ii.   the addressee;

        iii.   the amount of money demanded for copyright infringement.

2.   For the period you allege is relevant to the Complaint, identify the amount of revenue generated for Adlife by the photos you allege Defendant infringed.

3.   State the amount of financial and/or economic detriment Plaintiff has suffered on account of the copyright infringement you allege in the complaint, and provide all documents relied upon in providing your answer to this question.

4.   Identify by court term and docket number each and every civil action commenced by or on behalf of Plaintiff in the past five years which concerned in whole or in part allegations by Plaintiff of copyright infringement or intellectual property violations.

|  | **FOWLER HIRTZEL MCNULTY & SPAULDING, LLP** |
|---|---|
| Date: March 13, 2019 | By: *[signature]* |
|  | Gregory S. Hirtzel, Esquire<br>Benjamin P. Novak, Esquire<br>Attorneys For Defendant Karns Prime and Fancy Food, Ltd. |

## CERTIFICATE OF SERVICE

I, Donna M. McConnell, RP, Pa.C.P., an employee of the law office of Fowler Hirtzel McNulty & Spaulding, LLP do hereby certify that I caused a true and correct copy of ***Defendant Karns Prime and Fancy Food, Ltd's Interrogatories Directed to Plaintiff (Set2)*** to be served upon the following person(s) at the following address(es) by sending same via e-mail or United States First Class Mail on the date set forth below:

>Richard P. Liebowitz, Esquire
>Liebowitz Law Firm, PLLC
>11 Sunrise Plaza, Suite 305
>Valley Stream, NY  11580
>*Attorney for Plaintiff*
>
>Kevin M. Gold, Esquire
>Pillar Aught, LLC
>4201 East Park Circle
>Harrisburg, PA  17111
>*Personal Counsel for Defendant Karns Prime and Fancy Food, Ltd.*
>
>Lindsey E. Snavely, Esquire
>Pillar Aught, LLC
>4201 East Park Circle
>Harrisburg, PA  17111
>*Personal Counsel for Defendant Karns Prime and Fancy Food, Ltd.*

**FOWLER HIRTZEL McNULTY & SPAULDING, LLP**

Dated:  March 13, 2020          By:  *Donna M. McConnell*
                                      Donna M. McConnell, RP, Pa.C.P.
                                      1860 Charter Lane, Suite 201
                                      Lancaster, PA 17601-5865
                                      (717) 553-2604

**FOWLER HIRTZEL MCNULTY & SPAULDING, LLP**
BY: GREGORY S. HIRTZEL, ESQUIRE
E-MAIL: ghirtzel@fhmslaw.com
I.D. # 56027
BY: BENJAMIN P. NOVAK, ESQUIRE
E-MAIL: bnovak@fhmslaw.com
I.D. #326182
1860 CHARTER LANE, SUITE 201
LANCASTER, PA 17601
P:717-553-2604
F:717-229-1239

ATTORNEYS FOR DEFENDANT
KARNS PRIME AND FANCY FOOD, LTD.

---

ADLIFE MARKETING & COMMUNICATIONS COMPANY, INC.,

        Plaintiff,

   v.

KARNS PRIME AND FANCY FOOD, LTD. AND AD POST GRAPHICS MEDIA MARKETING, INC.,

        Defendants.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA
HARRISBURG DIVISION

CIVIL ACTION - LAW

USCD M.D. Pa. 1:19-CV-01638-YK

---

## DEFENDANT KARNS PRIME AND FANCY FOOD, LTD'S REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO PLAINTIFF (SET 2)

AND NOW, Karns Prime and Fancy Food, Ltd. (Sometimes referred to as "Karns") hereby makes demand that the Plaintiff answer the following Request for Production of Documents under oath within thirty (30) days pursuant to the Federal Rules of Civil Procedure: This Request for Production of Documents shall be deemed continuing so as to requires further and additional answers up to the time of trial, if additional and subsequent information is obtained by the Plaintiff.

## DEFINITIONS

    A.    "You" or "your" refers to Plaintiff(s) herein and to all other persons acting or purporting to act on behalf of Plaintiff(s), including Plaintiff's attorneys, Plaintiff's representatives, agents, servants, workmen and/or employees, acting within the course and scope of their employment, agency or representation of/with Plaintiff.

    B.    "Communications" shall mean all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, correspondence, notes, telegrams, telexes, advertisements, facsimiles, e-mail, or other forms

{W1058534.1}        1

of verbal and/or communicative intercourse.

      C.      As used in each document request herein, the term "Documents" shall mean all data, whether written, electronically stored, electronically communicated (e.g., emails, texts, social media posts, electronic advertising and any other form of electronic communications), and graphic matter of every kind or description, produced or reproduced, whether draft or final, original, duplicate or reproduction, signed or unsigned, and regardless of whether approved, sent, received, redrafted, or executed.  The term "Documents" shall also include but not be limited to: written communications, letters, correspondence, facsimiles, e-mail, memoranda, minutes, notes, photographs however the image was taken, films, video, recordings of any type, advertisements, transcripts, contracts, agreements, licenses, copyrights, purchase or sales orders, memoranda of telephone conversations or personal conversations, diaries, desk calendars, interoffice communications, reports, studies, bills, receipts, checks, checkbooks, invoices or material similar to any of the foregoing however denominated, by whomever prepared, and to whomever addressed, which are accessible to or are in the possession, custody or control of Plaintiff, Plaintiff's attorneys,  Plaintiff's representatives, agents, servants, workmen or employees, acting within the course and scope of their employment, agency or representation of/with Plaintiff.

      D.      "Persons" means an individual, corporation, partnership, trust, associations, company, organization, or any form of a business or commercial entity.

E.     "Identify" when used with respect to an individual, means to state (1) their name; (2) business affiliation and official title and/or position; and (3) their last known residential and business address.

F.     "Identify" when used with respect to a document, means to state (1) the type of document (e.g. letter, memorandum, hand-written note, facsimile, e-mail); (2) its date of origin or creation; (3) its author and addressee; (4) its last known custodian or locations; and (5) a brief description of its subject matter and size. In lieu of identifying any document(s), you may attach a copy of it to your answer, indicating the question to which it is responsive.

G.     "Identify" when used with respect to a company or other business entity, means to state, (1) the company's legal name, any former names, and the name under which it trades or does business (2) the address of its principal place of business; and (3) the identity of its chief executive officer.

H.     "Relate to" means consist of, refer to, reflect or be in any way logically connected with the matter discussed.

I.     The period of time encompassed by these requests shall be from the date of the alleged accident to the date of answering, unless otherwise indicated. Note, this request is continuing up to and at the time of trial.

J.     For purposes of the Rule, a statement includes:

(1)     A written statement, signed or otherwise adopted or approved by the person making it, or

(2)     A stenographic, mechanical, electronic, videographic or other recording, or a transcript thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

## REQUESTS

1.     Any and all communications dated after January 1, 2015, sent by or on behalf of Adlife (including those sent by Adlife's agents, servants, workmen, employees, officers, directors, members and/or managers) in which demand is made for money on account of alleged copyright infringement.

**ANSWER:**

2.     All documents identified and/or supporting and/or tending to support to in your answers to Karns' Interrogatories Directed to Plaintiff (Set 2).

**ANSWER:**


3. A full and unabridged copy of the transcript of each and every deposition conducted after January 1, 2015, in which Joel Albrizio and/or a corporate designee of Adlife has been deposed in a case involving allegations of copyright infringement.

**ANSWER:**

      4.    A copy of each and every expert report, dated after January 1, 2015, produced by or on behalf of Adlife in litigation involving allegations of copyright infringement.

**ANSWER:**

 

                                                                       FOWLER HIRTZEL MCNULTY & SPAULDING, LLP

Date: March 13, 2020               **By:**  _/s/ Gregory S. Hirtzel_

                                                                     Gregory S. Hirtzel, Esquire
                                                                     Benjamin P. Novak, Esquire
                                                                     Attorneys For Defendant
                                                                     Karns Prime and Fancy Food, Ltd.

## **CERTIFICATE OF SERVICE**

I, Donna M. McConnell, RP, Pa.C.P., an employee of the law office of Fowler Hirtzel McNulty & Spaulding, LLP do hereby certify that I caused a true and correct copy of ***Defendant Karns Prime and Fancy Food, Ltd's Request for Production of Documents Directed to Plaintiff (Set 2)*** to be served upon the following person(s) at the following address(es) by sending same via e-mail or United States First Class Mail on the date set forth below:

>Richard P. Liebowitz, Esquire
>Liebowitz Law Firm, PLLC
>11 Sunrise Plaza, Suite 305
>Valley Stream, NY  11580
>*Attorney for Plaintiff*
>
>Kevin M. Gold, Esquire
>Pillar Aught, LLC
>4201 East Park Circle
>Harrisburg, PA  17111
>*Personal Counsel for Defendant Karns Prime and Fancy Food, Ltd.*
>
>Lindsey E. Snavely, Esquire
>Pillar Aught, LLC
>4201 East Park Circle
>Harrisburg, PA  17111
>*Personal Counsel for Defendant Karns Prime and Fancy Food, Ltd.*

**FOWLER HIRTZEL McNULTY & SPAULDING, LLP**

Dated:  March 13, 2020       By: *Donna M. McConnell*
                                Donna M. McConnell, RP, Pa.C.P.
                                1860 Charter Lane, Suite 201
                                Lancaster, PA 17601-5865
                                (717) 553-2604

**From:** Google Calendar
**Importance:** Normal
**Subject:** ==Karns== 2nd Discovery Request Call Dial Up 712-770-4138 Access Code 893590#
**Start Date/Time:** Mon 4/13/2020 7:45:00 PM
**End Date/Time:** Mon 4/13/2020 8:45:00 PM
invite.ics

**You have been invited to the following event.**

# ==Karns== 2nd Discovery Request Call Dial Up 712-770-4138 Access Code 893590#

When    Mon Apr 13, 2020 3:45pm – 4:45pm Eastern Time - New York

Calendar    Joel Albrizio

Who
- rebecca.jones@adlife.com - organizer
- doug.fleurant@adlife.com
- Joel Albrizio
- richardpliebowitz@gmail.com
- jf@liebowitzlawfirm.com

**more details »**
Going (joel@adlife.com)?   **Yes** - **Maybe** - **No**   more options »

Invitation from Google Calendar

You are receiving this email at the account joel@adlife.com because you are subscribed for invitations on calendar Joel Albrizio.

To stop receiving these emails, please log in to https://www.google.com/calendar/ and change your notification settings for this calendar.

Forwarding this invitation could allow any recipient to send a response to the organizer and be added to the guest list, or invite others regardless of their own invitation status, or to modify your RSVP. Learn More.