# Exhibit 11

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA
HARRISBURG DIVISION

| | |
|---|---|
| ADLIFE MARKETING & COMMUNICATIONS COMPANY, INC.,<br><br>      Plaintiff,<br><br> - against –<br><br>KARNS PRIME AND FANCY FOOD, LTD. AND AD POST GRAPHICS MEDIA MARKETING, INC.,<br>      Defendants. | Case No.: 1:19-cv-01638-YK |

**PLAINTIFF ADLIFE MARKETING & COMMUNICATIONS COMPANY, INC.'S ANSWERS AND OBJECTIONS TO DEFENDANTS' SECOND SET OF INTERROGATORIES**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff Adlife Marketing & Communications Company, Inc. ("Plaintiff"), by its counsel, Liebowitz Law Firm, PLLC, hereby answers and objects to Defendants' Karns Prime and Fancy Food, Ltd. and Ad Post Graphics Media Marketing, Inc.'s Second Set of Interrogatories (the "Interrogatories," and each individually, a "Interrogatory") as follows:

**GENERAL OBJECTIONS**

Plaintiff makes the following General Objections to the Interrogatories. These General Objections apply to each of the Interrogatories, set forth immediately below, and are incorporated therein by reference. The Specific Objections, even if the same or similar, do not waive the General Objections. Answering any Specific Interrogatory shall not be construed as an admission that the Defendants is entitled to any response more specific than provided:

1.      Plaintiff objects to Instructions, Definitions, and Interrogatories that impose duties or obligations beyond, or inconsistent with, those set forth in Local Rules and the Federal Rules.

2.      Plaintiff objects to the extent the Interrogatories seek information outside the scope of this proceeding. To the extent that the information sought is not relevant nor proportional to the needs of the case, the Plaintiff objects. Similarly, if the interrogatory is vague, ambiguous, the Plaintiff objects.

3.      Plaintiff objects to Interrogatories to the extent they seek information that is not within Plaintiff's possession, custody or control.

4.      Plaintiff objects to the extent the information sought is already in Defendants', or third party's possession, custody or control, or is publicly available.

5.      Plaintiff objects to the extent the information is duplicative or redundant and the burden of deriving and ascertaining the answers is the same or similar for the Defendants as for the Plaintiff.

6.      Plaintiff objects to the extent information sought is protected by attorney-client privilege, work-product doctrine. Inadvertent disclosure thereof will not waive the privilege or similar protection from discovery.

7.      Plaintiff objects to the extent the information sought is subject to confidentiality duty to a non-party.

8.      Plaintiff objects to the extent information sought assumes disputed facts and legal conclusions.

9.      In answering, the Plaintiff does not waive and expressly reserves all objections.

10.     The answers are based on Plaintiff's current knowledge and best efforts to secure the information sought. Plaintiff reserves the right to supplement the information.

## SPECIFIC ANSWERS AND OBJECTIONS

Interrogatory No. 1: *For the period following January 1, 2015, identify each and every letter, email, fax, and other communication sent by or on behalf of Adlife in which demand is made for money on account of copyright infringement.*
*a. With respect to each such letter, email, fax, and other communication, identify:*
*i. The specific date on which it was sent;*
*ii. the addressee;*
*iii. the amount of money demanded for copyright infringement.*

**Answer to Interrogatory No. 1**: Plaintiff objects to Interrogatory No. 1 on grounds that it is overly broad.  Plaintiff further objects on grounds that Interrogatory No. 1 seeks information that is disproportionate to the needs of the case, immaterial to any claim or defense in this action and not calculated to lead to the discovery of admissible evidence at trial. Plaintiff does not have any information responsive to Interrogatory No. 1 respecting the infringement at issue in this action.  Accordingly, no further response is required.

Interrogatory No. 2: *For the period you allege is relevant to the Complaint, identify the amount of revenue generated for Adlife by the photos you allege Defendant infringed.*

**Answer to Interrogatory No. 2**: Plaintiff charges a flat subscription rate of $999.00 per month for use of the photographs; however, it charges $8000.00 per work for unauthorized use.

Interrogatory No. 3: *State the amount of financial and/or economic detriment Plaintiff has suffered on account of the copyright infringement you allege in the complaint, and provide all documents relied upon in providing your answer to this question.*

**Answer to Interrogatory No. 3:** Plaintiff charges a flat subscription rate of $999.00 per month for use of the photographs; however, it charges $8000.00 per work for unauthorized use.

Interrogatory No. 4: *Identify by court term and docket number each and every civil action commenced by or on behalf of Plaintiff in the past five years which concerned in whole or in part allegations by Plaintiff of copyright infringement or intellectual property violations.*

**Answer to Interrogatory No. 4:** Plaintiff objects to Interrogatory No. 1 on grounds that it is overly broad.  Plaintiff further objects on grounds that Interrogatory No. 1 seeks information that is disproportionate to the needs of the case, immaterial to any claim or defense in this action and not calculated to lead to the discovery of admissible evidence at trial. Plaintiff further objects on grounds that such information is equally accessible to Defendant.  Accordingly, no further response is required.

Dated: April 13, 2020

LIEBOWITZ LAW FIRM, PLLC

**By: /s/richardliebowitz**
Richard P. Liebowitz
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
Tel: (516) 233-1660
rl@LiebowitzLawFirm.com

*Attorney for Plaintiff Adlife Marketing & Communications Company, Inc.*

## VERIFICATION

Pursuant to Rule 33(b)(5) of the Federal Rules of Civil Procedure ("Federal Rules"), I, JOEL ABRIZIO certify that I have read Plaintiff's Answers and Objections to Defendant's First Set of Interrogatories, dated April 13, 2020, and know the contents thereof, and the same are true and accurate to the best of my knowledge, information and/or good faith belief.

April 14, 2020

*Joel M. Albrizio*
_____
JOEL ALBRIZIO

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that a true and correct copy of the foregoing PLAINTIFF ADLIFE MARKETING & COMMUNICATIONS COMPANY, INC.'S ANSWERS AND OBJECTIONS TO DEFENDANTS' SECOND SET OF INTERROGATORIES has been served via e-mail on April 14, 2020 to counsel listed below.

GREGORY S. HIRTZEL, ESQ.
E-MAIL: ghirtzel@fhmslaw.com
BENJAMIN P. NOVAK, ESQ.
E-MAIL: bnovak@fhmslaw.com
1860 CHARTER LANE, SUITE 201
LANCASTER, PA 17601
P:717-553-2604
F:717-229-1239

*Attorneys for Defendants*

                                                 **By: /richardpliebowitz/**
Richard P. Liebowitz
Liebowitz Law Firm PLLC
rl@liebowitzlawfirm.com



Audit Trail

| | |
|---|---|
| **TITLE** | Albrizio Verification: Adlife v. Karns |
| **FILE NAME** | Adlife's Response...ories 4.13.20.pdf |
| **DOCUMENT ID** | 903ac7054d9ee2af6af4cf6ea22ca502e94b58ed |
| **AUDIT TRAIL DATE FORMAT** | MM / DD / YYYY |
| **STATUS** | ● Completed |

Document History

**04 / 14 / 2020**
19:55:15 UTC-5
SENT

Sent for signature to Joel Albrizio (joel@adlife.com) from dh@liebowitzlawfirm.com
IP: 68.173.54.122

**04 / 14 / 2020**
19:56:19 UTC-5
VIEWED

Viewed by Joel Albrizio (joel@adlife.com)
IP: 98.229.202.163

**04 / 14 / 2020**
19:57:20 UTC-5
SIGNED

Signed by Joel Albrizio (joel@adlife.com)
IP: 98.229.202.163

**04 / 14 / 2020**
19:57:20 UTC-5
COMPLETED

The document has been completed.

Powered by HELLOSIGN