IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ADLIFE MARKETING &** : | |
| **COMMUNICATIONS COMPANY, INC.,** : | |
|     **Plaintiff** : | |
| : | No. 1:19-cv-01638 |
| v. : | |
| : | (Judge Kane) |
| **KARNS PRIME AND** : | |
| **FANCY FOOD LTD,** : | |
|     **Defendant** : | |

**ORDER**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS**:

Presently before the Court is Plaintiff Adlife Marketing & Communications Company, Inc. ("Plaintiff" or "Adlife")'s motion for reconsideration (Doc. No. 64) of this Court's Order of February 23, 2021, in which the Court dismissed the above-captioned action pursuant to Federal Rule of Civil Procedure 41(b) and the relevant factors set forth in Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984) (Doc. No. 60). For the reasons that follow, the Court will deny Plaintiff's motion.

Plaintiff initiated the above-captioned action on September 23, 2019 by filing a complaint in this Court asserting a claim of copyright infringement in violation of the Copyright Act, 17 U.S.C. § 101, et seq. (Doc. No. 1.) Defendant Karns Prime & Fancy Food LTD ("Defendant") filed an answer to the complaint on November 14, 2019 (Doc. No. 10), after which the Court scheduled a case management conference (Doc. No. 11). At the case management conference on February 3, 2020, the Court set a close of fact discovery deadline of August 4, 2020 and the parties agreed that the final date for amending pleadings would be March 1, 2020. (Doc. Nos. 15, 16.)

On July 27, 2020, Plaintiff's counsel Richard Liebowitz filed with this Court a copy of a June 26, 2020 Opinion and Order from the United States District Court for the Southern District

of New York in which Mr. Liebowitz was severely sanctioned for a history of egregious dilatory conduct including failure to comply with court orders and false statements.  (Doc. No. 29.)  The sanction order included a directive requiring Mr. Liebowitz to file a copy of the Opinion and Order on the docket in any of his pending cases, including the instant action, as well as to serve a copy on all his clients, including Plaintiff.  (Id. at 54.)  On August 4, 2020, discovery closed.  Subsequently, Defendant submitted a status report in which it averred that Plaintiff had been noncompliant with discovery requests until finally producing approximately three hundred (300) pages of discovery after the deadline had passed.  (Doc. No. 30 at 2.)  Defendant further averred that Plaintiff failed to respond or in any way communicate with Defendant regarding the status report (id. at 1), despite the Court's February 3, 2020 case management Order which directed the parties to meet and confer following the close of discovery and submit a joint status report (Doc. No. 16).  Defendant then filed a motion for summary judgment on August 19, 2020.  (Doc. No. 31.)

The Court held a post-discovery status conference with the parties on August 24, 2020.  (Doc. Nos. 34, 35.)  During this conference, Mr. Liebowitz acknowledged for the first time that he was not admitted to practice law in the Middle District of Pennsylvania and averred that he would seek special admission pro hac vice by the end of that week.  In light of these representations, the Court stayed the above-captioned action "pending the entry of an appearance of counsel for Plaintiff who is qualified to appear on behalf of Plaintiff."  (Doc. No. 35.)  Mr. Liebowitz never sought special admission and this action remained stayed.  Ultimately, on October 30, 2020, Defendant filed a motion to dismiss for failure to prosecute pursuant to Rule 41(b) along with a brief in support, in which Defendant averred that the conduct of Plaintiff and Plaintiff's counsel throughout the litigation of this action, including the lack of any attempt to seek special admission

or substitute qualified counsel after the Court imposed a stay, had severely prejudiced Defendant and that dismissal was the only appropriate sanction. (Doc. Nos. 36, 37.) Following full briefing on the motion (Doc. Nos. 37, 41, 44), the Court issued a Memorandum and Order on February 23, 2021, granting Defendant's motion to dismiss and closing this case (Doc. Nos. 59, 60).

In the Court's Memorandum, it considered the record of Plaintiff's misconduct in the above-captioned action and engaged in a thorough analysis of the applicable Poulis factors that would justify dismissal under Rule 41(b). (Doc. No. 59 at 7-12.) Specifically, the Court determined that:

> in evaluating the history of Plaintiff and Mr. Liebowitz's conduct in this case, as well as the relationship between Plaintiff and Mr. Liebowitz in general, the Court does not find that this is the case of 'an innocent client suffering the sanction of dismissal due to dilatory counsel whom it hired to represent it.'

(Id. at 8) (quoting Adams v. Trustees of the N.J. Brewery Employees' Pension Trust Fund, 29 F.3d 863, 870 (3d Cir. 1994)). Rather, the Court noted that Plaintiff retained Mr. Liebowitz to represent it in over forty copyright disputes—just over half of its litigation docket over the past three years—despite Mr. Liebowitz's highly public and well-documented history of serious misconduct. (Id. at 8-10.) The Court further determined that, in the alternative, the remaining Poulis factors supported dismissal regardless of its determination regarding Plaintiff's responsibility. (Id. at 10 n.6.) Specifically, the Court found that: (1) Defendant had been prejudiced because Plaintiff's noncompliance with discovery obligations and lack of clarity surrounding the allegations of this case impeded Defendant's ability to mount a defense (id. at 10-11); (2) there was a history of dilatoriness and bad faith (id. at 11); (3) alternative sanctions would be ineffective (id. at 11-12); and (4) the meritoriousness of Plaintiff's claims was unclear (id. at 12).

Defendant subsequently filed a motion for attorneys' fees as a prevailing party in the action.[1]  (Doc. No. 62.)  On March 15, 2021, Plaintiff filed a motion for reconsideration of the Court's dismissal, along with a brief in support.  (Doc. Nos. 64, 65.)  Defendant filed a brief in opposition on April 6, 2021 (Doc. No. 76), and Plaintiff filed a reply on April 12, 2021 (Doc. No. 77).  Having been fully briefed, the motion is ripe for disposition.

Pursuant to Federal Rules of Civil Procedure 59(e) and 60(b), a court may alter or amend a prior judgment upon a showing of: "(1) an intervening change in the controlling law; (2) the availability of new evidence . . . or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  See Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).  Because of the interest in finality of judgments, however, courts grant motions for reconsideration sparingly.  See Rottmund v. Continental Assur. Co., 813 F. Supp. 1104, 1107 (E.D. Pa. 1992) (citing Good Luck Nursing Home, Inc. v. Harris, 636 F.2d 572, 577 (D.C. Cir. 1980)).  A motion for reconsideration may not be used to argue unsuccessful theories or to argue new facts or issues that were not presented to the Court in the context of the matter previously decided.  See Drysdale v. Woerth, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001).  Relevant here, it is also well established that a movant is forbidden from using a motion for reconsideration "to put forward additional arguments which [the movant] could have made [but] neglected to make before judgment."  See, e.g., Dodge v. Susquehanna Univ., 796 F. Supp. 829, 830 (M.D. Pa. 1992)(citing Davis v. Lukhard, 106 F.R.D. 317, 318 (E.D. Va. 1984), vacated on other grounds, 788 F.2d 983 (4th Cir. 1986)); Reich v. Compton, 834 F. Supp. 753, 755 (E.D. Pa. 1993), rev'd in part on other grounds, 57 F.3d 270 (3d

---

[1] The Court will address Defendant's motion for fees by separate Order.

Cir. 1995); Smith v. City of Chester, 155 F.R.D. 95, 97 (E.D. Pa. 1994); United States v. Jasin, 292 F. Supp. 2d 670, 693 (E.D. Pa. 2003).

In support of the instant motion, Plaintiff argues that reconsideration is appropriate because it was unaware of Mr. Liebowitz's history of misconduct in general and misconduct in this case in particular. (Doc. No. 65 at 2-3.) Plaintiff asserts that it was not served with the Opinion and Order of June 26, 2020 from the United States District Court for the Southern District of New York sanctioning Mr. Liebowitz and was not informed there were any problems with Mr. Liebowitz's representation or ability to practice before this Court.[2] (Id. at 6.) Essentially, Plaintiff's primary argument in support of reconsideration is that it is innocent of any misconduct in this case and that the Court erred in its Poulis analysis to the contrary. (Id. at 13-15.) In response, Defendant argues that Plaintiff had the opportunity to present the same arguments and evidence it now attempts to present to the Court during the Court's consideration of Defendant's motion to dismiss. (Doc. No. 73 at 5-8.) In the alternative, Defendant asserts that the Court's dismissal of this case is justifiable on the balance of the remaining Poulis factors regardless of Plaintiff's personal responsibility. (Id. at 18-19.)

The Court agrees with Defendant that reconsideration is not appropriate in this case. As an initial matter, the Court previously found that the remaining Poulis factors supported dismissal of this case regardless of its determination as to Plaintiff's personal responsibility. (Doc. No. 59 at 10 n.6.) Further, Plaintiff itself acknowledges that, at a minimum, on August 21, 2020, its CEO

---

[2] The Court notes that although Plaintiff alleges generally that it was not served with the sanction Opinion and Order, it specifically states that none of Plaintiff's relevant contacts "ever received an email from Mr. Liebowitz on July 27, 2020 or any other date serving them with the decision . . . ." (Doc. No. 65 at 6) (emphasis added). The Court further notes that, as Plaintiff acknowledges, email was not the only potential method of service available to Mr. Liebowitz. (Id.)

became aware of the August 18, 2020 decision of the United States District Court of the Northern District of New York in Adlife Mktg. & Communs. Co. v. Buckingham Bros., LLC, No. 5:19-CV-0796, 2020 WL 4795287, at *10 n.10 (N.D.N.Y. Aug. 18, 2020), in which the court similarly dismissed Plaintiff's case after detailing Mr. Liebowitz's extensive history of litigation misconduct. (Doc. No. 66 ¶¶ 20-21.) That decision specifically references the sanction Opinion and Order of June 26, 2020 and the requirement that Mr. Liebowitz serve a copy on his clients as well as Mr. Liebowitz's history of misconduct generally, including his penchant for filing cases in courts where he is not admitted to practice—the same misconduct he exhibited in this case. See Buckingham Bros., 2020 WL 4795287, at *8-12 and n.9. Accordingly, the Court cannot accept Plaintiff's argument that it was unaware of Mr. Liebowitz's history of misconduct or any issues with his representation when, by Plaintiff's own admission, its CEO reviewed a decision of another court that detailed this extensive history and dismissed Plaintiff's own case at least three days prior to the case management conference in this action that resulted in a stay of proceedings. See Adams, 29 F.3d at 872 (determining that "[w]here a client had or should have had independent knowledge of the delinquency that was the grounds for dismissal, we have held notice and hearing are not required").

Furthermore, the declarations and arguments presented in support of the instant motion could have been raised prior to the entry of judgment in this action. Indeed, Plaintiff sought leave to file a supplemental brief in opposition to Defendant's motion to dismiss presenting similar arguments but failed to comply with the local rules of this Court with respect to that filing. (Doc. No. 59 at 4-5.) As noted, supra, a motion for reconsideration may not be used to relitigate unsuccessful theories or to argue new facts or issues that were not presented to the Court in the context of the matter previously decided. See Drysdale, 153 F. Supp. 2d at 682. Upon review of

the record and the applicable law, the Court finds no basis on which it should reconsider its previous decision. Accordingly, the Court will deny Plaintiff's motion for reconsideration.

**AND SO**, on this 11th day of May 2021, **IT IS ORDERED THAT** Plaintiff's motion for reconsideration (Doc. No. 64) is **DENIED**.  The above-captioned action shall remain **CLOSED**.

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania
