IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ADLIFE MARKETING &** : <br> **COMMUNICATIONS COMPANY, INC.,** : <br>     **Plaintiff** : <br> : <br> v.  : <br> : <br> **KARNS PRIME AND** : <br> **FANCY FOOD LTD,** : <br>     **Defendant** : | No. 1:19-cv-01638 <br><br> (Judge Kane) |

**ORDER**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Presently before the Court is Defendant Karns Prime and Fancy Food LTD ("Defendant")'s motion for attorneys' fees. (Doc. No. 62.) For the reasons that follow, the Court will deny Defendant's motion.

Plaintiff Adlife Marketing & Communications Company, Inc. ("Plaintiff") initiated the above-captioned action on September 23, 2019 by filing a complaint in this Court asserting a claim of copyright infringement in violation of the Copyright Act, 17 U.S.C. § 101, et seq. (Doc. No. 1.) Defendant filed an answer to the complaint on November 14, 2019 (Doc. No. 10), after which the Court scheduled a case management conference (Doc. No. 11). At the case management conference on February 3, 2020, the Court set a close of fact discovery deadline of August 4, 2020 and the parties agreed that the final date for amending pleadings would be March 1, 2020. (Doc. Nos. 15, 16.)

On July 27, 2020, Plaintiff's counsel Richard Liebowitz filed with this Court a copy of a June 26, 2020 Opinion and Order from the United States District Court for the Southern District of New York in which Mr. Liebowitz was severely sanctioned for a history of egregious dilatory conduct including failure to comply with court orders and false statements. (Doc. No. 29.) The

sanction order included a directive requiring Mr. Liebowitz to file a copy of the Opinion and Order on the docket in any of his pending cases, including the instant action, as well as to serve a copy on all his clients, including Plaintiff. (Id. at 54.) On August 4, 2020, discovery closed. Subsequently, Defendant submitted a status report in which it averred that Plaintiff had been noncompliant with discovery requests until finally producing approximately three hundred (300) pages of discovery after the deadline had passed. (Doc. No. 30 at 2.) Defendant further averred that Plaintiff failed to respond or in any way communicate with Defendant regarding the status report (id. at 1), despite the Court's February 3, 2020 case management Order which directed the parties to meet and confer following the close of discovery and submit a joint status report (Doc. No. 16). Defendant then filed a motion for summary judgment on August 19, 2020. (Doc. No. 31.)

The Court held a post-discovery status conference with the parties on August 24, 2020. (Doc. Nos. 34, 35.) During this conference, Mr. Liebowitz acknowledged for the first time that he was not admitted to practice law in the Middle District of Pennsylvania and averred that he would seek special admission pro hac vice by the end of that week. In light of these representations, the Court stayed the above-captioned action "pending the entry of an appearance of counsel for Plaintiff who is qualified to appear on behalf of Plaintiff." (Doc. No. 35.) Mr. Liebowitz never sought special admission and this action remained stayed. Ultimately, on October 30, 2020, Defendant filed a motion to dismiss for failure to prosecute pursuant to Rule 41(b) along with a brief in support, in which Defendant averred that the conduct of Plaintiff and Plaintiff's counsel throughout the litigation of this action, including the lack of any attempt to seek special admission or substitute qualified counsel after the Court imposed a stay, had severely prejudiced Defendant and that dismissal was the only appropriate sanction. (Doc. Nos. 36, 37.) Following full briefing

on the motion (Doc. Nos. 37, 41, 44), the Court issued a Memorandum and Order on February 23, 2021, granting Defendant's motion to dismiss and closing this case (Doc. Nos. 59, 60).

Defendant subsequently filed the instant motion for attorneys' fees as a prevailing party in the action, along with a brief in support. (Doc. Nos. 62, 63.) After being granted an extension of time to file a response (Doc. No. 72), Plaintiff filed its opposition to Defendant's motion for attorneys' fees on April 6, 2021 (Doc. No. 76.) Defendant filed a reply on April 20, 2021. (Doc. No. 78.) Having been fully briefed, the motion is ripe for disposition.

Pursuant to Section 505 of the Copyright Act, a district court in its discretion "may allow the recovery of full costs by or against any party other than the United States or an officer thereof." See 17 U.S.C. § 505. The Court may also "award a reasonable attorney's fee to the prevailing party as part of the costs." See id. A party may be considered "prevailing" where the party has succeeded "on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." See Am. Bd. of Internal Med. v. Von Muller, 540 F. App'x 103, 106 (3d Cir. 2013). A defendant in a copyright action is generally considered a prevailing party following a dismissal with prejudice. See, e.g., BWP Media USA, Inc. v. Gossip Cop Media, LLC, No. 13-CV-7574, 2015 WL 321877, at *4 (S.D.N.Y. Jan. 26, 2015)("A dismissal under Rule 41(a) is unlike a dismissal with prejudice under Rule 41(b), which enables the defendant to say that he has 'prevailed'") (internal citation omitted). However, "[e]ven prevailing parties are not automatically entitled to attorneys' fees." See Von Muller, 540 F. App'x at 106. In considering whether to award fees and costs, courts consider various factors, including, but not limited to "frivolousness, motivation, objective unreasonableness [of the case] and the need in particular circumstances to advance considerations of compensation and deterrence." See Fogerty v. Fantasy, Inc., 114 S. Ct. 1023, 1033 (1994).

In support of the instant motion, Defendant argues that the Court should award Defendant attorneys' fees because "(1) [Plaintiff's] case was objectively unreasonable in the factual sense, (2) [Plaintiff] and its chosen counsel engaged in litigation misconduct, and (3) the objectives of compensation and deterrence are furthered by an award of attorneys' fees." (Doc. No. 63 at 12.) Defendant predominately focuses on Plaintiff's misconduct in this case and argues at length that attorneys' fees are necessary to deter Plaintiff "from the litigation conduct exemplified by the record in this case and the legion of reported cases involving [Plaintiff] and Mr. Liebowitz which has preceded it." (Id. at 14-16.) In response, Plaintiff argues that Defendant's motion is procedurally deficient because it does not contain an amount of fees sought and should be denied on the merits because "[Plaintiff] had a meritorious copyright infringement case." (Doc. No. 76 at 1.) Further, Plaintiff argues that "[p]enalizing [Plaintiff] with a fee award to [Defendant] would not advance considerations of compensation and deterrence" and proposes that, if the Court believes an award of attorneys' fees is warranted, "then Mr. Liebowitz and his law firm should be solely liable, or alternatively Mr. Liebowitz and his firm should be held jointly and severally liable for any fee award against [Plaintiff]." (Id. at 1-2.)

The Court agrees with Plaintiff that an award of fees is not appropriate in this case. As an initial matter, the Court notes that it considered the imposition of fees and costs as an alternative sanction to dismissal when it ruled on Defendant's motion to dismiss. (Doc. No. 59 at 11-12.) Indeed, the Court specifically found that dismissal was necessary instead of the imposition of alternative sanctions because "Mr. Liebowitz has been required to pay fines, attorneys' fees, and costs to the tune of hundreds of thousands of dollars" but "[did] not appear to have been deterred by any of these sanctions." (Id.) Therefore, a determination that an award of fees is necessary to compensate Defendant and deter Plaintiff from future conduct would undercut the Court's prior

4

finding.  An award of attorneys' fees also strikes the Court as overly punitive.  Although sought pursuant to the relevant statute rather than explicitly as a sanction, Defendant's arguments in support of its motion are essentially that a fee award is necessary to sanction Plaintiff for litigation misconduct.  However, Plaintiff has already been sanctioned for the misconduct in this case—the case was dismissed.  Further, the Court cannot conclude that Plaintiff's case was objectively unreasonable in a factual sense, as urged by Defendant.  Therefore, upon consideration of the record and the applicable law, the Court declines to exercise its discretion to award attorneys' fees in this action.  Accordingly, the Court will deny Defendant's motion for fees.

**AND SO**, on this 11th day of May 2021, **IT IS ORDERED THAT** Defendant's motion for attorneys' fees (Doc. No. 62) is **DENIED**.

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania